IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGINALD ROBERT** | * | CIVIL ACTION 2:18-cv-11632 |
| **VERSUS** | * | SECTION |
| **JAMIE MAURICE** | * | JUDGE |
| **KNIGHT TRANSPORTATION, INC.,** | * | |
| **ABC INSURANCE COMPANY AND** | * | MAGISTRATE |

**************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, REGINALD ROBERT, a person of the full age of majority and resident and domiciliary of the Parish of Orleans, State of Louisiana who respectfully submit the following Complaint:

### INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about November 28, 2018, in the Parish of Orleans, State of Louisiana

2.

Made Defendants herein are:

A. JAIME MAURICE (Defendant "MAURICE"), is a person of the full age of majority, resident and domiciliary of the County of Long Beach, State of Mississippi, but within the jurisdiction of this Honorable Court.

B. KNIGHT TRANSPORTATION, INC., (Defendant "KNIGHT"), a foreign corporation upon information and belief, incorporated in a State other than the State of Louisiana, but otherwise licensed to do and/or doing business in the Parish of Orleans, State of Louisiana and within the jurisdiction of this Honorable Court.

C. ABC INSURANCE COMPANY, (Defendant "ABC"), a fictitious name which is being used until the true identity of said insurance company can be ascertained, is upon information and belief, a corporation organized under the laws of a State other than the State of Louisiana, licensed to do and/or doing business in the State of Louisiana, Parish of Orleans and within the jurisdiction of this Honorable Court.

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over this proceeding pursuant to 28 USC 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000.00 exclusive of interest and cost.

2.

Venue is proper in this Court pursuant to 28 USC 1391 (b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## FACTS

3.

On or about November 28, 2018, Reginald Robert was operating a 2014 Toyota Tundra and traveling Eastbound on US 90 in New Orleans, Louisiana.

4.

Plaintiff Reginald Robert had guest passengers Derrick Benn, Marlene Alvis and Theresa Henry  seated in his vehicle at the time of the crash on November 28, 2017.

5.

At the same date and time, Defendant Maurice was driving a 2015 Volvo Tractor Trailer (18 wheeler) and was attempting to merge onto US 90 from the onramp.

6.

Defendant Maurice negligently failed to keep a proper lookout and abruptly merged onto from the on-ramp and into the third lane of US 90 where the plaintiffs were traveling, causing his vehicle to enter Plaintiff's lane of travel and violently with full force of impact, collide with Plaintiff's vehicle.

7.

Asa result of Defendant, Maurice colliding with the Robert vehicle, Reginald Robert and his passengers were violently jolted inside the vehicle.

8.

The vehicle being driven by Defendant Maurice was owned by Defendant Knight Transportation Inc., and Defendant Maurice was within the course and scope of his employment with Knight Transportation, Inc., when he crashed into the vehicle containing Plaintiff.

## FAULT OF JAIME MAURICE

9.

The above described November 28, 2017 motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Maurice which negligence includes but is not limited to the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to property merge;

h) Failure to properly change lanes;

i) Failure to see what should have been seen;

j) Improper lane usage;

k) Operation of the vehicle in a reckless and/or negligence manner;

l) Acting in violation of the laws of the State of Louisiana and/or Parish of Orleans, all of which acts may be properly proven at the trail of this matter; and

m) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## LIABILTY OF KNIGHT TRANSPORATION INC.

10.

As a result of the foregoing, and as per applicable Louisiana law, including, but not limited to the Doctrines of Respondeat Superior, negligent entrustment, negligent hiring, training and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep and/or master-servant doctrines, said Knight Transportation, Inc., is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant, Maurice.

## LIABILITY OF ABC INSURANCE

11.

ABC Insurance Company, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Knight Transportation Inc., as owner and Defendant, Maurice as operator of the insured vehicle for his negligence in connection with the November 28, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, Knight Transportation, Inc., has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability of Defendant Maurice and Knight Transportation, Inc.

## DAMAGES

12.

As a result of said November 28, 2017, motor vehicle collision, Mr. Reginald Robert suffered personal and bodily injuries including, but not limited to injuries to her neck and back.

All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

13.

Mr. Reginald Robert's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Maurice and his failure to operate his vehicles in a proper, prudent and safe manner.

14.

As a result of the motor vehicle collision at issue, Mr. Reginald Robert suffered severe physical and mental injuries as well as inconvenience, entitled him to recover damages including, but not limited to:

a) Past, present and future mental pain and suffering;

b) Past, present and future pain and suffering;

c) Past, present and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present and future lost earnings;

g) Loss of earning capacity;

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiff, REGINALD ROBERT prays that Defendants, ABC INSURANCE COMPANY, KNIGHT TRANSPORTATION, INC., AND JAIME MAURICE be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiff and against Defendant in an amount of damages reasonable and found reasonable at trial, including penalties and attorneys fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

Respectfully submitted,

BY_____

MOTTA LAW, LLC
VANESSA MOTTA (#36915)
822 Baronne Street
Suite 200
New Orleans, LA  70113
Ph: 504-500-7246
Facsimile: 504-513-3122
Email:  vanessa@mottalaw.com
Counsel for Plaintiff