**MINUTE ENTRY**
**ROBY, M.J.**
**2/19/2020**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO.  18-11632** |
| **JAMIE MAURICE** | **SECTION: "G" (4)** |

LAW CLERK:            Destinee N. Andrews
COURT REPORTER:     Nichelle Drake

Appearances:       **Vanessa Motta** for Plaintiff.
                    **Nathan M. Gaudet** for Defendants.

### MINUTE ENTRY & ORDER

Before the Court is a **Motion to Quash Subpoena Duces Tecum and/ or for Protective Order (R. Doc. 39)** filed by the Defendants seeking an order quashing the second subpoena duces tecum issued by Plaintiff, Reginald Robert, commanding the production of Jamie Maurice's cell phone records from Sprint Spectrum, LP. The motion is opposed. R. Doc. 46. The motion was heard by oral argument on February 19, 2020.

### I.    Background

Plaintiff Reginald Robert ("Robert") filed the instant action in the United States District Court on November 27, 2018. R. Doc. 1. This litigation is one of many that arises from tractor-trailer and passenger-vehicle collisions that occurred on Interstate US 90, which alleges an improper lane merge at the fault of the driver of the tractor-trailer. R. Doc. 1, p. 3. Plaintiff alleges this specific incident occurred on November 28, 2017, where the tractor-trailer operated by driver Defendant Jamie Maurice ("Maurice), and on behalf of Defendant Knight Transportation, Inc. ("Knight"), side-swiped a 2014 Toyota Tundra driven by Robert. *Id.* Plaintiff further avers

MJSTAR: 00:08

Defendant Knight is liable as the collision occurred while Maurice was acting within the course and scope of his employment with Knight Transportation, Inc. *Id.* Defendants maintain that the accident, injuries, and damages of Plaintiff was caused by the Plaintiff. R. Doc. 23.

On September 26, 2019, the District Judge granted partial summary judgment as to Plaintiff's cause of action alleging direct negligence of Knight Transportation, for negligent entrustment, hiring, training, and supervision. R. Doc. 26. Plaintiff's remaining claims pertains solely to the alleged negligence of Jamie Maurice and Knight Transportation's vicarious liability. *See* R. Doc. 1.

As to this instant motion, Defendants seek an order quashing a subpoena directed to Sprint Spectrum, LP that seeks a week of Maurice's cell phone records. R. Doc. 39. Defendants aver that only Mr. Maurice's actions, on November 28, 2017, are at issue in this litigation. *Id.* Plaintiff contends a one-week period is necessary to show when Mr. Maurice spoke to certain members of Knight Transportation or the insurance company and provided them with statements as to what occurred in this accident. R. Doc. 46, p. 8. The parties also dispute the substantive scope of the subpoena.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

In addition, "[b]oth Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the

2

parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Wilkinson, M.J.).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Furthermore, under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

### III.   Analysis

Plaintiff contends that he believes that the phone records will show when exactly Mr. Maurice provided a formal statement. R. Doc. 46, p. 8. Plaintiff further contends that these statements are necessary to demonstrate that no statements have been found at the scene of the accident or in the claims file by Maurice that would support Defendants' contention that Plaintiff struck Mr. Maurice's vehicle intentionally. *Id.* Plaintiff ultimately contends that this information is necessary where written discoveries and deposition testimony has not proved fruitful at showing

when Mr. Maurice made his statement to Knight Transportation and the insurance company. R. Doc. 46, p. 9.

Defendants contend that they are not aware of any written or recorded statements given by Mr. Maurice regarding the subject accident beyond the handwritten statement included in the police report that Defendants have already produced and his deposition testimony. R. Doc. 62, p. 2. Defendants finally contend that they have agreed to a more limited subpoena narrowed to just the date of the incident to support Mr. Maurice's statement that he was no on his phone at the time in question. R. Doc. 62, p. 2.

The subpoena sent to Sprint requests Mr. Maurice's cell phone records from November 28, 2017 to December 5, 2017. R. Doc. 39-5. Specifically, the Plaintiff seeks:

1) Cell site(s) activation(s);
2) Number(s) dialed and sent and/or received text messages;
3) Incoming number(s), if identified;
4) Subscriber(s) Electronic Serial Number (E.S.N.) and billing information for the specified cellular/wireless telephone, or, any telephone number(s) revealed from these record(s);
5) An engineering map; showing all cell-site tower location(s), sectors, and orientation(s). And, a list of any and all applicable cellular site(s), number(s), location(s), address(es), latitude and longitude of any said site(s). Also, that cellular site(s)' list(s) latitude(s) and longitude(s), be provided in electronic format;
6) Subscriber(s) E.S.N., and billing information for any other cellular/wireless telephone(s) on this account, or, that may be identified from these records;
7) Should this cellular/wireless, Mobile Identification Number (M.I.N.)/E.S.N., or combination, be changed by the subscriber(s) during the course of this order, this request will apply to any new M.I.N./E.S.N.;
8) That, with applicable format(s), that the provider(s) supply upon specific request(s) International Mobile Subscriber Identity number (I.M.S.I.), when applicable, and also will provide Temporary Mobile Subscriber Identity number (T.M.S.I.) information as often and/or frequent as it should change, if applicable and upon specific request(s);

9)    That all call detail, subscriber, numeric message(s), alpha-numeric message(s), and any related record(s) and/or access be provided, upon specific request of specific date from specific time period(s) within the confines of this request, in an electronic format specified. Also, that the record(s)/data be forwarded;

10)    This request will apply to the actual physical analysis by agent(s)/designee(s), as necessary for the collection of said data and/or information, of the actual telecommunications device (cellular phone, page, etc.), itself, associated with the number(s), account(s), etc. which is the target of this request;

11)    This request will apply to any and all company(ies) which may provide and/or carry wireless/telecommunication service(s) for the target mobile number(s). This may be required because of number portability and/or if the original carrier is modified due to roaming and/or other consideration(s)/reason(s);

12)    You are also requested to produce a map showing "call processing handovers" for the day, time and phone at issue.

*Id.*

Defendants, in response to discovery requests, have provided Plaintiff with Knight Transportation Services Accident / Incident Detail Entry Report ("Detailed Entry Report"). R. Doc. 46-5. That report indicates that the drive, Jamie Maurice, made a report on the day of the incident, November 28, 2017, at 12:40, ten minutes after the 12:30 accident. *Id.* According to Knight Transportation, Mr. Maurice did not physically input the information displayed in the Detailed Entry Report. R. Doc. 62, p. 3. Defendants have also provided to Plaintiff Jamie Maurice's report made to police officers on November 28, 2017 at 1:50 p.m. R. Doc. 46-4. According to Knight Transportation, no other statements, beyond Maurice's deposition testimony, were made by Maurice concerning the accident. *See* R. Doc. 62.

Plaintiff already knows what time driver Maurice gave his two statements—12:40 p.m. and 1:50 p.m. both on the day of the incident. If Plaintiff's sole contention as to the relevance of his

cell phone records are to show when Maurice made his statements, it is unclear what information that Plaintiff expect to gain that Defendants have not already provided Plaintiff. Plaintiff's argument then fails to demonstrate why this discovery is necessary when it is cumulative and duplicative of evidence they have already gathered. *See Rivera v. Robinson*, No. CV 18-14005, 2019 WL 6134190, at *3 (Roby, K.) (E.D. La. Nov. 19, 2019) (granting Defendants' motion to quash unnecessarily cumulative and duplicative discovery) (citing Federal Rule of Civil Procedure 26(b)(2)); *see also Benson v. Rosenthal*, No. CV 15-782, 2016 WL 1046126, at *9 (E.D. La. Mar. 16, 2016) (granting motion to quash unreasonably cumulative and duplicate subpoena requests).

Still, considering the fact that Defendant driver Maurice has stated on multiple occasions he does not remember the precise numbers and times that he made statements, some of the phone information has relevance. Both statements made by Mr. Maurice occurred on the day of the incident. Knight Transportation has further agreed to this limited temporal scope. In fact, at the hearing, Defendants conceded to the day of and the day after the incident being potentially relevant. As such, the Court finds that the subpoena should be modified to reflect just the day of the incident, November 28, 2017, and the day after the incident, November 29, 2017.

Finally, if Plaintiff's sole desire is to figure out when Mr. Maurice made calls to make statements to Knight Transportation or the insurance company, it is unclear why Plaintiff would also request, e.g., billing information, an engineering map, or a call processing handover map. The scope of the request does not appear tailored to the desired information. As such, the Court finds, upon reissuance of the subpoena, that the substantive scope of the request be limited to just that call information such as: calling number, called number, dialed digits, mobile role (inbound or outbound), start date and time, end date and time, duration, and call type.

The Court notes, that after the hearing, Plaintiff provided to the Court the subpoenaed Sprint records for *in camera* review. Those records reflect call information and data from the dates November 28, 2018 to December 5, 2018, a year after the accident. Plaintiff's counsel contended that she had, by mistake, previously sent a subpoena to Sprint which reflected the incorrect dates of the accident. These records reflect such error and are not relevant to the case at hand. As such, the Court will grant Defendant's motion to quash as to these records.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that  Motion to Quash Subpoena Duces Tecum and/ or for Protective Order (R. Doc. 39) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Plaintiff's Subpoena Duces Tecum shall be modified to reflect just the day of the incident and day after the incident (November 28, 2017 to November 29, 2017) and to just that call information such as: calling number, called number, dialed digits, mobile role (inbound or outbound), start date and time, end date and time, duration, and call type.

New Orleans, Louisiana, this <u>2nd</u> day of March 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

7