UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD ROBERT                                    CIVIL ACTION

VERSUS                                             NO. 18-11632

JAMIE MAURICE, et al.                              SECTION: "G"(4)

## ORDER

Before the Court are Plaintiff Reginald Robert's ("Plaintiff") "Motion for Partial Summary Judgment on Medical Causation"[1] and "Motion to Expedite Consideration for Motion for Partial Summary Judgment on Medical Causation."[2] In the motion for partial summary judgment, Plaintiff requests that the Court enter summary judgment in his favor, finding that Plaintiff's injuries and medical treatment were caused by the automobile accident at issue in this litigation.[3] In the motion to expedite, Plaintiff requests expedited consideration of the motion for partial summary judgment.[4] For the following reasons, the Court denies both motions because they were not timely filed.

On April 18, 2019, this Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**."[5] Local Rule 7.2 provides that "[u]nless otherwise ordered by

---

[1] Rec. Doc. 85.

[2] Rec. Doc. 86.

[3] Rec. Doc. 85-1 at 6.

[4] Rec. Doc. 86 at 1.

[5] Rec. Doc. 12.

1

the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission." Thus, to permit hearing no later than February 12, 2020, each party was required to submit any non-evidentiary pretrial motions by January 28, 2020. Plaintiff, however, filed the "Motion for Partial Summary Judgment on Medical Causation" on March 9, 2020, setting the motion for submission on March 25, 2020.[6] The same day, Plaintiff filed a motion to expedite, requesting that the Court set the motion for partial summary judgment for submission on March 18, 2020.[7] Therefore, it is evident that Plaintiff's motion for partial summary judgment was submitted in violation of the Court's Scheduling Order.

Federal district courts have the inherent power to enforce their scheduling orders,[8] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[9] Here, Plaintiff did not request or obtain the Court's consent to modify the Scheduling Order, nor did Plaintiff request leave to file the motion out of time. A trial in this matter was originally set for April 6, 2020.[10] Hence, the Court's Scheduling Order provided that dispositive motions must be filed in enough time to be heard *no later* than February 12, 2020.[11] This allows the Court the minimum time needed to address non-evidentiary

---

[6] Rec. Doc. 85.

[7] Rec. Doc. 86 at 1.

[8] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have this power."); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

[9] Fed. R. Civ. P. 16(b)(4).

[10] Rec. Doc. 12.

[11] *Id*. at 1.

pretrial motions. Given the current circumstances involving COVID-19, the Court continued the originally scheduled dates for the trial and pretrial conference in the above captioned matter.[12] However, while the Court will set a new pretrial conference date and trial date, all other deadlines in this matter remain intact and must be adhered to by the parties.

Pursuant to Federal Rule of Civil Procedure 16(b), if Plaintiff seeks to modify other deadlines set forth in the Court's Scheduling Order, he must present good cause and obtain the judge's consent.[13] Plaintiff has not established good cause to modify the deadline for filing non-evidentiary pretrial motions set forth in the Court's Scheduling Order. Accordingly, the motion must be denied as untimely filed. Parties are expected to be diligent in moving their cases along. The Court reiterates that all deadlines in this matter remain intact and must be adhered to by the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Partial Summary Judgment on Medical Causation"[14] and "Motion to Expedite Consideration for Motion for Partial Summary Judgment on Medical Causation"[15] are **DENIED** as untimely filed.

**NEW ORLEANS, LOUISIANA**, this 15th day of April, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[12] Rec. Doc. 95.

[13] Fed. R. Civ. P. 16(b)(4).

[14] Rec. Doc. 85.

[15] Rec. Doc. 86.