## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**REGINALD ROBERT**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 18-11632**

**JAMIE MAURICE, et al.**                                    **SECTION: "G"(4)**

### ORDER AND REASONS

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion to in Limine to Limit Testimony of Officer Reginald Landry, Exclude Portions of Accident Report and Exclude Evidence of Traffic Citation."[1] In the motion, Defendants move the Court to issue an Order: (1) prohibiting Officer Landry from testifying as to the cause of the alleged accident; (2) excluding portions of the accident report containing evidence of Officer Landry's lay opinion regarding causation and fault; and (3) excluding any evidence of the traffic citation issued to Maurice.[2] Plaintiff Reginald Robert ("Plaintiff") opposes the motion. Oral argument was held on the motion via video conference on July 15, 2020 at 10:00 a.m.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 104.

[2] Rec. Doc. 104-1 at 6.

[3] Rec. Doc. 130.

1

# I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[4] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation, when he collided with the vehicle containing Plaintiff.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[8]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[9] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[10] The Court's order did not affect Plaintiff's remaining cause of action

---

[4] Rec. Doc. 1.

[5] *Id*. at 3.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 5.

[9] Rec. Doc. 26.

[10] *Id*.

against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[11] On April 15, 2020, the Court denied Plaintiff's Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff as untimely filed.[12] Also on April 15, 2020, the Court denied Plaintiff's Motion for Partial Summary Judgment on Medical Causation as untimely filed.[13] Due to the COVID-19 pandemic, the Court continued the trial to April 26, 2021.[14]

On May 12, 2020, Defendants filed the instant "Motion to in Limine to Limit Testimony of Officer Reginald Landry, Exclude Portions of Accident Report and Exclude Evidence of Traffic Citation."[15] On May 26, 2020, Plaintiff filed an opposition to the instant motion.[16] On June 1, 2020, Defendants, with leave of Court, filed a reply.[17] Oral argument was held on the motion via video conference on July 15, 2020 at 10:00 AM.[18]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion in Limine*

In the motion, Defendants move the Court to issue an Order: (1) prohibiting Officer Landry from testifying as to the cause of the alleged accident; (2) excluding portions of the accident report

---

[11] *Id.*

[12] Rec. Doc. 99.

[13] Rec. Doc. 100.

[14] Rec. Doc. 101.

[15] Rec. Doc. 104.

[16] Rec. Doc. 110.

[17] Rec. Doc. 122.

[18] Rec. Doc. 130.

containing evidence of Officer Landry's lay opinion regarding causation and fault; and (3) excluding any evidence of the traffic citation issued to Maurice.[19]

First, Defendants assert that the Court should exclude any lay testimony of Officer Landry concerning the cause of the accident and liability for the accident.[20] Defendants note that Officer Landry has not been offered as an expert, and no evidence has been produced to show that he is qualified to testify as an expert.[21] As such, Defendants argue that Officer Landry's testimony must be considered lay witness testimony and limited accordingly.[22] Because Officer Landry did not personally witness the alleged accident, Defendants contend that any testimony concerning the cause of the accident is inadmissible.[23]

Second, Defendants argue that the Court should exclude any portion of the accident report referencing the cause of the alleged accident.[24] Defendants assert that these statements are hearsay, and only portions of the report that reflect the police officer's first-hand observations based on his investigation and experience are properly admissible under Federal Rule of Evidence 803(8)(A)(iii).[25]

---

[19] Rec. Doc. 104-1 at 6.

[20] *Id*. at 2.

[21] *Id*.

[22] *Id*.

[23] *Id*. at 3 (citing *Duhon v. Marceaux*, 33 F. App'x 703 (5th Cir. 2002)).

[24] *Id*.

[25] *Id*. at 4 (citing *Williams v. Gaitsch*, No. 5:08-CV-0772, 2011 WL 13286179, at *2 (W.D. La. May 26, 2011)).

Finally, Defendants contend that the Court should exclude the traffic citation issued to Maurice and all references to the citation contained in the accident report.[26] Defendants assert that "Louisiana jurisprudence has long held the mere charge of a traffic violation is inadmissible in a civil proceeding to prove negligence because citations are often untrustworthy; they are merely the opinion of the officer; their payment is often the result of expediency or compromise; and they erode the rule against hearsay."[27] Defendants argue that Maurice contested the moving violation in court and had the citation reduced before paying the fine in full.[28] Therefore, Defendants argue that Maurice did not admit fault, and the citation is not admissible to prove fault for the accident.[29]

**B.      *Plaintiff's Arguments in Opposition to the Motion in Limine***

In opposition, Plaintiff first argues that the motion in limine was not timely filed.[30] Plaintiff notes that the Scheduling Order required that all non-evidentiary motions be filed in sufficient time to permit hearing thereon no later than February 12, 2020.[31] Therefore, Plaintiff asserts that the motion should be denied because it was not timely filed.[32]

Even if the Court were to consider the merits of the motion, Plaintiff contends that the motion should be denied because the Fifth Circuit has held that an investigating officer in an

---

[26] *Id.*

[27] *Id.* at 5 (internal citations omitted).

[28] *Id.*

[29] *Id.*

[30] Rec. Doc. 110 at 1.

[31] *Id.* at 1–2.

[32] *Id.* at 2.

accident can give expert testimony as to fault for an accident.[33] Plaintiff argues that Officer Landry has the pre-requisite education and experience as a trained New Orleans Police Officer to investigate and opine as to the facts and circumstances surrounding this accident.[34] Plaintiff asserts that Officer Landry "was in a better position to opine on the cause of this accident than any 'expert' that Defendant could have retained for accident reconstruction who [would] merely regurgitate the information provided by the parties."[35] According to Plaintiff, Officer Landry is an unbiased expert who made observations and formed opinions based on his education and experience and the evidence.[36] Plaintiff notes Officer Landry cited Maurice for "reasonable vigilance," and Maurice later pleaded guilty to a lesser offense.[37] Therefore, Plaintiff argues that Officer Landry should be allowed to testify as an expert on his opinion of fault.[38]

## C.   Defendants' Arguments in Further Support of the Motion in Limine

In reply, Defendants argue that the motion in limine is timely.[39] Defendants assert that the February 12, 2020 deadline was for non-evidentiary motions, and this motion in limine is an evidentiary motion.[40] Therefore, pursuant to the Scheduling Order, Defendants argue that the deadline to file motions in limine is seven working days before trial.[41]

---

[33] *Id.* (citing *Puga v. RCX Solutions, Incorporated*, 922 F. 3d 285 (5th Cir. 2019),

[34] *Id.* at 3.

[35] *Id.* at 4.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] Rec. Doc. 122 at 1.

[40] *Id.*

[41] *Id.*

Defendants contend that Plaintiff cannot call Officer Landry as an expert because he was not disclosed as such.[42] Additionally, Defendants note that there is no evidence in the record to show that Officer Landry is qualified to testify as an expert.[43] Accordingly, Defendants argue that the Fifth Circuit case upon which Plaintiff relies is not relevant to the instant motion.[44]

### III. Legal Standard

#### A.   *Lay Opinion and Expert Opinion Testimony*

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[45]

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.[46]

---

[42] *Id.* at 2.

[43] *Id.*

[44] *Id.* at 3.

[45] Fed. R. Evid. 701.

[46] Fed. R. Civ. 702.

**B.**      ***Disclosure of Expert Testimony Pursuant to Federal Rule of Civil Procedure 26***

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), experts retained specifically for litigation must provide formal expert reports.[47] Before the 2010 amendments to the Federal Rules of Civil Procedure, non-retained experts were exempt from Rule 26's disclosure requirements under certain circumstances.[48] Following the 2010 amendments, however, a non-retained expert is "subject to a separate, less stringent disclosure regime than their retained counterparts" under Rule 26(a)(2)(C).[49] "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."[50] A Rule 26(a)(2)(C) witness's expert opinion "must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation."[51] A reason for requiring less stringent disclosures for non-retained experts is that "these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[52]

---

[47] Fed. R. Civ. P. 26(a)(2)(B).

[48] *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.).

[49] *Id. See also Causey v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-9660, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018) (Africk, J.) "[T]reating physicians fall under the limited disclosure requirement" of Rule 26(a)(2)(C). *Id.*

[50] *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017).

[51] *Laship, L.L.C. v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) (Brown, J.), *aff'd* 680 F. App'x at 317.

[52] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement.").

Rule 26(a)(2)(C) requires the party submitting a non-retained expert's testimony to provide a summary disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."[53] These disclosures must be made in accordance with the deadlines set in the Court's Orders, or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other parties' disclosure when offered solely to rebut or contradict such evidence.[54]

## IV. Analysis

Defendants move the Court to issue an Order: (1) prohibiting Officer Landry from testifying as to the cause of the alleged accident; (2) excluding portions of the accident report containing evidence of Officer Landry's lay opinion regarding causation and fault; and (3) excluding any evidence of the traffic citation issued to Maurice.[55] In opposition, Plaintiff argues that the motion in limine was not timely filed.[56] Alternatively, Plaintiff asserts that Officer Landry should be allowed to provide expert testimony as to the cause of the accident.[57]

As an initial matter, the motion in limine was timely filed. On April 18, 2019, this Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**."[58] The

---

[53] Fed. R. Civ. P. 26(a)(2)(C).

[54] Fed. R. Civ. P. 26(a)(2)(D).

[55] Rec. Doc. 104-1 at 6.

[56] Rec. Doc. 110 at 1.

[57] *Id.*

[58] Rec. Doc. 12.

Scheduling Order provides that "[m]otions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**" and "[a]ll other motions in limine and trial memoranda shall be filed seven working days before trial and responses thereto shall be filed two working days before trial."[59]

Trial was originally set to begin on April 6, 2020. However, on March 16, 2020, the Court issued COVID-19 General Order No. 20-2, continuing all civil jury trials scheduled to begin on any date from March 16 through May 1, 2020. Subsequently, the Court reset trial for April 26, 2021.[60] Therefore, the instant motion is timely because it was filed more than seven working days before trial.[61] Accordingly, the Court turns to the merits of Defendants' motion.

A.      *Testimony Concerning the Cause of the Accident*

Defendants argue that Officer Landry should be prohibited from testifying as to the cause of the alleged accident.[62] In opposition, Plaintiff argues that Officer Landry should be allowed to provide expert testimony as to the cause of the accident.[63]

In *Duhon v. Marceaux*, the Fifth Circuit affirmed a district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.[64] The Fifth Circuit

---

[59] *Id.* at 2.

[60] Rec. Doc. 101.

[61] Although Plaintiff now argues that Officer Landry should be allowed to offer expert opinion testimony, Plaintiff did not provide an expert disclosure for Officer Landry. The instant motion is not a *Daubert* motion attacking the qualifications or methodology of any expert witness.

[62] Rec. Doc. 104-1 at 2.

[63] Rec. Doc. 110 at 1.

[64] 33 F. App'x 703, 2002 WL 432383, at *4 (5th Cir. 2002).

10

noted that the officer was not qualified as an expert in accident reconstruction and did not personally witness the accident.[65] Therefore, the Fifth Circuit affirmed the exclusion of the testimony under the "general rule" that "police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701."[66] In support of this "general rule" the Fifth Circuit cited *Ernst v. Ace Motor Sales, Inc.*, an Eastern District of Pennsylvania case holding that an officer's lay opinion testimony was admissible only to the extent that it pertained to the point of impact.[67] The district court in *Ernst* reasoned that the officer's opinion "about the point of impact was based upon his perception of physical evidence found at the accident scene; more particularly, his opinion was based upon a trail of debris leading from the highway to the plaintiff's car."[68]

In *Puga v. RCX Solutions, Inc.*, the Fifth Circuit reviewed a district court decision to allow a state trooper to testify as an expert on an accident investigation.[69] There, the state trooper was driving behind the defendant when the accident occurred, saw the accident happen from afar, observed the conditions of the road, knew the defendant was talking on the phone, and looked at various tire markings in the median and on the pavement.[70] The Fifth Circuit determined that the district court did not err in allowing the state trooper to testify as an expert witness on causation.[71]

---

[65] *Id.*

[66] *Id.*

[67] *Id.* (citing 550 F.Supp. 1220, 1223 (E.D. Pa.1982), *aff'd without op.*, 720 F.2d 661 (3d Cir. 1982)).

[68] *Ernst*, 550 F.Supp. at 1223.

[69] *Puga v. RCX Solutions, Inc.*, 922 F.3d 285, 293 (5th Cir. 2019).

[70] *Id.* at 295.

[71] *Id.*

11

Here, Plaintiff has not designated Officer Landry as an expert. Pursuant to the Scheduling Order, Plaintiff was required to disclose any written reports of retained experts on or before December 11, 2019.[72] Plaintiff did not disclose any such expert report. If Plaintiff intends to call Officer Landry as a non-retained expert, a summary disclosure is required under Federal Rule of Civil Procedure 26(a)(2)(C). Summary disclosures must be made at least 90 days before trial.[73] At this time, Plaintiff cannot offer expert opinion testimony by Officer Landry because Plaintiff did not properly designate him as an expert.

Courts have recognized that first-hand observations of a police officer, which are based on the officer's investigation and experience, are also admissible.[74] As a lay witness, Officer Landry may provide opinion testimony that is rationally based on his perception, helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge.[75] If Officer Landry formed an opinion about the point of impact that is rationally based on his perceptions at the scene, he may express such an opinion to the jury. However, Officer Landry may not provide an opinion as to the cause of the accident because he did not witness the accident and has not been designated as an expert witness.[76]

_____

[72] Rec. Doc. 12 at 3.

[73] Fed. R. Civ. P. 26(a)(2)(D).

[74] *Reliastar Life Ins. Co. v. Thompson*, No. 07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008); *Harris v. Browning–Ferris Indus. Chem. Servs., Inc.*, 635 F.Supp. 1202, 1209 (M.D. La.1986), *aff'd without op.*, 806 F.2d 259 (5th Cir. 1986).

[75] Fed. R. Evid. 701.

[76] *Duhon*, 2002 WL 432383, at *4.

**B.**     *Portions of the Accident Report Referencing the Cause of the Alleged Accident*

Defendants argue that the Court should exclude any portion of the accident report referencing the cause of the alleged accident.[77] Defendants assert that these statements are hearsay, and only the portions of the report that reflect the police officer's first-hand observations based on his investigation and experience are properly admissible under Federal Rule of Evidence 803(8)(A)(iii).[78] Plaintiff does not respond to this argument.

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[79] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[80] After a party properly objects to the admission of evidence as hearsay, the proponent of the evidence bears the burden to show that the statement is not offered as hearsay or falls within an exception to the hearsay rule.[81]

------------------------------------------------------------

[77] Rec. Doc. 104-1 at 3.

[78] *Id.* at 4 (citing *Williams v. Gaitsch*, No. 5:08-CV-0772, 2011 WL 13286179, at *2 (W.D. La. May 26, 2011)).

[79] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[80] Fed. R. Evid. 802.

[81] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

Under Federal Rule of Evidence 803(8), a police report is excluded from the rule against hearsay if it sets out the "factual findings from a legally authorized investigation" and "the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness." First-hand observations of a police officer, which are based on the officer's investigation and experience and incorporated into a police report, are also admissible.[82]

As discussed above, in *Duhon v. Marceaux*, the Fifth Circuit affirmed a district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.[83] The Fifth Circuit also found no error in the district court's statement that the police report could be admitted after redacting the portions of the report that expressed an opinion about the cause of the accident.[84]

Defendants do not dispute that the police report is admissible under Federal Rule of Evidence 803(8). However, the portions of the police report referencing the cause of the accident or fault should be redacted because Officer Landry is not testifying as an expert witness.

## C. *References to the Citation Issued to Maurice*

Finally, Defendants contend that the Court should exclude the traffic citation issued to Maurice and all references to the citation contained in the accident report.[85] Defendants argue that Maurice contested the moving violation in court and had the citation reduced before paying the

---

[82] *Reliastar Life Ins. Co. v. Thompson*, No. 07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008); *Harris v. Browning–Ferris Indus. Chem. Servs., Inc.*, 635 F.Supp. 1202, 1209 (M.D. La.1986), *aff'd without op.*, 806 F.2d 259 (5th Cir. 1986).

[83] 33 F. App'x 703, 2002 WL 432383 at *4 (5th Cir. 2002).

[84] *Id.*

[85] Rec. Doc. 104-1 at 4.

14

fine in full.[86] Therefore, Defendants argue that Maurice did not admit fault, and the citation is not admissible to prove fault for the accident.[87] Plaintiff does not respond to this argument.

Numerous federal district courts have held that evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation.[88] Furthermore, the mere payment of a traffic citation does not constitute an admission against interest or confession of guilt.[89] Here, Maurice did not plead guilty to the citation. Accordingly, evidence of the traffic citation is inadmissible.

## V. Conclusion

Considering the forgoing reasons, Officer Landry is prohibited from testifying as to the cause of the alleged accident because he has not been designated as an expert witness. Portions of the accident report containing evidence of Officer Landry's lay opinion regarding causation and fault should be excluded. Furthermore, any evidence of the traffic citation issued to Maurice should be excluded. However, Officer Landry may provide appropriate lay opinion testimony about what he saw when he arrived at the scene.

---

[86] *Id*. at 5.

[87] *Id*.

[88] *See, e.g., Dawson v. Carbollosa*, No. 14–0057, 2014 WL 7272768, at *3 (W.D. La. Dec.18, 2014) ("While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic violation is not. . . . Further, payment does not constitute an admission of guilt.") (internal citation omitted); *Iglinksy v. Player*, No. 08–650, 2010 WL 4925000, at *6 (M.D. La. July 26, 2010) ("A motorist's payment of a fine associated with a traffic citation cannot be equated with the entry of a guilty plea, and as a result, the citation is not admissible as an admission against interest in a personal injury action stemming from an automobile accident."); *Rhodes v. Curtis*, No. Civ. 04–476–P, 2006 WL 1047021, at *2 (D. Okla. Apr. 12, 2006) ("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty."); *Cunningham v. Wash. Gas Light Co.*, CIV. A. No. 86–2392, 1988 WL 90400, at *1 (D.D.C. Aug.11, 1988) ("[T]he mere issuance or failure to issue a traffic citation is not admissible in a civil trial.") (collecting cases).

[89] *See Bergeron v. Great W. Cas. Co.*, No. CIV. A. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants "Motion to in Limine to Limit Testimony of Officer Reginald Landry, Exclude Portions of Accident Report and Exclude Evidence of Traffic Citation"[90] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this  16th  day of July, 2020.

NANNETTE JOLIVETTE BROWN

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[90] Rec. Doc. 104.

16