## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**REGINALD ROBERT**                                         **CIVIL ACTION**

**VERSUS**                                                  **NO. 18-11632**

**JAMIE MAURICE, et al.**                                   **SECTION: "G"(4)**

### ORDER AND REASONS

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion in Limine to Exclude Claim Notes Evidence."[1] In the motion, Defendants argue that the Court should exclude all reference to or discussion of Knight Transportation's claim notes.[2] Plaintiff Reginald Robert ("Plaintiff") opposes the motion. Oral argument was held on the motion via video conference on July 15, 2020 at 10:00 a.m.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[4] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting

---

[1] Rec. Doc. 105.

[2] *Id*.

[3] Rec. Doc. 130.

[4] Rec. Doc. 1.

to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation, when he collided with the vehicle containing Plaintiff.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[8]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[9] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[10] The Court's order did not affect Plaintiff's remaining causes of action against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[11] On April 15, 2020, the Court denied Plaintiff's Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff as untimely filed.[12] Also on April 15, 2020, the Court denied Plaintiff's Motion for Partial Summary

---

[5] *Id*. at 3.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 5.

[9] Rec. Doc. 26.

[10] *Id*.

[11] *Id*.

[12] Rec. Doc. 99.

Judgment on Medical Causation as untimely filed.[13] Due to the COVID-19 pandemic, the Court continued the trial to April 26, 2021.[14]

On May 12, 2020, Defendants filed the instant "Motion in Limine to Exclude Claim Notes Evidence."[15] On May 26, 2020, Plaintiff filed an opposition to the instant motion.[16] On June 1, 2020, Defendants, with leave of Court, filed a reply.[17] At the request of the parties, the Court heard oral argument on this motion via video conference on July 15, 2020 at 10:00 AM.[18]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion in Limine*

In support of the motion, Defendants argue that the claim notes lack probative value and are irrelevant.[19] Defendants argue that the claim notes do not contain a statement of Maurice concerning the alleged accident, besides the written statement of Maurice connected with the police report.[20] Defendants contend that to the extent the claim notes may be relevant, such relevance is limited to the written statement of Maurice found in the police report and produced by Knight Transportation during discovery.[21]

Additionally, Defendants argue that the Court should exclude any evidence of Plaintiff's

---

[13] Rec. Doc. 100.

[14] Rec. Doc. 101.

[15] Rec. Doc. 105.

[16] Rec. Doc. 111.

[17] Rec. Doc. 124.

[18] Rec. Doc. 130.

[19] Rec. Doc. 105-2 at 2.

[20] *Id.* at 3.

[21] *Id.*

interpretation of the internal workings of Knight Transportation.[22] Defendants contend that Plaintiff will attempt to introduce the claim notes to show the inner working of Knight Transportation, particularly Knight Transportation's settlement with the three passengers in Plaintiff's vehicle.[23] Defendants argue that evidence of settlement of any claim is inadmissible pursuant to Federal Rule of Evidence 408.[24] Defendants contend that allowing Plaintiff to present evidence of Knight Transportation's handling of the claim will mislead the jury into believing Knight Transportation did not always contest the claim.[25] Defendants argue that nothing in the claim notes bears upon the causes of action asserted against Defendants in this matter.[26] Defendants contend that the introduction of post-accident process evidence is an attempt by Plaintiff to paint Defendants in a negative light to the jury.[27]

### B.    *Plaintiff's Arguments in Opposition to the Motion in Limine*

In opposition, Plaintiff first argues that the motion in limine was not timely filed.[28] Plaintiff notes that the Scheduling Order required that all non-evidentiary motions be filed in sufficient time to permit hearing thereon no later than February 12, 2020.[29] Therefore, Plaintiff asserts that the motion should be denied because it was not timely filed.[30]

---

[22] *Id.*

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 4–5.

[28] Rec. Doc. 111 at 1.

[29] *Id.* at 1–2.

[30] *Id.* at 2.

In the alternative, Plaintiff argues that, contrary to the claims of Knight Transportation, the claim notes do contain a statement by Maurice.[31] Plaintiff contends that a representative of Knight Transportation took a statement of its driver, Maurice, following the accident.[32] Plaintiff argues that while the record may be deemed hearsay, it falls under the exception of Federal Rule of Evidence 803(7) as an ordinary business record.[33]

Next, Plaintiff contends that the documents in the claim notes contradict Defendants' affirmative defense that Plaintiff acted intentionally in causing this accident.[34] Plaintiff argues that the basis for Defendants' allegation that Plaintiff acted intentionally in causing this accident is their discussion with Maurice concerning his first-hand knowledge of the accident.[35] Plaintiff contends that the claim notes show that Maurice did not provide any first-hand impression of an intentional act by Plaintiff.[36] Plaintiff argues that in their "Objection to Production of the Claims Notes of Knight Transportation," Defendants represented that "there is no written or recorded statement, other than the statement in the police report of Mr. Maurice concerning the alleged accident in the claim file or anywhere else."[37] However, Plaintiff contends that in the "screenshot," Maurice admitted that the accident occurred when he switched lanes.[38] Therefore, Plaintiff argues that the claim notes provide pertinent information regarding Defendants' initial acceptance of

---

[31] *Id.*

[32] *Id.*

[33] *Id.* at 3.

[34] *Id.* at 4.

[35] *Id.* at 5.

[36] *Id.*

[37] *Id.* at 6 (citing Rec. Doc. 52 at 2).

[38] *Id.* (citing Rec. Doc. 46).

responsibility for causing this accident and shows that Defendants' Affirmative Defense is meritless.[39]

Lastly, Plaintiff contends that the claim notes are the ordinary business records of Knight Transportation.[40] Although Defendants now claim that they recognized a "red flag" with this case shortly after the accident, Plaintiff notes that Defendants did not move to amend their answer until eighteen months after the initial answer was filed.[41] Additionally, Plaintiff contends that Defendants initially classified their otherwise ordinary business records as "Claim File Notes" and refused to voluntarily produce the documents.[42] Plaintiff argues that Knight Transportation has a history of discovery abuse.[43] Plaintiff contends that as ordinary business records of Knight Transportation, the claim notes can be used to impeach or bolster the testimony of Plaintiff.[44] Finally, Plaintiff argues that during her in camera inspection of the claim notes, Magistrate Judge Roby redacted any information which would not lead to admissible evidence.[45]

## C.    *Defendants' Arguments in Further Support of the Motion in Limine*

In reply, Defendants argue that the motion in limine is timely.[46] Defendants assert that the February 12, 2020 deadline was for non-evidentiary motions, and this motion in limine is an

---

[39] *Id*. at 7.

[40] *Id*. at 8.

[41] *Id*. at 9.

[42] *Id*. at 11.

[43] *Id*.

[44] *Id*. at 11-12.

[45] *Id*.

[46] Rec. Doc. 124 at 1.

evidentiary motion.[47] Therefore, pursuant to the Scheduling Order, Defendants argue that the deadline to file motions in limine is seven working days before trial.[48]

Next, Defendants argue that the claim notes do not contain a "statement" of Maurice.[49] Rather, Defendants contend that the claim notes reference a conversation the note-taker had with Maurice, but that this does not qualify as a statement of Maurice.[50] According to Defendants, Plaintiff's argument that the claim notes fall into an exception to the hearsay rule is irrelevant, because the claim notes as a whole are inadmissible for other reasons.[51]

Defendants contend that the claim notes do not impeach Defendants' affirmative defense.[52] Defendants argue that they have never misled Plaintiff or this Court.[53] Defendants contend that they did not assert the affirmative defense at the onset of this litigation because their subjective belief that the claim appeared suspicious does not satisfy the pleadings requirements for affirmative defenses, and they needed to gather additional evidence before asserting the affirmative defenses.[54] Lastly, Defendants argue that Magistrate Judge Roby did not comment as to the admissibility of the claim notes themselves, and only redacted privileged information.[55]

---

[47] *Id.*

[48] *Id.* at 2.

[49] *Id.*

[50] *Id.*

[51] *Id.* at 3.

[52] *Id.*

[53] *Id.* at 4.

[54] *Id.* at 5.

[55] *Id.* at 7.

## III. Legal Standard

### A.    *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[56] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[57]

### B.    *Settlement Agreements*

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[58] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[59] However,

---

[56] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[57] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[58] Fed. R. Evid. 408.

[59] Fed. R. Evid. 408(a)(1).

such evidence is admissible to show the bias or prejudice of a witness.[60] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[61] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[62]

### IV. Analysis

Defendants move the Court to issue an Order excluding all reference to or discussion of Knight Transportation's claim notes.[63] In opposition, Plaintiff first argues that the motion in limine was not timely filed.[64]

As an initial matter, the motion in limine was timely filed. On April 18, 2019, this Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**."[65] The Scheduling Order provides that "[m]otions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**" and "[a]ll other motions in limine and trial memoranda shall be filed seven working days before trial and responses thereto shall be filed two working days before trial."[66]

Trial was originally set to begin on April 6, 2020. However, on March 16, 2020, the Court

---

[60] Fed. R. Evid. 408(b).

[61] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[62] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

[63] Rec. Doc. 105.

[64] Rec. Doc. 111 at 2.

[65] Rec. Doc. 12.

[66] *Id.* at 2.

issued COVID-19 General Order No. 20-2, continuing all civil jury trials scheduled to begin on any date from March 16 through May 1, 2020. Subsequently, the Court reset trial for April 26, 2021.[67] Therefore, the instant motion is timely because it was filed more than seven working days before trial. Accordingly, the Court turns to the merits of Defendants' motion.

**A.     *Whether the claim notes are inadmissible because they are irrelevant, lack probative value, will confuse the issues, will mislead the jury and/or because they are unfairly prejudicial.***

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[68] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[69]

Here, the Court finds that Knight Transportation's claim notes regarding the accident are relevant to the accident that gave rise to this litigation. Thus, the only question is whether that probative value is substantially outweighed by unfair prejudice. Any risk of confusing the issues or misleading the jury does not substantially outweigh the claim notes' probative value. Accordingly, the Court finds that the probative value of the claim notes is not substantially outweighed by the danger of unfair prejudice under Rule 403.

---

[67] Rec. Doc. 101.

[68] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[69] *Id*. at 1115–16 (quoting *McRae*, 593 F.2d at 707.

**B.      Whether the claim notes are inadmissible because they show Knight Transportation's settlement with the three passengers in Plaintiff's vehicle.**

Defendants contend that Plaintiff will attempt to introduce the claim notes to show the inner working of Knight Transportation, particularly Knight Transportation's settlement with the three passengers in Plaintiff's vehicle.[70] Plaintiff does not respond to this argument.

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[71] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[72] However, such evidence is admissible to show the bias or prejudice of a witness.[73] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[74] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[75]

Pursuant to Federal Rule of Evidence 408, Plaintiff cannot present evidence of a settlement to prove the validity of his claim. Similarly, Plaintiff cannot present evidence of a settlement to disprove the defense's theory that Plaintiff fraudulently caused the accident. Admitting the evidence for that purpose would violate Rule 408, because evidence of a settlement cannot be admitted to either prove or disprove the validity of a disputed claim. Evidence of any settlement

---

[70] Rec. Doc. 105-2 at 4.

[71] Fed. R. Evid. 408.

[72] Fed. R. Evid. 408(a)(1).

[73] Fed. R. Evid. 408(b).

[74] *Latiolais*, 574 F. App'x at 435.

[75] *Branch*, 783 F.2d at 1294.

will be excluded for that purpose.[76] To the extent the claim notes reference any settlement with the other passengers, such references must be redacted.

### V. Conclusion

Considering the forgoing reasons, the Court finds that the probative value of the claim notes is not substantially outweighed by the danger of unfair prejudice under Rule 403. However, pursuant to Federal Rule of Evidence 408, Plaintiff cannot present evidence of a settlement to prove the validity of his claim. To the extent the claim notes reference any settlement with the other passengers, such references must be redacted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jamie Maurice and Knight Transportation, Inc.'s "Motion in Limine to Exclude Claim Notes Evidence"[77] is **DENIED**. To the extent the claim notes reference any settlement with the other passengers, such references must be redacted.

**NEW ORLEANS, LOUISIANA**, this __16th__ day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[76] To the extent Plaintiff seeks to introduce evidence of the settlement for another purpose, he may raise the issue at trial, if necessary.

[77] Rec. Doc. 105.