**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE, et al.** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion in Limine Regarding Preventability Determinations, Disciplinary Actions and Other Improper Testimony."[1] In the motion, Defendants move the Court to issue an Order excluding any testimony, evidence or reference to any "preventability determination" of Knight Transportation concerning the accident at issue in this litigation as well as any testimony, evidence or reference to disciplinary actions taken by Knight Transportation as to Defendant Maurice following the accident.[2] Plaintiff Reginald Robert ("Plaintiff") opposes the motion. Oral argument was held on the motion via video conference on July 15, 2020 at 10:00 a.m.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

**I. Background**

On November 27, 2018, Plaintiff Reginald Robert ("Plaintiff") filed a complaint against

[1] Rec. Doc. 106.

[2] *Id*. at 1.

[3] Rec. Doc. 130.

Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[4] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation, when he collided with the vehicle containing Plaintiff.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[8]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[9] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[10] The Court's order did not affect Plaintiff's remaining cause of action against Maurice for negligence and Knight Transportation, for vicarious liability for the alleged

---

[4] Rec. Doc. 1.

[5] *Id*. at 3.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 5.

[9] Rec. Doc. 26.

[10] *Id*.

actions of Maurice.[11] On April 15, 2020, the Court denied Plaintiff's Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff as untimely filed.[12] Also on April 15, 2020, the Court denied Plaintiff's Motion for Partial Summary Judgment on Medical Causation as untimely filed.[13] Due to the COVID-19 pandemic, the Court continued the trial to April 26, 2021.[14]

On May 12, 2020, Defendants filed the instant "Motion in Limine Regarding Preventability Determinations, Disciplinary Actions and Other Improper Testimony."[15] On May 26, 2020, Plaintiff filed an opposition to the instant motion.[16] On June 1, 2020, Defendants, with leave of Court, filed a reply.[17] On July 14, 2020, Plaintiff, with leave of Court, filed a sur-reply.[18] At the request of the parties, the Court heard oral argument on this motion via video conference on July 15, 2020 at 10:00 AM.[19]

## II. Parties' Arguments

### *A. Defendants' Arguments in Support of the Motion in Limine*

In support of the motion, Defendants argue that the Court should exclude any evidence or testimony concerning Knight Transportation's "preventability determination" because it is

---

[11] *Id*.

[12] Rec. Doc. 99.

[13] Rec. Doc. 100.

[14] Rec. Doc. 101.

[15] Rec. Doc. 106.

[16] Rec. Doc. 109.

[17] Rec. Doc. 120.

[18] Rec. Doc. 132.

[19] Rec. Doc. 130.

irrelevant, lacks probative value, will confuse the issues, will mislead the jury and because it is unfairly prejudicial.[20] Defendants contend that a determination of "preventability" will mislead the jury.[21] Defendants argue that such a determination is irrelevant to a finding of legal negligence.[22] Additionally, Defendants contend that the finding of preventability lacks probative value because the record does not show how that determination was made nor who made the determination.[23] Lastly, Defendants argue that allowing the jury to hear the preventability evidence will result in in unfair prejudice, because the jury will assign this determination improper weight.[24]

Second, Defendants contend that the preventability determination is inadmissible pursuant to Federal Rule of Evidence 407 because it is a subsequent remedial measure.[25] Defendants argue that the Louisiana Supreme Court has held that preventability determinations are not discoverable.[26] Additionally, Defendants contend that Knight Transportation's discipline of Maurice following the alleged accident is not admissible because it is also a subsequent remedial measure.[27] Defendants argue that the action of disciplining a driver may lead the jurors to believe the employer is making an admission of fault.[28] Furthermore, Defendants contend that this

---

[20] Rec. Doc. 106-2 at 5.

[21] *Id*.

[22] *Id*. at 6 (citing *Franco v. Mabe Trucking Co.*, 5:17-CV-00871, 2019 WL 1304537, at *5 (W.D. La. Mar. 21, 2019)).

[23] *Id*.

[24] *Id*. at 7.

[25] *Id*.

[26] *Id*. at 8.

[27] *Id*.

[28] *Id*. at 9.

information will unfairly prejudice the jury.[29]

Third, Defendants contend that the Court should preclude any questioning which requires Knight Transportation's corporate representative to speculate, opine and/or provide a legal conclusion concerning the alleged accident at issue, various traffic laws and a commercial driver's duties and actions in hypothetical scenarios.[30] Defendants argue that such testimony is speculative.[31] Defendants contend that the testimony is not based on the representative's personal knowledge.[32]

***B. Plaintiff's Arguments in Opposition to the Motion in Limine***

In opposition, Plaintiff first argues that the motion in limine was not timely filed.[33] Plaintiff notes that the Scheduling Order required that all non-evidentiary motions be filed in sufficient time to permit hearing thereon no later than February 12, 2020.[34] Therefore, Plaintiff asserts that the motion should be denied because it was not timely filed.[35]

Even if the Court were to consider the merits of the motion, Plaintiff contends that the motion should be denied because other district courts have allowed plaintiffs to introduce evidence of an internal classification of a collision as a "preventable accident."[36] Furthermore, Plaintiff

---

[29] *Id*. at 10.

[30] *Id*.

[31] *Id*. at 11.

[32] *Id*. at 10.

[33] Rec. Doc. 109 at 1.

[34] *Id*. at 1–2.

[35] *Id*. at 2.

[36] *Id*. at 3 (citing *Brossette v. Swift Transportation, Co., Inc.*, 2008 WL 4809651 (W.D. La. Oct. 30, 2008)).

argues that because Defendants rely on Maurice's first-hand impressions to justify their affirmative defense that Plaintiff intentionally caused this accident, the preventability determination is critical to Plaintiff's ability to refute Defendants' allegation.[37]

Additionally, Plaintiff contends that Defendants' actions are not a subsequent remedial measure.[38] Plaintiff argues that even if Defendants' subsequent remedial measure argument is deemed correct, the evidence could still be introduced as impeachment evidence.[39] Plaintiff contends that in a similar case before another section of this Court, the district judge ruled that evidence of certain remedial measures was admissible for certain purposes, including impeachment.[40]

Plaintiff argues that Defendants' reliance on *Franco v. Mabe Trucking* is misplaced and inapplicable to this case.[41] Plaintiff contends that there, an office manager was precluded from testifying because she lacked the qualifications to make determinations of fault or preventability.[42] Plaintiff argues that Defendants' argument that the record does not identify the person who made this determination is deceitful because Defendants are the ones who control this information.[43]

Finally, Plaintiff contends that the "Preventability Assessment" is a business record of

---

[37] *Id*. at 4.

[38] *Id*. at 5.

[39] *Id*.

[40] *Id*. (citing *Kirkland v. Marriott Inter., Inc.*, 416 F. Supp. 2d 480 (E.D. La. Feb. 21, 2006)).

[41] *Id*. at 6 (citing *Franco v. Mabe Trucking Co.*, 5:17-CV-00871, 2019 WL 1304537 (W.D. La. Mar. 21, 2019).

[42] *Id*.

[43] *Id*.

Defendants, which is therefore admissible pursuant to Federal Rule of Evidence 803(6).[44] Plaintiff argues that Knight Transportation is legally required to follow the rules and guidelines established by federal law pursuant to the Federal Motor Carrier Safety Act ("FMCSA"), which defines and requires companies to keep track of their preventable accidents.[45]

### *C. Defendants' Arguments in Further Support of the Motion in Limine*

In reply, Defendants argue that the motion in limine is timely.[46] Defendants assert that the February 12, 2020 deadline was for non-evidentiary motions, and this motion in limine is an evidentiary motion.[47] Therefore, pursuant to the Scheduling Order, Defendants argue that the deadline to file motions in limine is seven working days before trial.[48]

Defendants argue that Plaintiff will be unable to lay the proper foundation to show that the preventability determination is consistent with the duty-risk analysis.[49] For example, Defendants note that during the deposition of Knight's corporate representative, Plaintiff did not question the representative about the specific factors Knight Transportation considered and the basis for its finding.[50] Defendants contend that Plaintiff's reliance upon *Brossette v. Swift Transp. Co., Inc.*, is misplaced because Plaintiff did not elicit evidence that Knight Transportation's determination was performed in accordance with DOT regulations, or with any other specific rules, regulations or

---

[44] *Id*. at 7.

[45] *Id*. at 7–8.

[46] Rec. Doc. 120 at 1.

[47] *Id*.

[48] *Id*. at 2.

[49] *Id*.

[50] *Id*. at 2–3.

programs in mind.[51] Here, Defendants argue that the qualifications of the person who made the preventability determination is absent from the record.[52] Additionally, Defendants contend that had Knight Transportation possessed the evidence they now possess, suggesting that Plaintiff staged the accident with the assistance of a third party, Knight Transportation would not have earlier determined that this accident was preventable.[53]

Next, Defendants argue that the preventability determination is not impeachment evidence.[54] Defendants contend that Knight Transportation's corporate representative did not testify inconsistently or untruthfully and that the preventability determination it is not evidence of bad character or past wrong-doing.[55] Therefore, Defendants argue that the preventability determination cannot be used as impeachment evidence against their affirmative defense.[56] Lastly, Defendants contend that whether the preventability assessment is an exception to the hearsay rule or not, it is still inadmissible pursuant to Federal Rules of Evidence 403 and 407.[57]

### *D. Plaintiff's Arguments in Further Opposition to the Motion in Limine*

In further opposition, Plaintiff first argues that the motion in limine remains untimely.[58] Next, Plaintiff argues that the preventability determination is relevant.[59] Plaintiff contends that

---

[51] *Id*. at 3 (citing CIV. A. 07-0888, 2008 WL 4809651, at *2 (W.D. La. Oct. 30, 2008)).

[52] *Id*.

[53] *Id*. at 4–5.

[54] *Id*. at 5.

[55] *Id*. at 5–6.

[56] *Id*. at 6.

[57] *Id*. at 7.

[58] Rec. Doc. 132 at 1.

[59] *Id*. at 2–5.

Defendants have a "documented history of being found guilty in federal court for destruction and spoliation of evidence as well as discovery abuse."[60] Lastly, Plaintiff argues that the preventability determination will be offered as impeachment evidence.[61] Plaintiff contends that the determination that the accident was preventable is inconsistent with the theory that Plaintiff intentionally caused this accident.[62]

## III. Legal Standard

### *A. Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[63] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule

[60] *Id*. at 4.

[61] *Id*. at 5–8.

[62] *Id*. at 6.

[63] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

403."[64]

### *B. Subsequent Remedial Measure*

Federal Rule of Evidence 407 provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

The Advisory Committee Notes explain that the primary justification for Rule 407 is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."[65] The rule also seeks to ensure that negligence is properly determined "according to what the defendant knew or should have known prior to the accident, not what the defendant knew as a result of the accident."[66]

## **IV. Analysis**

Defendants move the Court to issue an Order excluding any testimony, evidence or reference to any "preventability determination" of Knight Transportation concerning the accident at issue in this litigation as well as any testimony, evidence or reference to disciplinary actions

---

[64] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

[65] *Adams v. Chevron USA, Inc.*, 383 F. App'x 447, 452 (5th Cir. 2010) (quoting Fed. R. Evid. 407, Advisory Committee Note (1972)).

[66] *Id.* (quoting 2 Stephen A. Salzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 407.02[3], at 407–6 (9th ed. 2006)).

taken by Knight Transportation against Defendant Maurice following the accident.[67] In opposition, Plaintiff first argues that the motion in limine was not timely filed.[68] Alternatively, Plaintiff contends that Defendants' actions are not a subsequent remedial measure.[69] Lastly, Plaintiff argues that even if Defendants' actions are deemed a subsequent remedial measure, the evidence could still be introduced as impeachment evidence.[70]

As an initial matter, the motion in limine was timely filed. On April 18, 2019, this Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**."[71] The Scheduling Order provides that "[m]otions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than **February 12, 2020**" and "[a]ll other motions in limine and trial memoranda shall be filed seven working days before trial and responses thereto shall be filed two working days before trial."[72]

Trial was originally set to begin on April 6, 2020. However, on March 16, 2020, the Court issued COVID-19 General Order No. 20-2, continuing all civil jury trials scheduled to begin on any date from March 16 through May 1, 2020. Subsequently, the Court reset trial for April 26,

---

[67] *Id*. at 1.

[68] Rec. Doc. 109 at 1.

[69] *Id*. at 5.

[70] *Id*.

[71] Rec. Doc. 12.

[72] *Id*. at 2.

2021.[73] Therefore, the instant motion is timely because it was filed more than seven working days before trial. Accordingly, the Court turns to the merits of Defendants' motion.

***A. Whether the preventability determination is inadmissible because it is irrelevant, lacks probative value, will confuse the issues, will mislead the jury and because it is unfairly prejudicial.***

Defendants argue that the Court should exclude any evidence or testimony concerning Knight Transportation's "preventability determination" because it is irrelevant, lacks probative value, will confuse the issues, will mislead the jury and because it is unfairly prejudicial.[74]

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[75] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[76]

Here, the Court finds that Knight Transportation's internal determination that the accident was preventable is clearly relevant to the accident that gave rise to this litigation. Thus, the only

---

[73] Rec. Doc. 101.

[74] Rec. Doc. 106-2 at 5.

[75] *Pace*, 10 F.3d at 1115.

[76] *Id*. at 1115–16 (quoting *McRae*, 593 F.2d at 707.

question is whether that probative value is substantially outweighed by unfair prejudice. The preventability determination documents an element of Knight Transportation's investigation into the incident giving rise to this litigation, making it highly probative. Any risk of confusing the issues or misleading the jury does not substantially outweigh the preventability determination's probative value. Accordingly, the Court finds that the probative value of the preventability determination is not substantially outweighed by the danger of unfair prejudice under Rule 403.

***B. Whether the preventability determination or Knight Transportation's discipline of Maurice following the accident is inadmissible pursuant to Federal Rule of Evidence 407***

Next, Defendants move the Court to exclude evidence of the preventability determination as well as Knight Transportation's discipline of Maurice following the alleged accident because they are subsequent remedial measures pursuant to Federal Rule of Evidence 407.[77] In opposition, Plaintiff argues that even if Defendants' subsequent remedial measure argument is deemed correct, the evidence could still be introduced because it qualifies as an exception of impeachment.[78] Plaintiff argues that the preventability determination and subsequent discipline of Maurice contradicts Defendants' earlier representations that it was immediately suspicious that this was not a normal motor vehicle case.[79] In reply, Defendants argue that the preventability determination is not impeachment evidence.[80] Defendants note that typically impeachment refers to the use of cross examination to discredit the credibility of a witness by, for example, confronting the witness with

---

[77] Rec. Doc. 106-2 at 7.

[78] Rec. Doc. 109 at 5.

[79] *Id*.

[80] Rec. Doc. 120 at 5.

a prior inconsistent statement or evidence of bad character.[81]

Pursuant to Federal Rule of Evidence 407, evidence of a subsequent remedial measure is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction.[82] Generally, the dismissal, discipline, or reassignment of an employee involved in causing an accident is considered a subsequent remedial measures and cannot be introduced to show that the defendant recognizes and admits his negligence.[83] Accordingly, the discipline of Maurice falls within the ambit of Rule 407.

However, Rule 407 does not apply to investigative reports or post-accident inspections that analyze the cause or reasons for an accident. Such reports are not themselves remedial measures in that they are not changes that would make the injury or harm less likely to occur in the future. Importantly, courts have recognized a distinction between the actual disciplining of employees for their wrongful conduct, which would constitute a remedial measure, and the investigation that preceded the actual disciplining.[84] Here, the preventability determination is more akin to a post-accident report or investigation. It is not a subsequent *measure*, in that it is not itself a change in policy or procedure; it is simply a determination as to the preventability of the accident. Accordingly, the Court finds that the preventability determination is not itself a subsequent

---

[81] *Id*.

[82] Fed. R. Evid. 407.

[83] *See, e.g.*, *Specht v. Jensen*, 863 F.2d 700, 701–02 (10th Cir. 1988) ("The press release here summarizes the results of the City's investigation of the incidents giving rise to the lawsuit. The release states that the officers involved exercised poor judgment in failing to read the writ of assistance thoroughly, and that appropriate disciplinary action would be taken. The release thus sets out remedial measures taken by the City to prevent the recurrence of the poor judgment the investigation revealed, and is therefore within the ambit of Rule 407.")).

[84] *See, e.g.*, *Wilson v. Beebe*, 770 F.2d 578, 590 (6th Cir. 1985) (finding that a post-shooting report prepared by police department was not inadmissible under Rule 407 because "[t]he report did not recommend a change in procedures following the shooting; it was a report of that incident and nothing more").

remedial measure covered by Rule 407.

Nevertheless, as discussed above, the disciplinary action taken against Maurice is a subsequent remedial measure. While the introduction of evidence of a subsequent remedial measure as proof of its negligence is disallowed, Rule 407 provides that evidence of such remedial measures may be admissible for other purposes "such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures."[85] However, the Fifth Circuit has cautioned district courts against the "liberal application" of the impeachment exception to "guard against the improper admission of evidence to prove prior negligence under the guise of impeachment."[86] A subsequent remedial measure may be used for impeachment when evidence of the measure "tend[s] to contradict [the witness's] opinions."[87] Nevertheless, "a defendant does not open the door to evidence of subsequent remedial measures merely by arguing that it was not negligent or that a dangerous condition did not exist."[88]

At this stage, the Court cannot adequately determine whether evidence of Maurice's discipline may be introduced for impeachment purposes. Prior to trial it would be impossible for the Court to determine what Defendants' witnesses will or will not testify to on the witness stand. Therefore, the Court defers a ruling as to the applicability of Rule 407's impeachment exception for Maurice's discipline until trial.

---

[85] Fed. R. Evid. 407.

[86] *Blythe v. Bumbo Int'l Trust*, 634 F. App'x. 944, 950 (5th Cir. 2015) (internal quotations and citation omitted).

[87] *Bickerstaff v. S. Cent. Bell Tel. Co.*, 676 F.2d 163, 168 (5th Cir. 1982).

[88] *Relf v. Wal-Mart Stores, Inc.*, 49 F.3d 728, at *3 (5th Cir. 1995) (per curiam) (citing *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1568 n.16 (11th Cir. 1991)).

***C. Whether any questioning requiring Knight's corporate representative to speculate, opine and/or provide a legal conclusion concerning the November 28, 2017 alleged accident, various traffic laws and the FMCSR and a commercial driver's duties and actions in hypothetical scenarios is inadmissible.***

Lastly, Defendants contend that the Court should preclude any questioning which requires Knight Transportation's corporate representative to speculate, opine and/or provide a legal conclusion concerning the alleged accident at issue, various traffic laws and a commercial driver's duties and actions in hypothetical scenarios.[89] Defendants argue that such testimony is speculative.[90] Defendants contend that the testimony is not based on the representative's personal knowledge.[91]

The Court declines to issue a broad ruling regarding hypothetical scenarios generally prior to the hypothetical being asked at trial. The Court will not allow a hypothetical lacking any factual support in the record or any hypothetical intended to inflame the jury to be asked. However, the admissibility of a hypothetical must be decided on a case-by-case basis.

However, with respect to legal conclusions, only the Judge may serve as the spokesperson for the law. "It is generally prohibited for a lay witness to interpret statutes and to give legal opinions."[92] Federal Rule of Evidence 704 states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." "The rule was enacted to change the old view that the giving [of] an opinion on an ultimate issue would 'usurp the function' or 'invade the province' of

---

[89] Rec. Doc. 106-2 at 10.

[90] *Id*. at 11.

[91] *Id*. at 10.

[92] *United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011), as revised (Dec. 27, 2011).

the jury."[93] The rule, however, does not "open the door to all opinions."[94] "The Advisory Committee notes [to Rule 704] make it clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give legal conclusions."[95] "[T]here is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge."[96]

**V. Conclusion**

Considering the forgoing reasons, the Court finds that the probative value of the preventability determination is not substantially outweighed by the danger of unfair prejudice under Rule 403. Additionally, the Court finds that the preventability determination is not itself a subsequent remedial measure covered by Rule 407. While the Court finds that the discipline of Maurice is a subsequent remedial measure, the Court defers a ruling as to the applicability of Rule 407's impeachment exception for Maurice's discipline until trial. Lastly, the Court declines to issue a broad ruling regarding hypothetical scenarios generally prior to the hypothetical being asked at trial.

Accordingly,

---

[93] *Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

[94] *Id*.

[95] *Id*.

[96] *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (quoting *Specht*, 853 F.2d at 807.

**IT IS HEREBY ORDERED** that is Defendants Jamie Maurice and Knight Transportation, Inc.'s "Motion in Limine Regarding Preventability Determinations, Disciplinary Actions and Other Improper Testimony"[97] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 16th day of July, 2020.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[97] Rec. Doc. 106.