## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE, et al.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Omnibus Motion to in Limine."[1] In the motion, Defendants move the Court to issue an Order excluding fourteen various categories of evidence.[2] Plaintiff Reginald Robert ("Plaintiff") opposes the motion.[3] Oral argument was held on the motion via video conference on July 15, 2020 at 10:00 a.m.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

### I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[5] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was

---

[1] Rec. Doc. 107.

[2] Rec. Doc. 108.

[3] Rec. Doc. 104-1 at 6.

[4] Rec. Doc. 130.

[5] Rec. Doc. 1.

1

attempting to merge onto US 90 from the onramp.[6] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[7] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation, when he collided with the vehicle containing Plaintiff.[8] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[9]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[10] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[11] The Court's order did not affect Plaintiff's remaining cause of action against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[12] On April 15, 2020, the Court denied Plaintiff's Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff as untimely filed.[13] Also on April 15, 2020, the Court denied Plaintiff's Motion for Partial Summary Judgment on Medical Causation as untimely filed.[14] Due to the COVID-19

---

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5.

[10] Rec. Doc. 26.

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 99.

[14] Rec. Doc. 100.

pandemic, the Court continued the trial to April 26, 2021.[15]

On May 12, 2020, Defendants filed the instant "Omnibus Motion to in Limine."[16] On May 26, 2020, Plaintiff filed an opposition to the instant motion.[17] On June 1, 2020, with leave of Court, Defendants filed a reply brief.[18] On July 15, 2020, with leave of Court, Plaintiff filed a sur-reply brief.[19] Oral argument was held on the motion via video conference on July 15, 2020 at 10:00 a.m.[20]

## II. Parties' Arguments

### A.   Defendants' Arguments in Support of the Motion

Defendants move the Court to exclude the introduction of fourteen various categories of evidence.[21]

### 1.        Financial Positions of the Parties

First, Defendants argue the Court should exclude any argument about or any reference to the relative financial positions of Defendants and Plaintiff.[22] Defendants contend that this evidence is irrelevant and unfairly prejudicial.[23]

---

[15] Rec. Doc. 101.

[16] Rec. Doc. 107.

[17] Rec. Doc. 108.

[18] Rec. Doc. 118.

[19] Rec. Doc. 129.

[20] Rec. Doc. 130.

[21] Rec. Doc. 108.

[22] Rec. Doc. 108-1 at 3.

[23] *Id*. at 3–4.

### 2.    Lay Testimony Regarding Physical Condition of Plaintiff

Second, Defendants assert the Court should exclude any lay evidence or lay testimony regarding the physical condition or work capacity of Plaintiff.[24] Defendants contend that lay witnesses are incompetent to testify to matters of a medical nature and such testimony is hearsay.[25]

### 3.    Payment of Property Damage

Third, Defendants contend the Court should exclude any evidence or testimony related to Defendants' payment of property damage concerning the Toyota Tundra driven by Plaintiff at the time of the accident.[26] Defendants argue evidence of this payment should be excluded under Federal Rule of Evidence 408.[27]

### 4.    Future Damages not Reduced to Present Value

Fourth, Defendants argue the Court should exclude any evidence of Plaintiff's future damages unless reduced to present value.[28]

### 5.    Punitive or Exemplary Damages

Fifth, Defendants assert the Court should exclude any reference to punitive or exemplary damages because such damages are not available in this matter.[29]

---

[24] *Id*. at 4.

[25] *Id*.

[26] *Id*. at 5.

[27] *Id*.

[28] *Id*. at 6.

[29] *Id*.

**6.      Unrelated Claims or Lawsuits**

Sixth, Defendants contend the Court should exclude evidence of any unrelated claims or lawsuits involving Defendants.[30] Defendants assert that a party seeking to introduce evidence of other complaints or claims must establish a substantial similarity between the cases.[31] Absent such a predicate, Defendants argue such evidence is irrelevant and unfairly prejudicial.[32]

**7.      Settlement Negotiations**

Seventh, Defendants argue the Court should exclude any mention, direct or indirect, of the fact of settlement negotiations and/or their content.[33] Defendants argue such evidence is irrelevant and unfairly prejudicial.[34]

**8.      Mention of Financial Hardship of Plaintiff**

Eighth, Defendants assert the Court should exclude any mention that Plaintiff is under financial hardship.[35] Defendants argue such evidence is irrelevant and unfairly prejudicial.[36]

**9.      Lay Testimony Regarding Information Provided to Plaintiff by a Doctor**

Ninth, Defendants contend the Court should exclude any testimony regarding what Plaintiff has been told by any doctor or other medical witness about his physical and medical condition except for such statements coming from the doctors themselves.[37] Defendants assert that any other

---

[30] *Id.*

[31] *Id.*

[32] *Id.* at 7.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

testimony on this issue would be hearsay.[38]

### 10.        Conscience of the Community or Golden Rule Arguments

Tenth, Defendants move the Court to exclude any improper argument that the jury is the conscience of the community or similar "Golden Rule" arguments.[39] Defendants argue such evidence is irrelevant and unfairly prejudicial.[40]

### 11.        Health Problems or Medical Conditions Plaintiff May Incur in the Future

Eleventh, Defendants argue the Court should exclude evidence regarding health problems or medical conditions Plaintiff may incur in the future.[41] Defendants assert such evidence is the province of a medical expert.[42]

### 12.        Prior Motions or Rulings Regarding Exclusion of Evidence or Testimony

Twelfth, Defendants assert the Court should exclude reference to prior motions or rulings regarding exclusions of evidence or testimony.[43]

### 13.        Reference to Absent or Probable Witnesses

Thirteenth, Defendants contend the Court should exclude reference to absent or probable witnesses.[44]

### 14.        Testimony from Passengers Pertaining to Injuries Sustained

Fourteenth, Defendants move the Court to exclude opinions or arguments by the passengers

---

[38] *Id*.

[39] *Id*. at 8.

[40] *Id*.

[41] *Id*.

[42] *Id*. at 9.

[43] *Id*.

[44] *Id*.

in Plaintiff's vehicle pertaining to injuries sustained following the accident.[45] Defendants assert that lay witnesses are incompetent to testify to matters of a medical nature and such testimony is hearsay.[46]

**B.   *Plaintiff's Arguments in Opposition to the Motion***

Plaintiff does not oppose Defendants' motion to the extent it seeks to exclude the following categories of evidence: (1) any argument about or any reference to the relative financial positions of Defendants and Plaintiff; (4) Plaintiff's future damages unless reduced to present value; (5) reference to punitive or exemplary damages; and (8) any mention Plaintiff is under financial hardship.[47] Plaintiff opposes the motion in limine to the extent it seeks to exclude the other categories of evidence.[48]

**2.     Lay Testimony Regarding Physical Condition of Plaintiff**

To the extent Defendants seek to exclude any lay evidence or lay testimony regarding the physical condition or work capacity of Plaintiff, Plaintiff asserts that a lay witness may offer testimony that is rationally based on his or her perception, helpful to determining a fact in issue, and not based on specialized knowledge.[49] Plaintiff asserts that a lay witness may present lay testimony to corroborate medical evidence.[50]

---

[45] *Id*. at 10.

[46] *Id*.

[47] Rec. Doc. 109 at 2.

[48] *Id*. at 2–11.

[49] *Id*. at 3–4.

[50] *Id*. at 4.

### 3.    Payment of Property Damage

Next, Plaintiff argues that the Court should not exclude any evidence or testimony related to Defendants' payment of property damage concerning the Toyota Tundra driven by Plaintiff at the time of the accident.[51] Plaintiff contends that the rule excluding evidence relating to compromise negotiations operates to exclude such testimony only on the issues of the amount or the validity of the claim which is the subject of the compromise.[52] Plaintiff asserts that such evidence can be admitted for another purpose.[53] Here, Plaintiff argues that the evidence is admissible to contradict Defendants' assertion that Plaintiff intentionally caused the accident.[54]

### 6.    Unrelated Claims or Lawsuits

To the extent Defendants seek to exclude evidence of any unrelated claims or lawsuits involving Defendants, Plaintiff concedes that such evidence is generally inadmissible.[55] However, if the accidents involve similar incidents involving the driver, Plaintiff asserts that the evidence may be admissible.[56] Therefore, Plaintiff requests that the Court leave this issue open for consideration.[57]

### 7.    Settlement Negotiations

Plaintiff argues that the Court should not exclude evidence regarding settlement

---

[51] *Id*. at 5.

[52] *Id*.

[53] *Id*.

[54] *Id*. at 6.

[55] *Id*. at 2.

[56] *Id*.

[57] *Id*.

negotiations.[58] Plaintiff contends that the rule excluding evidence relating to compromise negotiations operates to exclude such testimony only on the issues of the amount or the validity of the claim which is the subject of the compromise.[59] Plaintiff asserts that such evidence can be admitted for another purpose.[60] Here, Plaintiff argues that the evidence is admissible to contradict Defendants' assertion that Plaintiff intentionally caused the accident.[61]

### 9.      Lay Testimony Regarding Information Provided to Plaintiff by a Doctor

To the extent Defendants seek to exclude any testimony regarding what Plaintiff has been told by any doctor or other medical witness about his physical and medical condition except for such statements coming from the doctors themselves, Plaintiff asserts that a lay witness may offer testimony that is rationally based on his or her perception, helpful to determining a fact in issue, and not based on specialized knowledge.[62] Plaintiff asserts that a lay witness may present lay testimony to corroborate medical evidence.[63]

### 10.      Conscience of the Community or Golden Rule Arguments

To the extent Defendants seek to exclude any "Golden Rule" arguments, Plaintiff asserts that such arguments are permissible on the ultimate question of liability.[64]

### 11.      Health Problems or Medical Conditions Plaintiff May Incur in the Future

Next, Plaintiff contends the Court should not exclude evidence regarding health problems

---

[58] *Id.* at 4.

[59] *Id.* at 5.

[60] *Id.*

[61] *Id.* at 6.

[62] *Id.* at 3–4.

[63] *Id.* at 4.

[64] *Id.* at 7 (citing *Stokes v. Delcambre*, 710 F. 2d 1120, 1128 (5th Cir. 1983)).

or medical conditions Plaintiff may incur in the future.[65] Plaintiff asserts that a lay witness may present lay testimony to corroborate medical evidence.[66]

### 12. Prior Motions or Rulings Regarding Exclusion of Evidence or Testimony

To the extent Defendants seek to exclude reference to prior motions or rulings regarding exclusions of evidence or testimony, Plaintiff asserts this request is too vague and should be left open to be decided at trial.[67]

### 13. Reference to Absent or Probable Witnesses

To the extent Defendants seek to exclude reference to absent or probable witnesses, Plaintiff contends this evidence may be admitted if Defendants are aware of a witness possessing relevant information but choose not to present the testimony of that witness.[68]

### 14. Testimony from Passengers Pertaining to Injuries Sustained

Finally, Plaintiff argues that the passengers in Plaintiff's vehicle may testify to injuries sustained following the accident.[69] Plaintiff asserts that a lay witness may offer testimony that is rationally based on his or her perception, helpful to determining a fact in issue, and not based on specialized knowledge.[70]

### C. *Defendants' Arguments in Further Support of the Motion in Limine*

In the reply brief, Defendants provide additional arguments as to why certain categories of

---

[65] *Id.* at 8.

[66] *Id.* at 9.

[67] *Id.* at 2.

[68] *Id.* at 2–3.

[69] *Id.* at 10.

[70] *Id.*

evidence should be excluded.[71]

### 2. Lay Testimony Regarding Physical Condition of Plaintiff

Defendants assert that Plaintiff must establish opinion testimony as a predicate of any lay comment on any medical evidence.[72] Defendants contend that "[l]ay witness testimony concerning medical evidence cannot 'complement and corroborate' medical evidence if the medical evidence and testimony does not come first."[73]

### 3. Payment of Property Damage

Defendants contend that Plaintiff cannot present evidence of the payment made for the property damage to the vehicle.[74] Defendants assert that "[r]efuting the affirmative defense of Plaintiff's intentionally causing the alleged accident is an attempt to show Plaintiff's claim is valid."[75] Defendants argue that this is expressly prohibited by Federal Rule of Evidence 408.[76]

### 6. Unrelated Claims or Lawsuits

Defendants assert that evidence of other claims or accidents should be excluded because Plaintiff presents no evidence of any substantially similar claims or accidents.[77]

### 7. Payment of Property Damage

Defendants contend that Plaintiff cannot present evidence of settlement negotiations.[78]

---

[71] Rec. Doc. 118.

[72] *Id*. at 4.

[73] *Id*.

[74] *Id*. at 5–6.

[75] *Id*. at 6.

[76] *Id*.

[77] *Id*. at 1.

[78] *Id*. at 5–6.

Defendants assert that "[r]efuting the affirmative defense of Plaintiff's intentionally causing the alleged accident is an attempt to show Plaintiff's claim is valid."[79] Defendants argue that this is expressly prohibited by Federal Rule of Evidence 408.[80]

**10.      Conscience of the Community or Golden Rule Arguments**

Defendants argue that any conscience of the community or similar "Golden Rule" arguments are inadmissible.[81]   Defendants assert that the case Plaintiff cites to the contrary was incorrectly decided.[82] Furthermore, even if that case is correct, Defendants assert that the Court should exclude such arguments to the extent they are related to damages.[83]

**11.      Health Problems or Medical Conditions Plaintiff May Incur in the Future**

Defendants assert that Plaintiff should not be allowed to present evidence of medical conditions he believes he may incur in the future without first presenting medical testimony to show what conditions he may develop, to a reasonable degree of medical certainty.[84]

**12.      Prior Motions or Rulings Regarding Exclusion of Evidence or Testimony**

Next, Defendants argue that the Court should exclude argument or evidence concerning rulings on pretrial evidentiary motions, regardless of their substance.[85]

**13.      Reference to Absent or Probable Witnesses**

Defendants assert that the Court should prevent both parties from attempting to invoke the

---

[79] *Id.* at 6.

[80] *Id.*

[81] *Id.* at 8.

[82] *Id.*

[83] *Id.*

[84] *Id.*

[85] *Id.* at 2.

uncalled witness rule or from referencing any evidence or testimony not offered in court.[86]

### 14.        Testimony from Passengers Pertaining to Injuries Sustained

Defendants assert that testimony from passengers pertaining to injuries sustained is not admissible without first providing the foundational predicate from a medical doctor.[87] Defendants argue that Plaintiff has not named a medical doctor to provide testimony regarding the medical conditions of the passengers.[88] Furthermore, Defendants contend that allowing the passengers to testify about their alleged damages will inevitably imply they settled their claims.[89]

### D.    *Plaintiff's Arguments Made in the Sur-Reply*

In the sur-reply, Plaintiff again argues that lay testimony by Plaintiff regarding his medical condition should be admitted.[90] Additionally, Plaintiff asserts that the Court should not exclude evidence or testimony related to Defendants' payment for property damage to the Toyota Tundra.[91] Plaintiff contends that this evidence should be admitted to refute Defendants' affirmative defense that Plaintiff staged the accident.[92] According to Plaintiff, "[t]he very fact that Defendant paid this claim months later directly contradicts Defendant's contention that their Affirmative Defense that Plaintiff committed an 'intentional act' in causing this accident which Defendant claims they knew based on 'firsthand impressions.'"[93] Finally, Plaintiff contends that

---

[86] *Id.* at 3–4.

[87] *Id.* at 9.

[88] *Id.*

[89] *Id.*

[90] Rec. Doc. 129 at 1.

[91] *Id.* at 2.

[92] *Id.* at 3.

[93] *Id.* at 5.

the Court should not exclude opinion testimony by the passengers in the vehicle about their injuries sustained during the accident.[94]

### III. Legal Standard

#### A. Relevancy and Prejudice

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[95] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[96]

#### B. Hearsay

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in

---

[94] *Id.* at 6.

[95] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[96] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

evidence to prove the truth of the matter asserted in the statement."[97] Hearsay is not admissible

unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme

Court" provide otherwise.[98] After a party properly objects to the admission of evidence as

hearsay, the proponent of evidence bears the burden to show that statement is not offered as

hearsay or falls within an exception to the hearsay rule.[99]

## IV. Analysis

Defendants move the Court to exclude the introduction of fourteen various categories of

evidence.[100] Plaintiff does not oppose Defendants' motion to the extent it seeks to exclude the

following categories of evidence: (1) any argument about or any reference to the relative financial

positions of Defendants and Plaintiff; (4) Plaintiff's future damages unless reduced to present

value; (5) reference to punitive or exemplary damages; and (8) any mention Plaintiff is under

financial hardship.[101] Accordingly, the Court grants Defendants' motion as to these categories of

evidence.

Plaintiff opposes in whole or in part the exclusion of the other categories of evidence at

---

[97] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[98] Fed. R. Evid. 802.

[99] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[100] Rec. Doc. 108.

[101] Rec. Doc. 109 at 2.

issue in Defendants' omnibus motion in limine. Therefore, the Court addresses each category of contested evidence in turn.

### 2.    Lay Testimony Regarding Physical Condition of Plaintiff

Defendants assert the Court should exclude any lay evidence or lay testimony regarding the physical condition or work capacity of Plaintiff.[102] In opposition, Plaintiff argues that a lay witness may present lay testimony to corroborate medical evidence.[103] In reply, Defendants contend that Plaintiff must establish opinion testimony as a predicate of any lay comment on any medical evidence.[104]

Testimony regarding the cause of any medical condition is within the purview of a medical expert.[105] However, a lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence."[106] Accordingly, Defendants' request to exclude lay witnesses from testifying concerning Plaintiff's medical condition is overly broad and must be denied.

### 3.    Payment of Property Damage

Defendants contend the Court should exclude any evidence or testimony related to Defendants' payment of property damage concerning the Toyota Tundra driven by Plaintiff at the time of the accident.[107] Plaintiff argues that the evidence is admissible to contradict Defendants'

---

[102] Rec. Doc. 108-1 at 4.

[103] Rec. Doc. 109 at 4.

[104] Rec. Doc. 118 at 4.

[105] *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) (Duval, J.) ("[T]estimony as to causation or as to future medical treatment has been considered the province of expert testimony.").

[106] *Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004).

[107] Rec. Doc. 108-1 at 5.

assertion that Plaintiff intentionally caused the accident.[108]

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[109] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[110] However, such evidence is admissible to show the bias or prejudice of a witness.[111] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[112] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[113]

Pursuant to Federal Rule of Evidence 408, Plaintiff cannot present evidence of a settlement to prove the validity of his claim. Similarly, Plaintiff cannot present evidence of a settlement to disprove the defense's theory that Plaintiff fraudulently caused the accident. Admitting the evidence for that purpose would violate Rule 408, because evidence of a settlement cannot be admitted to either prove or disprove the validity of a disputed claim. Evidence of any settlement will be excluded for that purpose. Plaintiff has not presented an admissible basis upon which he would seek to admit this evidence at trial. To the extent Plaintiff seeks to introduce evidence of the settlement for another purpose, he may raise the issue again at trial, if necessary.

---

[108] Rec. Doc. 109 at 6.

[109] Fed. R. Evid. 408.

[110] Fed. R. Evid. 408(a)(1).

[111] Fed. R. Evid. 408(b).

[112] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[113] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

### 6.      Unrelated Claims or Lawsuits

Defendants contend the Court should exclude evidence of any unrelated claims or lawsuits involving Defendants.[114]   In response, Plaintiff concedes that such evidence is generally inadmissible.[115]   However, if the accidents involve similar incidents involving the driver, Plaintiff asserts that the evidence may be admissible.[116]   In reply, Defendants assert that Plaintiff presents no evidence of any substantially similar claims or accidents.[117]

The Court is not inclined to admit evidence of prior unrelated claims or lawsuits. Yet neither Plaintiff nor Defendants address this evidentiary issue with specificity. Because neither party enumerates any specific prior claim, the Court cannot determine whether any prior claim (1) is relevant under Federal Rule of Evidence 401 and (2) passes the balancing test under Federal Rule of Evidence 403. Therefore, the Court denies Defendants' abstract request, but will allow Defendants to raise this issue again at trial, if necessary.

### 7.      Settlement Negotiations

Defendants argue the Court should exclude any mention, direct or indirect, of the fact of settlement negotiations and/or their content.[118] Plaintiff argues that the evidence is admissible to contradict Defendants' assertion that Plaintiff intentionally caused the accident.[119]

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[120] Rule

---

[114] Rec. Doc. 108-1 at 6.

[115] Rec. Doc. 109 at 2.

[116] *Id.*

[117] Rec. Doc. 118 at 1.

[118] Rec. Doc. 108-1 at 7.

[119] Rec. Doc. 109 at 6.

[120] Fed. R. Evid. 408.

408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[121] However, such evidence is admissible to show the bias or prejudice of a witness.[122] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[123] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[124]

Pursuant to Federal Rule of Evidence 408, Plaintiff cannot present evidence of a settlement to prove the validity of his claim. Similarly, Plaintiff cannot present evidence of a settlement to disprove the defense's theory that Plaintiff fraudulently caused the accident. Admitting the evidence for that purpose would violate Rule 408, because evidence of a settlement cannot be admitted to either prove or disprove the validity of a disputed claim. Evidence of any settlement will be excluded for that purpose. Plaintiff has not presented an admissible basis upon which he would seek to introduce this evidence at trial. To the extent Plaintiff seeks to introduce evidence of the settlement for another purpose, he may raise the issue again at trial, if necessary.

## 9.    Lay Testimony Regarding Information Provided to Plaintiff by a Doctor

Defendants contend the Court should exclude any testimony regarding what Plaintiff has been told by any doctor or other medical witness about his physical and medical condition except

---

[121] Fed. R. Evid. 408(a)(1).

[122] Fed. R. Evid. 408(b).

[123] *Latiolais*, 574 F. App'x at 435.

[124] *Branch*, 783 F.2d at 1294.

for such statements coming from the doctors themselves.[125] Plaintiff asserts that a lay witness may offer testimony that is rationally based on his or her perception, helpful to determining a fact in issue, and not based on specialized knowledge.[126] Plaintiff asserts that a lay witness may present lay testimony to corroborate medical evidence.[127]

Testimony regarding the cause of any medical condition is within the purview of a medical expert.[128] However, a lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence."[129] Accordingly, Defendants' request to exclude lay witnesses from testifying regarding what Plaintiff has been told by any doctor or other medical witness about his physical and medical condition is overly broad and must be denied.

### 10.    Conscience of the Community or Golden Rule Arguments

Defendants move the Court to exclude any improper argument that the jury is the conscience of the community or similar "Golden Rule" arguments.[130] To the extent Defendants seek to exclude any "Golden Rule" arguments, Plaintiff asserts that such arguments are permissible on the ultimate question of liability.[131]

"Golden Rule" arguments are arguments which ask the jurors to stand in the shoes of a party.[132] "A plea to the jury members to 'put themselves in the shoes of the plaintiff and do unto

---

[125] Rec. Doc. 108-1 at 7.

[126] Rec. Doc. 109 at 3–4.

[127] Rec. Doc. 109 at 4.

[128] *Rea*, No. 12-1252, 2014 WL 4981803, at *2.

[129] *Barocco*, 100 F. App'x at 968.

[130] Rec. Doc. 108-1 at 8.

[131] Rec. Doc. 109 at 7.

[132] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005).

him as they would have done unto them under similar circumstances . . . [is] improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than the evidence.'"[133] However, the Fifth Circuit has also held that "[t]he use of the Golden Rule argument is improper only in relation to damages. It is not improper when urged on the issue of ultimate liability."[134]  In *Stokes v. Delcambre*, the plaintiff was assaulted while being held in Vermilion Parish jail, and the court found that it was permissible for counsel, in his closing argument, to ask the jury to put themselves in the plaintiff's place to determine whether his fears and resultant failure to request help were reasonable, because "[t]his determination went to the ultimate question of liability, not the amount of damage."[135] "Thus, the permissibility of Golden Rule arguments turns on whether they are directed to the reasonableness of a parties' actions (i.e. liability), rather than how a juror would wish to personally be compensated under similar circumstances."[136]

In response to the motion in limine, Plaintiff does not provide any detail on the Golden Rule argument he intends to present at trial. Accordingly, the Court cannot rule on the admissibility of any such argument at this time. Therefore, Defendants' request is denied because it is overly broad, but it may be reasserted again at trial if necessary.

**11.      Health Problems or Medical Conditions Plaintiff May Incur in the Future**

Defendants argue the Court should exclude evidence regarding health problems or medical

---

[133] *Id.* (quoting *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)).

[134] *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) (citing *Burrage v. Harrell*, 537 F.2d 837 (5th Cir. 1976)).

[135] *Id.*

[136] *Rivera v. Robinson*, No. CV 18-14005, 2020 WL 2838578, at *1 (E.D. La. June 1, 2020).

conditions Plaintiff may incur in the future.[137] In response, Plaintiff asserts that a lay witness may present lay testimony to corroborate medical evidence.[138] In reply, Defendants assert that Plaintiff should not be allowed to present evidence of medical conditions he believes he may incur in the future without first presenting medical testimony to show what conditions he may develop, to a reasonable degree of medical certainty.[139]

As discussed above, testimony regarding the cause of any medical condition is within the purview of a medical expert.[140] However, a lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence."[141] Accordingly, Defendants' request to exclude lay witnesses from testifying regarding potential future medical conditions is overly broad and must be denied.

### 12.     Prior Motions or Rulings Regarding Exclusion of Evidence or Testimony

Defendants assert the Court should exclude reference to prior motions or rulings regarding exclusions of evidence or testimony.[142] In response, Plaintiff asserts this request is too vague and should be left open to be decided at trial.[143]

The purpose of a motion in limine is for the Court to rule on certain evidentiary issues before trial. The parties should not mention evidence in the presence of the jury that has been excluded by this Court. If an evidentiary issue arises at trial, it will be addressed outside the

---

[137] Rec. Doc. 108-1 at 8.

[138] Rec. Doc. 109 at 9.

[139] Rec. Doc. 118 at 8.

[140] *Rea*, No. 12-1252, 2014 WL 4981803, at *2.

[141] *Barocco*, 100 F. App'x at 968.

[142] Rec. Doc. 108-1 at 9.

[143] Rec. Doc. 109 at 2.

presence of the jury. Accordingly, the Court excludes reference to prior motions or rulings regarding the exclusion of evidence or testimony.

### 13.      Reference to Absent or Probable Witnesses

Defendants contend the Court should exclude reference to absent or probable witnesses.[144] Plaintiff contends this evidence may be admitted if Defendants are aware of a witness possessing relevant information but choose not to present the testimony of that witness.[145] In reply, Defendants assert that the Court should prevent both parties from attempting to invoke the uncalled witness rule or from referencing any evidence or testimony not offered in court.[146]

As a general matter, the parties should not reference any potential evidence or testimony that is not offered in Court. To the extent this request is too vague to allow Plaintiff to file an appropriate response, Defendants' request is denied. Defendants may raise this issue at trial, if necessary.

### 14.      Testimony from Passengers Pertaining to Injuries Sustained

Defendants move the Court to exclude opinions or arguments by the passengers in Plaintiff's vehicle pertaining to injuries sustained following the accident.[147] Plaintiff argues that the passengers in Plaintiff's vehicle may testify to injuries sustained following the accident.[148] In reply, Defendants argue that Plaintiff has not named a medical doctor to provide testimony

---

[144] Rec. Doc. 108-1 at 9.

[145] Rec. Doc. 109 at 2–3.

[146] Rec. Doc. 118 at 3–4.

[147] Rec. Doc. 108-1 at 10.

[148] Rec. Doc. 109 at 10.

regarding the medical conditions of the passengers.[149] Furthermore, Defendants contend that allowing the passengers to testify about their alleged damages will inevitably imply they settled their claims.[150]

As discussed above, testimony regarding the cause of any medical condition is within the purview of a medical expert.[151] However, a lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence." [152] At this time, it is unclear what testimony the passengers in the car intend to present regarding their injuries. The passengers can present lay testimony that is within their personal knowledge. However, the passengers cannot provide medical causation testimony. Accordingly, Defendants' request to exclude lay witnesses from testifying regarding potential future medical conditions is overly broad and must be denied.

## V. Conclusion

Considering the foregoing reasons, the Court grants Defendants' omnibus motion in limine in part and denies it in part. Accordingly,

---

[149] Rec. Doc. 118 at 9.

[150] *Id.*

[151] *Rea*, No. 12-1252, 2014 WL 4981803, at *2.

[152] *Barocco.*, 100 F. App'x at 968.

**IT IS HEREBY ORDERED** that Defendants' "Omnibus Motion to in Limine"[153] is **GRANTED IN PART** to the extent it seeks to exclude the following categories of evidence: (1) any argument about or any reference to the relative financial positions of Defendants and Plaintiff; (3) any evidence or testimony related to Defendants' payment of property damage concerning the Toyota Tundra driven by Plaintiff at the time of the accident (4) Plaintiff's future damages unless reduced to present value; (5) reference to punitive or exemplary damages; (7) any mention, direct or indirect, of the fact of settlement negotiations and/or their content; (8) any mention Plaintiff is under financial hardship; and (12) reference to prior motions or rulings regarding exclusions of evidence or testimony.[154] The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this _16th_ day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[153] Rec. Doc. 107.

[154] Rec. Doc. 109 at 2.