UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion to Exclude Opinion Testimony."[1] In the motion, Defendants move the Court to issue an Order excluding the opinion testimony from Drs. Lonseth, Logan and Giang because Defendants assert Plaintiff Reginald Robert ("Plaintiff") failed to properly disclose the substance of their testimony as required by Federal Rule of Civil Procedure 26(a)(2)(C).[2] Plaintiff opposes the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion and requires Plaintiff to provide any Rule 26(a)(2)(C) disclosures to Defendants within 60 days of this Order.

## I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly

---

[1] Rec. Doc. 58.

[2] *Id.*

[3] Rec. Doc. 65.

1

sustained in a motor vehicle collision.[4] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation, when he collided with the vehicle containing Plaintiff.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[8]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[9] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[10] The Court's order did not affect Plaintiff's remaining cause of action against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[11]

---

[4] Rec. Doc. 1.

[5] *Id*. at 3.

[6] *Id.*

[7] *Id*.

[8] *Id.* at 5.

[9] Rec. Doc. 26.

[10] *Id*.

[11] *Id*.

On February 12, 2020, Defendants filed the instant "Motion to Exclude Opinion Testimony."[12] On February 14, 2020, Plaintiff filed an opposition to the motion.[13] On February 19, 2020, Defendants, with leave of Court, filed a reply.[14] Thereafter, due to the COVID-19 pandemic, the Court continued the trial, which was scheduled to begin on April 6, 2020, to April 26, 2021.[15]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Exclude*

In the motion, Defendants move the Court to issue an Order excluding the opinion testimony from Drs. Lonseth, Logan and Giang because Defendants assert Plaintiff failed to properly disclose the substance of their testimony as required by Federal Rule of Civil Procedure 26(a)(2)(C).[16] Defendants assert that Drs. Lonseth, Logan, and Giang were identified in Plaintiff's Rule 26 initial disclosures and listed on Plaintiff's witness list.[17] However, Defendants argue that Plaintiff has never provided a summary of the facts and opinions to which Drs. Lonseth, Logan, and Giang are expected to testify to at trial.[18] Accordingly, Defendants assert that the Court should

---

[12] Rec. Doc. 58.

[13] Rec. Doc. 65.

[14] Rec. Doc. 71.

[15] Rec. Doc. 101.

[16] Rec. Doc. 58 at 1.

[17] Rec. Doc. 58-2 at 1–2.

[18] *Id.* at 2.

exclude opinion testimony from these three doctors, particularly testimony concerning medical causation and the need for future medical treatment or care.[19]

### B.     *Plaintiff's Arguments in Opposition to the Motion to Exclude*

In opposition, Plaintiff first notes that the Scheduling Order required that all *Daubert* motions be filed in sufficient time to permit hearing thereon no later than February 12, 2020.[20] Therefore, Plaintiff asserts that the motion should be denied because it was not timely filed.[21]

Next, Plaintiff contends that Drs. Giang, Lonseth, and Logan are his treating physicians and they will offer expert testimony at trial.[22] Plaintiff asserts that this case is distinguishable from the case cited by Defendants because all three of the physicians were named in the initial Rule 26 disclosures and their medical records were immediately provided to Defendants.[23] Plaintiff notes that the initial disclosures not only list the treating physicians' names but also state the areas and/or types of treatment provided.[24] Plaintiff contends that these disclosures complied with the requirements of Federal Rule of Civil Procedure 26(a)(2)(C).[25] Additionally, Plaintiff notes that Defendants received all of Plaintiff's certified medical records by March 13, 2019.[26] Accordingly, Plaintiff argues that the motion to exclude should be denied.[27]

---

[19] *Id.* at 3.

[20] Rec. Doc. 65 at 1.

[21] *Id*. at 2.

[22] *Id.* at 1.

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.* at 5.

[26] *Id.*

[27] *Id*. at 9.

C.     *Defendants' Arguments in Further Support of the Motion to Exclude*

In reply, Defendants first argue that the motion in limine is timely because it is not a *Daubert* motion.[28] Defendants note that the motion does not address the admissibility of the opinion testimony or any *Daubert* factor.[29] Instead, Defendants assert that the motion is strictly concerned with the fact that Plaintiff never provided summary disclosures pursuant to Rule 26(a)(2)(C).[30] Pursuant to the Scheduling Order, Defendants argue that the deadline to file motions in limine is seven working days before trial.[31] Finally, Defendants contend that disclosures of medical records alone are insufficient to satisfy the Rule 26(a)(2)(C) standard.

Next, Defendants contend that Plaintiff's statement that the initial disclosures list the areas of expertise of these doctors is "clearly not true and impossible to justify."[32] Defendants note that the initial disclosures state only the names of the doctors and the names of their businesses.[33] Defendants point out that the initial disclosures say nothing about the doctors' areas of expertise or proposed testimony.[34] Finally, Defendants contend that disclosures of medical records alone are insufficient to satisfy the Rule 26(a)(2)(C) standard.[35] Accordingly, Defendants argue that the motion should be granted.[36]

---

[28] Rec. Doc. 71 at 1.

[29] *Id*.

[30] *Id*. at 1–2.

[31] *Id*. at 2.

[32] *Id*. at 4.

[33] *Id*.

[34] *Id*.

[35] *Id*.

[36] *Id*. at 5.

### III. Legal Standard

*A.     Lay Opinion and Expert Opinion Testimony*

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[37]

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[38]

*B.     Disclosure of Expert Testimony Pursuant to Federal Rule of Civil Procedure 26*

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), experts retained specifically for litigation must provide formal expert reports.[39] Before the 2010 amendments to the Federal Rules of Civil Procedure, non-retained experts were exempt from Rule 26's disclosure requirements under certain circumstances.[40] Following the 2010

---

[37] Fed. R. Evid. 701.

[38] Fed. R. Evid. 702.

[39] Fed. R. Civ. P. 26(a)(2)(B).

[40] *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.).

amendments, however, a non-retained expert is "subject to a separate, less stringent disclosure regime than their retained counterparts" under Rule 26(a)(2)(C).[41] "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."[42] A Rule 26(a)(2)(C) witness's expert opinion "must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation."[43] A reason for requiring less stringent disclosures for non-retained experts is that "these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[44]

Rule 26(a)(2)(C) requires the party submitting a non-retained expert's testimony to provide a summary disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."[45] These disclosures must be made in accordance with the deadlines set in the Court's Orders, or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other parties' disclosure when offered solely to rebut or contradict such evidence.[46]

---

[41] *Id. See also Causey v. State Farm Mut. Auto. Ins. Co*., No. CV 16-9660, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018) (Africk, J.) "[T]reating physicians fall under the limited disclosure requirement" of Rule 26(a)(2)(C). *Id.*

[42] *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017).

[43] *Laship, L.L.C. v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) (Brown, J.), *aff'd* 680 F. App'x at 317.

[44] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement.").

[45] Fed. R. Civ. P. 26(a)(2)(C).

[46] Fed. R. Civ. P. 26(a)(2)(D).

The Advisory Committee Notes to the 2010 amendments make clear that a treating physician may be called as non-retained expert, and any expert opinion that a treating physician provides will be subject to the disclosure requirements of Rule 26(a)(2)(C).[47] The Rule 26(a)(2)(C) "disclosure obligation does not include facts unrelated to the expert opinions the witness will present."[48] Therefore, only proposed expert testimony must be disclosed under Rule 26(a)(2)(C), and a treating physician may testify as a fact witness without making such a disclosure.

### IV. Analysis

Defendants move the Court to issue an Order excluding the opinion testimony from Drs. Lonseth, Logan and Giang because Defendants assert that Plaintiff failed to properly disclose the substance of their testimony as required by Federal Rule of Civil Procedure 26(a)(2)(C).[49] In opposition, Plaintiff argues that the motion in limine was not timely filed.[50] Alternatively, Plaintiff contends that Drs. Giang, Lonseth, and Logan are his treating physicians and should be allowed to offer expert testimony at trial.[51]

As an initial matter, the motion in limine was timely filed. On April 18, 2019, this Court issued a Scheduling Order providing that "[m]otions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon

---

[47] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

[48] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

[49] Rec. Doc. 58 at 1.

[50] Rec. Doc. 65 at 1–2.

[51] *Id.* at 1.

no later than **February 12, 2020**" and "[a]ll other motions in limine and trial memoranda shall be filed seven working days before trial and responses thereto shall be filed two working days before trial."[52]

The instant motion is not a *Daubert* motion seeking to exclude an expert under any of the factors set forth by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[53] The instant motion is strictly concerned with whether Plaintiff was required to make expert disclosures in accordance with Rule 26(a)(2)(C).

Trial was originally set to begin on April 6, 2020. However, on March 16, 2020, the Court issued COVID-19 General Order No. 20-2, continuing all civil jury trials scheduled to begin on any date from March 16 through May 1, 2020. Subsequently, the Court reset trial for April 26, 2021.[54] Therefore, the instant motion is timely because it was filed more than seven working days before trial. Accordingly, the Court turns to the merits of Defendants' motion.

A.     ***Whether the Proposed Causation Testimony is Lay Opinion or Expert Opinion Testimony***

In the instant motion, Defendants move to exclude Drs. Lonseth, Logan, and Giang from providing expert testimony concerning the cause of Rebecca Logan's alleged injuries and the need for future medical treatment or care.[55] In opposition, Plaintiff does not dispute that the proposed causation testimony is properly considered expert opinion testimony under Federal Rule of

---

[52] Rec. Doc. 12 at 2.

[53] 509 U.S. 579 (1993).

[54] Rec. Doc. 101.

[55] Rec. Doc. 58-2 at 3.

9

Evidence 702.[56] Indeed, "testimony as to causation or as to future medical treatment has been considered the province of expert testimony."[57] Although lay witnesses may offer opinions, lay witnesses may not testify concerning any opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[58] A leading treatise illustrates the distinction between a treating physician's lay and expert opinions:

> When the physician testifies that the plaintiff was coughing and running a fever, this is lay witness testimony governed by Rule 701. However, if the physician also testifies that he diagnosed the patient as having Reactive Airways Dysfunction Syndrome caused by exposure to a toxic chemical, then this is testimony based on scientific, technical, or other specialized knowledge and must be qualified under Rule 702.[59]

To opine on the cause of Plaintiff's alleged injuries at trial, a person would necessarily require "scientific, technical, and specialized knowledge far beyond the ordinary experience of lay persons."[60] Therefore, the proposed testimony on causation is expert opinion testimony and subject to the disclosure requirements of Federal Rule of Civil Procedure 26.

### B.    *Whether Plaintiff Satisfied Rule 26's Disclosure Requirements*

Rule 26 requires litigants to disclose expert testimony. A plaintiff can disclose his or her treating physicians' expert testimony pursuant to either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). Rule

---

[56] Rec. Doc. 65 at 1.

[57] *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) (Duval, J.); *see also Sheppard*, 2017 WL 467092, at *2 ("[T]reating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of [the plaintiff's] alleged illnesses.").

[58] Fed. R. Evid. 701.

[59] S. Saltzburg, M. Martin, D. Capra, Federal Rules of Evidence Manual § 701.02[7], at 701–17 (9th ed. 2006).

[60] Fed. R. Evid. 701; *see also* Rea, 2014 WL 4981803, at *2; see also Sheppard, 2017 WL 467092, at *2 ("[T]reating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of [the plaintiff's] alleged illnesses.").

26(a)(2)(B) requires experts retained specifically for litigation to provide a formal expert report.[61] Plaintiff does not argue that he provided a formal expert report for any treating physician under Rule 26(a)(2)(B).[62] Instead, Plaintiff contends that he properly disclosed the treating physicians' expert testimony in their initial disclosures by providing Defendants with a fully copy of Plaintiff's medical records.[63] Therefore, the Court will analyze whether Plaintiff has satisfied Rule 26(a)(2)(C)'s disclosure requirements.

Rule 26(a)(2)(C) requires the disclosure of non-retained experts to state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[64] The Fifth Circuit has not addressed Rule 26(a)(2)(C)'s disclosure requirements often because Rule 26(a)(2)(C) was added to Rule 26 in 2010. Yet federal district courts in the Fifth Circuit have analyzed Rule 26(a)(2)(C)'s requirements in several cases since 2010. For instance, in *Rodgers v. Hopkins Enterprises of Ms., LLC*, another section in the Eastern District of Louisiana held that a party's Rule 26(a)(2)(C) disclosures were "plainly inadequate."[65] There, the disclosures provided that the doctor at issue "may testify as to all aspects of the medical evaluation and treatment of [the plaintiff], as well as any future treatment."[66] The district court reasoned that such

---

[61] Fed. R. Civ. P. 26(a)(2)(B).

[62] *See* Rec. Doc. 65.

[63] *Id.* at 6.

[64] Fed. R. Civ. P. 26(a)(2)(C).

[65] *Rodgers v. Hopkins Enterprises of Ms*., LLC, No. CV 17-6305, 2018 WL 3104288, at *2 (E.D. La. June 21, 2018) (Vance, J.)

[66] *Id*.

"short and vague statements" do not sufficiently constitute a "summary [of] the facts and opinions to which the witness is expected to testify."[67] Alternatively, the plaintiff argued that she effectively disclosed her doctor's expert opinions when she provided defendants with her medical records.[68] The district court rejected the plaintiff's argument and held that "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)."[69]

Here, Plaintiff did not timely provide a "summary of the facts and opinions" to which the treating physicians are expected to testify as required under Rule 26(a)(2)(C). Instead, Plaintiff initially only provided Defendants with a list of his treating physicians' names, the names of their practices, and their addresses. This disclosure is much less informative than the inadequate "short and vague" statements in *Rodgers*.[70] Plaintiff turned over medical records produced by his treating physicians, but "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)."[71] Although courts "must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures, a "summary disclosure should at the very least [be] an abstract, abridgement, or compendium of the opinion and facts supporting the opinion."[72] Put another way, Rule 26(a)(2)(C) does not require a comprehensive disclosure, but "it does require

---

[67] *Id.*

[68] *Id.*

[69] *Id.* (quoting *Hooks v. Nationwide Hous. Sys.*, LLC, No. 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) (Barbier, J.))

[70] Rec. Doc. 82-5; Rec. Doc. 82-6.

[71] *See Hooks*, 2016 WL 3667134, at *3; *see also Rodgers*, 2018 WL 3104288, at *2; *Causey*, 2018 WL 2234749, at *2; *Sheppard*, 2017 WL 467092, at *2; *Knighton v. Lawrence*, No. 14-718, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("[Under Rule 26(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.").

[72] *Rea v. Wisconsin Coach Lines, Inc.*, No. CIV.A. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) (Duval, J.) (internal quotation marks and citations omitted)

disclosure in at least *some* form."[73] Plaintiff did not offer any summary disclosures and instead elected to provide only the names and addresses of his treating physicians.[74] Accordingly, Plaintiff has not provided Rule 26(a)(2)(C) disclosures for his treating physicians.

Summary disclosures must be made at least 90 days before trial, unless the Court orders that the disclosures be made by another date.[75] Due to the COVID-19 pandemic, the Court continued the trial, which was scheduled to begin on April 6, 2020, to April 26, 2021.[76] Accordingly, to allow both sides adequate time to prepare for the new trial date, the Court will require Plaintiff to provide any Rule 26(a)(2)(C) disclosures within 60 days of this Order.

## V. Conclusion

Considering the forgoing reasons, Plaintiff must provide Rule 26(a)(2)(C) disclosures for his treating physicians if he intends to have them testify regarding causation of his injuries. To allow both sides adequate time to prepare for the new trial date, the Court will require Plaintiff to provide any Rule 26(a)(2)(C) disclosures within 60 days of this Order. Accordingly,

---

[73] *Causey*, 2018 WL 2234749, at *2.

[74] Rec. Doc. 65 at 4.

[75] Fed. R. Civ. P. 26(a)(2)(D).

[76] Rec. Doc. 101.

**IT IS HEREBY ORDERED** that Defendants' "Motion to Exclude Opinion Testimony"[77] is **DENIED.** Plaintiff must provide any Rule 26(a)(2)(C) disclosures to Defendants within 60 days of this Order.

**NEW ORLEANS, LOUISIANA,** this 26th day of August, 2020.

                                                        **NANNETTE JOLIVETTE BROWN**
                                                        **CHIEF JUDGE**
                                                        **UNITED STATES DISTRICT COURT**

---

[77] Rec. Doc. 58.