UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-11632** |
| **JAMIE MAURICE, KNIGHT TRANSPORTATION, INC., AND ABC INSURANCE COMPANY** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion to Unseal Pleading."[1] In the instant motion, Defendants urge the Court to unseal the "*Ex Parte* Motion to Seal Evidence in this Matter"[2] and the exhibits attached thereto filed by Plaintiff Reginald Robert ("Plaintiff").[3] Plaintiff opposes the motion.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[5] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90

---

[1] Rec. Doc. 142.

[2] Rec. Doc. 94.

[3] Rec. Doc. 142 at 1.

[4] Rec. Doc. 146.

[5] Rec. Doc. 1.

1

from the onramp.[6] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where Plaintiff was traveling, causing a collision between the two vehicles.[7] Plaintiff alleges that Maurice was driving a vehicle owned by Knight Transportation and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[8] Accordingly, Plaintiff brings a negligence claim against Maurice and against Knight Transportation under the doctrine of respondeat superior.[9]

On January 11, 2019, Knight Transportation filed an answer to the Complaint.[10] On March 1, 2019, Maurice filed an answer to the Complaint.[11] On September 9, 2019, with leave of Court, Defendants filed an amended answer to the Complaint.[12] In the amended answer, Defendants assert that "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert."[13]

On April 18, 2019, a Scheduling Order was issued along with a Pre-Trial Notice.[14] The Pre-Trial Notice provides in part that "only exhibits included on the exhibit list and/or for which

---

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5.

[10] Rec. Doc. 7.

[11] Rec. Doc. 9.

[12] Rec. Doc. 23.

[13] *Id.*

[14] Rec. Doc. 12.

memoranda have been submitted shall be included for use at trial."[15] However, "[i]f a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may ex parte request a conference with the Court and make his position known to the Court *in camera*."[16]

On March 25, 2020, Plaintiff filed an "*Ex Parte* Motion to Seal Evidence in this Matter" (the "Motion to Seal").[17] In the Motion to Seal, Plaintiff presented certain evidence to the Court for *in camera* inspection because Plaintiff believed that the evidence would be used solely for the purpose of impeachment and did not need to be disclosed to Defendants before trial.[18]

Thereafter, the trial in this matter, originally scheduled for April 6, 2020, was continued due to the COVID-19 pandemic.[19] On April 16, 2020, the Court set April 26, 2021, as the new trial date.[20] On December 11, 2020, Defendants filed the instant motion urging this Court to unseal Plaintiff's Motion to Seal and the accompanying exhibits.[21] On December 22, 2020, Plaintiff filed an opposition to the instant motion.[22] On December 30, 2020, with leave of Court, Defendants filed a reply to Plaintiff's opposition.[23]

---

[15] Rec. Doc. 12-1 at 5.

[16] *Id*.

[17] Rec. Doc. 94.

[18] Rec. Doc. 94-2.

[19] Rec. Doc. 95. Due to the continuance of the trial date, the Court has not ruled on Plaintiff's Motion to Seal.

[20] Rec. Doc. 101.

[21] Rec. Doc. 142.

[22] Rec. Doc. 146.

[23] Rec. Doc. 149.

## II. Parties' Arguments

*A.    Defendants' Arguments in Support of the Motion*

Defendants raise two main arguments in support of their motion to unseal Plaintiff's Motion to Seal. First, Defendants contend that Plaintiff "cannot satisfy his burden of proof" to seal the motion and its exhibits because the evidence Plaintiff seeks to seal is substantive and will not be used solely for the purpose of impeachment.[24] Defendants note that in prior pleadings, Plaintiff "has admitted the information [in the Motion to Seal] contains substantive evidence Plaintiff apparently believes rebuts one of Defendants' affirmative defenses," namely that Plaintiff staged the alleged accident at issue.[25] Defendants argue that they "are entitled to learn of this evidence to place it in the proper context" and therefore, the evidence should not be filed under seal.[26] Defendants contend that Plaintiff bears the burden of proving that this Court should seal the evidence at issue but that "Plaintiff has not attempted to do so."[27]

Alternatively, Defendants allege that Plaintiff failed to "follow proper procedure for sealing documents" when Plaintiff filed the Motion to Seal.[28] Defendants argue that Plaintiff failed to abide by the requirements set out in Local Rule 5.6 for filing a document under seal, thereby "depriving Defendants of the opportunity to test whether the information requested should be sealed."[29] Defendants urge this Court to unseal this information but assert that "at a minimum, Plaintiff must follow the proper procedure for requesting the Court seal documents in the first

---

[24] Rec. Doc. 142-1 at 5.

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 5.

[29] *Id.*

4

place."[30]

### B. *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff argues that the evidence at issue should be sealed because Plaintiff plans to use it as impeachment evidence.[31] Plaintiff contends that, under the terms of the Scheduling Order and Pre-Trial Notice, evidence that either party plans to use solely for impeachment can be presented to the Court for *in camera* inspection.[32] Plaintiff asserts that the relevant evidence is "pure impeachment evidence"[33] that "will be offered to refute and discredit any witness who attempts to verify Defendant's 'story' and Affirmative Defense" that Plaintiff was involved in staging the accident.[34]

Plaintiff further argues that the instant motion is untimely.[35] Plaintiff contends that "Defendants were well aware of the filing" of the Motion to Seal on March 26, 2020, and knew that the Court did not extend discovery deadlines when it continued the trial due to the COVID-19 pandemic.[36] Accordingly, Plaintiff argues, Defendants should have filed a motion for leave to file the instant motion or to modify the Scheduling Order.[37] Plaintiffs contend that Defendants, by filing the instant motion, "failed to abide by the Courts rules."[38]

---

[30] *Id.*

[31] Rec. Doc. 146 at 3.

[32] *Id.* at 3–4.

[33] *Id.* at 6.

[34] *Id.* at 4.

[35] *Id.* at 6.

[36] *Id.*

[37] *Id.*

[38] *Id.*

C.      *Defendants' Arguments in Further Support of the Motion*

In reply, Defendants argue that the evidence must be disclosed because Plaintiff, in the opposition brief, "admits the alleged impeachment evidence is actually substantive."[39] Defendants contend that "[e]vidence addressing the truth of a matter to be determined by the trier of fact, such as an affirmative defense, is literally the definition of substantive evidence."[40] Defendants argue that Plaintiff admits in the opposition brief that "he filed substantive evidence under seal under the improper label of impeachment evidence."[41] Therefore, Defendants assert that they "are clearly entitled to confront substantive evidence addressing the truth or not of their affirmative defense."[42] Further, Defendants argue that they plan to file a motion in limine seeking to exclude the evidence at issue because Plaintiff "admittedly did not produce it timely."[43]

### III. Legal Standard

Federal Rule of Civil Procedure 26(a)(1) requires each party to provide initial disclosures to the other parties "without awaiting a discovery request." This requirement includes the disclosure of all documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Thus, all substantive evidence must be disclosed to the opposing party. However, Rule 26(a)(1) includes an exception providing that evidence need not be disclosed "if the use would be solely for impeachment."

In distinguishing between the two types of evidence, the Fifth Circuit has defined

---

[39] Rec. Doc. 149 at 1.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 2.

[43] *Id.*

6

substantive evidence as evidence that is "offered to establish the truth of a matter to be determined by the trier of fact."[44] Impeachment evidence, by contrast, is evidence "offered to discredit a witness . . . to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] and [her] testimony."[45]

The Fifth Circuit "has made clear that some evidence serves both substantive and impeachment functions and thus should not be treated as 'solely' impeachment evidence" that is exempt from disclosure under Rule 26(a)(1).[46] "Rule 26(a)(1)'s automatic disclosure requirement was adopted to end two evils that had threatened civil litigation: expensive and time-consuming pretrial discovery techniques and trial-by-ambush."[47] With this history in mind, the Fifth Circuit has cautioned that a "too expansive reading of the impeachment exception would cause a resurgence of these evils."[48]

## IV. Analysis

Defendants raise two main arguments in favor of unsealing Plaintiff's Motion to Seal. First, Defendants contend that Plaintiff "cannot satisfy his burden of proof" to seal the motion and its exhibits because the evidence at issue is substantive.[49] Alternatively, Defendants allege that Plaintiff failed to "follow proper procedure for sealing documents" when Plaintiff filed the Motion to Seal.[50]

---

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* (quoting *Standley v. Edmonds-Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015)).

[48] *Id.* (quoting *Standley*, 783 F.3d at 1283–84).

[49] Rec. Doc. 142-1 at 5.

[50] *Id.* at 5.

As an initial matter, this Court notes that, due to the COVID-19 pandemic, the trial in the instant action was continued from April 6, 2020 to April 26, 2021. Because the trial was continued, the Court has not yet ruled on Plaintiff's Motion to Seal. In the Motion to Seal, Plaintiff presented certain evidence to the Court for *in camera* inspection because Plaintiff believed that the evidence would be used solely for the purpose of impeachment and did not need to be disclosed to Defendants before trial.[51] Accordingly, the Court must determine whether the evidence will be offered solely for impeachment purposes or whether it is substantive evidence that should be disclosed to Defendants prior to trial.

One of the defenses in this matter is that "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert."[52] As part of this defense, Defendants have stated that they plan to present evidence to show that Plaintiff called Cornelius Garrison—an individual who was previously accused of staging motor-vehicle accidents—several days before the accident at issue in this litigation.[53]

Plaintiff attached T-Mobile records related to the alleged phone calls between Plaintiff and Mr. Garrison to the Motion to Seal.[54] Plaintiff indicates that he plans to use this evidence to prove that the calls went to voicemail and Plaintiff never spoke to Mr. Garrison, which Plaintiff asserts would disprove Defendants' theory that Plaintiff staged the accident at issue in the instant case.[55]

---

[51] Rec. Doc. 94-2.

[52] Rec. Doc. 23 at 5.

[53] Rec. Doc. 62 at 5.

[54] Rec. Doc. 94-4; Rec. Doc. 94-5.

[55] *See* Rec. Doc. 94-2.

This intended use is clearly substantive and will not be offered solely for the purpose of impeachment. By definition, substantive evidence is evidence "offered to establish the truth of a matter to be determined by the trier of fact," whereas impeachment evidence is used to discredit a witness.[56] Plaintiff seeks to present the phone records to prove that Plaintiff did not speak to Mr. Garrison and therefore did not stage the accident. The issue of whether Plaintiff staged or otherwise caused the accident is an issue of fact that must be resolved by the jury. Accordingly, because the evidence attached to the Motion to Seal is not purely impeachment evidence it must be disclosed to Defendants before trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jamie Maurice and Knight Transportation, Inc.'s "Motion to Unseal Pleading"[57] is **GRANTED**. The evidence attached to Plaintiff's Motion to Seal[58] will not be offered solely for the purpose of impeachment and should be disclosed to Defendants before trial.

**NEW ORLEANS, LOUISIANA**, this __28th__ day of January, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[56] *Olivarez*, 844 F.3d at 204.

[57] Rec. Doc. 142.

[58] Rec. Doc. 94.