UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINALD ROBERT**                                                      **CIVIL ACTION**

**VERSUS**                                                               **NO. 18-11632**

**JAMIE MAURICE, ET AL.**                                                **SECTION: "G"**

## ORDER AND REASONS

Before the Court is Plaintiff Reginald Robert's ("Plaintiff") "Motion for Partial Summary Judgment on Medical Causation."[1] In the instant motion, Plaintiff urges this Court to grant partial summary judgment in his favor, finding that Plaintiff's injuries and medical treatment were caused by the automobile accident at issue in this litigation.[2] Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc. ("Knight Transportation") (collectively, "Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[4] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a

---

[1] Rec. Doc. 160.

[2] *Id.*

[3] Rec. Doc. 164.

[4] Rec. Doc. 1.

1

vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that Maurice was driving a vehicle owned by Knight Transportation and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and against Knight Transportation under the doctrine of respondeat superior.[8]

On March 9, 2020, Plaintiff filed a "Motion for Partial Summary Judgment on Medical Causation."[9] On April 15, 2020, the Court denied the motion as untimely without reaching the merits of the motion.[10] On April 16, 2020, the trial in this matter was continued to April 26, 2021 due to the COVID-19 pandemic.[11] On January 14, 2021, General Order 21-1 continued all jury trials in this district, including the April 26, 2021 trial in this matter, until after May 1, 2021. On January 14, 2021, Plaintiff filed a "Motion for Leave of Court to File Plaintiff's Motion for Summary Judgment on the Issue of Causation."[12] On January 27, 2021, the Court granted the

---

[5] *Id*. at 3.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 5.

[9] Rec. Doc. 85.

[10] Rec. Doc. 100.

[11] Rec. Doc. 101.

[12] Rec. Doc. 154.

motion for leave to file.[13]

On January 27, 2021, Plaintiff filed the instant motion for summary judgment.[14] On January 28, 2021, Defendants filed an opposition to the motion.[15]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that summary judgment is appropriate on the issue of causation because "all of the medical evidence and testimony in this case unequivocally and conclusively prove that [Plaintiff] was, in all medical probability, injured as a result of the November 28, 2017 accident which gave rise to this litigation."[16] Plaintiff argues that three physicians have provided affidavits confirming that the accident at issue in this case caused Plaintiff's injuries, in direct contrast to Defendants who did not retain any experts to dispute medical causation and did not depose any of Plaintiff's experts.[17] Plaintiff contends that because there are "no competing theories of medical causation," this Court should grant summary judgment in Plaintiff's favor on the issue of causation.[18]

### B. *Defendants' Arguments in Opposition to the Motion*

Defendants contend that summary judgment is inappropriate because a question of fact remains as to whether Plaintiff was injured in the alleged accident with Defendants.[19] Defendants

---

[13] Rec. Doc. 158.

[14] Rec. Doc. 160.

[15] Rec. Doc. 164.

[16] Rec. Doc. 160-1 at 1.

[17] *Id.* at 2, 4.

[18] *Id.* at 5.

[19] Rec. Doc. 164.

3

point to multiple pieces of evidence that Defendants allege cast doubt on Plaintiff's causation claim. First, Defendants aver that Plaintiff's medical records show that Plaintiff was injured not in the collision with Defendants, but in prior automobile accidents.[20] Defendants further allege that the doctors who treated Plaintiff following the alleged accident with Defendants were "well-familiar with the litigation landscape and indeed Plaintiff's counsel."[21] Defendants argue that a jury "is entitled to believe Plaintiff's counsel's chose[n] doctors are bias[ed] or at a minimum that Plaintiff has not told them the truth" concerning his injuries.[22]

In addition, Defendants claim that both the body camera footage of the officer investigating the alleged accident and statements made by Plaintiff in the police report cast further doubt on Plaintiff's claim that he was injured in the alleged accident with Defendants.[23] Because of questions surrounding causation, Defendants contend, Plaintiff has not met his burden for summary judgment.[24]

### III. Legal Standard on a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations

---

[20] *Id.* at 2.

[21] *Id.* at 3.

[22] *Id.* at 4.

[23] *Id.* at 5.

[24] *Id.*

[25] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

or weighing the evidence."[26] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[27] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[28] The nonmoving party may not rest upon the pleadings.[29] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[30]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[31] Where the nonmovant bears the burden of proof at trial, "the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[32] If the moving party satisfies

---

[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[27] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[28] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[30] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[31] *Celotex*, 477 U.S. at 323.

[32] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

or weighing the evidence."[26] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[27] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[28] The nonmoving party may not rest upon the pleadings.[29] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[30]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[31] Where the nonmovant bears the burden of proof at trial, "the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[32] If the moving party satisfies

---

[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[27] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[28] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[30] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[31] *Celotex*, 477 U.S. at 323.

[32] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[33]

However, "where the movant bears the burden of proof at trial, the movant 'must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial.'"[34] "The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[35]

### IV. Analysis

In this litigation, Plaintiff brings a negligence claim against Defendants. Plaintiff bears the burden of proving all elements of his negligence claim, including causation, at trial. Therefore, in order to succeed on the instant motion for summary judgment, Plaintiff "must establish beyond peradventure" that the alleged accident at issue caused his injuries.[36] Under Louisiana law, "[t]he test for determining the causal relationship between the accident and subsequent injury is whether the plaintiffs prove through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[37] If Plaintiff meets his initial burden on the motion for

---

[33] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[34] *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).

[35] *Ridgeway v. Pfizer, Inc.*, No. 09-2794, 2010 WL 1729187, at *1 (E.D. La. Apr. 27, 2010) (Vance, J.).

[36] *Lyons*, 964 F.3d at 302.

[37] *Ridgeway*, 2010 WL 1729187, at *2.

6

summary judgment, "the burden shifts to [Defendants] to establish an issue of fact that warrants trial."[38]

Plaintiff argues that summary judgment is appropriate on the issue of causation in the instant case because Plaintiff has presented affidavits from three medical experts who state that Plaintiff's injuries resulted from the alleged accident with Defendants, while Defendants have failed to provide any contradictory expert testimony or to depose Plaintiff's experts. In response, Defendants argue that summary judgment is inappropriate because evidence, including Plaintiff's medical records, police body camera footage, and the police report of the alleged accident, creates a genuine issue of material fact as to whether Plaintiff was, in fact, injured in the accident at issue in this litigation.

Under Louisiana law, "[a] defendant takes his victim as he finds him and he is responsible for all the natural and probable consequences of his tortious conduct. Where the defendant's negligent action aggravates a pre-existing injury, he must compensate the victim for the full extent of this aggravation."[39] Therefore, Defendants' claims that Plaintiff injured his neck and back in previous automobile accidents, even if true, is not a bar to recovery in the instant case.

However, Plaintiff's burden on the instant motion is high, as he must "establish beyond peradventure"[40] that "it is more probable than not that the subsequent injuries were caused by the accident."[41] Plaintiff has failed to meet his burden and summary judgment is thus inappropriate. While Plaintiff's past injuries are not a bar to recovery, Defendants remain free to argue to the

---

[38] *Id.*

[39] *Perniciaro v. Brinch*, 384 So. 2d 392, 395–96 (La. 1980).

[40] *Lyons*, 964 F.3d at 302.

[41] *Ridgeway*, 2010 WL 1729187, at *2.

7

jury that the accident at issue did not aggravate Plaintiff's preexisting conditions. Defendants obtained certified medical records from medical providers who previously treated Plaintiff[42] and listed those providers as witnesses for trial.[43]

Plaintiff argues that Defendants cannot defeat summary judgment because they have not retained an expert to dispute medical causation. Expert testimony is required to establish causation only when "the question of medical causation is complex and not within the knowledge of an ordinary lay person."[44] Plaintiff's theory of causation in the instant case "is not so complex as to be outside the knowledge of lay factfinders" and thus, Defendants do not need a retained medical expert to testify on their behalf.[45] Therefore, because there is a genuine issue of fact as to causation, summary judgment is inappropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Reginald Robert's "Motion for Partial Summary Judgment on Medical Causation"[46] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __14th__ day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[42] Rec. Doc. 164 at 2; Rec. Doc. 164-3; Rec. Doc. 164-5.

[43] Rec. Doc. 162.

[44] *Anh Ngoc Vo v. Chevron U.S.A., Inc.*, No. 12-1341, 2014 WL 3401095, at *2 (E.D. La. July 11, 2014) (Engelhardt, J.).

[45] *Bratkowski v. Aspen Ins. UK, Ltd.*, No. 15-294, 2016 WL 2901655, at *4 (E.D. La. May 18, 2016) (Feldman, J.).

[46] Rec. Doc. 160.