UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE, ET AL.** | **SECTION: "G"** |

**ORDER AND REASONS**

Before the Court is Plaintiff Reginald Robert's ("Plaintiff") "Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff."[1] In the instant motion, Plaintiff urges this Court to strike the affirmative defense raised by Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc. ("Knight") (collectively, "Defendants") that Plaintiff intentionally caused the accident at issue in this litigation.[2] Defendants oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

**I. Background**

On November 27, 2018, Plaintiff filed a complaint against Defendants in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[4] According to the Complaint, on August 9, 2017, Plaintiff was allegedly operating a

---

[1] Rec. Doc. 159.

[2] Rec. Doc. 159-1.

[3] Rec. Doc. 163.

[4] Rec. Doc. 1.

1

vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that Maurice was driving a vehicle owned by Knight Transportation and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and against Knight Transportation under the doctrine of respondeat superior.[8]

On February 18, 2020, Plaintiff filed a "Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff."[9] On April 15, 2020, the Court denied the motion as untimely without reaching the merits of the motion.[10] On April 16, 2020, the trial in this matter was continued to April 26, 2021 due to the COVID-19 pandemic.[11] On January 14, 2021, General Order 21-1 continued all jury trials in this district until after May 1, 2021. On January 14, 2021, Plaintiff filed a "Motion for Leave of Court to File Plaintiff's Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff."[12] On January 27, 2021, the Court granted the motion for leave

---

[5] *Id*. at 3.

[6] *Id.*

[7] *Id*.

[8] *Id.* at 5.

[9] Rec. Doc. 69.

[10] Rec. Doc. 99.

[11] Rec. Doc. 101.

[12] Rec. Doc. 153.

to file.[13]

On January 27, 2021, Plaintiff filed the instant motion.[14] On January 28, 2021, Defendants filed an opposition to the instant motion.[15]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Strike*

Plaintiff moves the Court to strike the "intentional acts" affirmative defense from the "Proposed Amending and Supplemental Answers to Complaint" (the "Amended Answer") filed by Defendants.[16] Plaintiff claims that the affirmative defense, in which Defendants allege "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert," really constitutes a defense of fraud subject to the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b).[17] Plaintiff alleges that the Amended Answer does not meet the heightened pleading requirements.[18]

Plaintiff contends that discovery has shown that Defendant "simply has never had any evidence to support its 'intentional act' theory from the inception of the claim."[19] Plaintiff alleges that evidence weighs against a finding of fraud, as the dash camera footage from the alleged collision, Maurice's statements and actions after the accident, and Maurice's deposition testimony

---

[13] Rec. Doc. 158.

[14] Rec. Doc. 159.

[15] Rec. Doc. 163.

[16] Rec. Doc. 159-1 at 2–3.

[17] *Id*.

[18] *Id.* at 3.

[19] *Id.* at 9.

all prove that the collision was an accident and not intentional.[20]

B. *Defendants' Arguments in Opposition to the Motion to Strike*

In opposition, Defendants argue that Plaintiff cannot meet his burden under Federal Rule of Civil Procedure 12(b)(6) to strike the intentional acts affirmative defense.[21] Defendants contend that there is a reasonable basis to infer that Plaintiff intentionally caused the collision in this case.[22]

Defendants argue that "Plaintiff attempts to unilaterally re-define Defendants [sic] pleadings by arguing" that Defendants' affirmative defense is, in reality, a defense of fraud.[23] Defendants claim that the two defenses are distinguishable and an intentional acts defense is not subject to heightened pleading requirements but instead is subject to the general pleading requirements of Rule 8(b).[24]

Defendants note that Plaintiff did not oppose Defendants' motion requesting leave to amend their answer.[25] Defendants also argue that Plaintiff is now "misrepresent[ing] the background facts" regarding the history and timeline of this case.[26] Defendants contend that they did not form their intentional acts defense for several months after the inception of the case because Plaintiff failed to respond to Defendants, provided incomplete responses to discovery requests, and

---

[20] *Id.* at 10–14.

[21] Rec. Doc. 163 at 1.

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.* at 6.

[26] *Id.*

attempted to hide evidence.[27] Defendants argue that Maurice's initial impressions of the collision are not determinative of this case's outcome.[28]

### III. Law & Analysis

As an initial matter, Plaintiff refers to the instant motion as Rule 12(b)(6) motion to dismiss Defendants' "intentional acts" affirmative defense. However, it is well-recognized that a Rule 12(b)(6) motion is not proper to dismiss a defendant's affirmative defense. Rather, a motion to strike pursuant to Rule 12(f) provides the proper vehicle to strike a defense.[29] Therefore, this Court will construe the instant motion as a Rule 12(f) motion to strike Defendants' affirmative defense.[30]

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[31] Ordinarily, the Fifth Circuit advises courts to be wary of striking defenses pursuant to Rule 12(f), although it has said that such a motion is proper when the defense is insufficient as a matter of law.[32] Still, "the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[33]

---

[27] *Id.* at 7.

[28] *Id.* at 8–9.

[29] *See Campmed Cas. & Indem. Co., Inc. v. Specialists on Call, Inc.*, No. 4:16-00452, 2017 WL 373463, at *3 (E.D. Tex. Jan. 26, 2017).

[30] *Id.*

[31] Fed. R. Civ. P. 12(f).

[32] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[33] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Here, Plaintiff alleges that Defendants' have failed to adequately plead their affirmative defense that Plaintiff intentionally caused the collision at issue in this litigation. Generally, an affirmative defense is subject to pleading requirements set out in Federal Rule of Civil Procedure 8(c). Under Rule 8(c), defendants must plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[34] However, "[n]otwithstanding this typical pleading standard, affirmative defenses of fraud must be pleaded with the particularity required by Rule 9(b)."[35]

In the Amended Answer, Defendants assert "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert."[36] Plaintiff devotes the majority of the instant motion to arguing that the defense is really a fraud defense and is therefore subject to heightened pleading requirements under Rule 9(b).[37] Plaintiff contends that Defendants have not met these heightened requirements.[38]

Plaintiff's argument, however, is unavailing. An "intentional acts" defense is not an allegation of fraud, but instead "simply a defense to [Plaintiff's] negligence claim" that is "akin to illegality and contributory negligence," both defenses listed under Rule 8(c).[39] Therefore, an affirmative "intentional acts" defense is not subject to the heightened pleading standards under

---

[34] *Thomas v. Chambers*, No. 18-4373, 2019 WL 2289495, at *5 (E.D. La. May 28, 2019) (Vance, J.) (quoting *Woodfield v. Bowman*, 192 F.3d 354, 362 (5th Cir. 1999)).

[35] *Id.*

[36] Rec. Doc. 23 at 5.

[37] Rec. Doc. 159-1 at 3.

[38] *Id.*

[39] *Thomas*, 2019 WL 2289495, at *5–*6.

Rule 9(b) but must instead meet only Rule 8(c)'s "fair notice" standard.

Under Rule 8(c), Defendants have adequately pleaded the intentional acts affirmative defense. In the Amended Answer, Defendants clearly allege that "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts and/or negligence of Plaintiff, Reginald Robert."[40] The Amended Answer, then, "provide[s] [Plaintiff with 'fair notice' of the nature of the defense and what arguments they will make at trial,"[41] and is therefore sufficient under Rule 8(c).

Considering that the affirmative defense meets the pleading requirements set out in Federal Rule of Civil Procedure 8(c), Plaintiff has not shown that there is any basis to strike the defense under Rule 12(f). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Reginald Robert's "Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Listed Defense of 'Intentional Acts' of the Plaintiff"[42] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  17th  day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[40] Rec. Doc. 23 at 5.

[41] *Thomas*, 2019 WL 2289495, at *6.

[42] Rec. Doc. 159.