UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGINALD ROBERT** | \* | CIVIL ACTION NO. 2:18-CV-11632 |
| | \* | |
| **VERSUS** | \* | JUDGE NANNETTE JOLIVETTE BROWN |
| | \* | |
| **JAMIE MAURICE, KNIGHT** | \* | MAG. KAREN WELLS ROBY |
| **TRANSPORTATION, INC., AND** | \* | |
| **ABC INSURANCE COMPANY** | \* | JURY TRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### JOINT PRE-TRIAL ORDER

NOW COME, through undersigned counsel, Plaintiff, **Reginald Robert**, and Defendants, **Knight Transportation, Inc.** and **Jamie Maurice**, and submit the following Pre-Trial Order as required by the Court's Scheduling Order and Pre-Trial notice (Docs. 12 and 12-1):

**1. Date and Time**

The Pre-Trial Conference is currently set for **February 3, 2022 at 3:00 p.m.**

**2. Counsel for Parties**

    a.    **Counsel for Plaintiff, Reginald Robert**

        i.    Vanessa Motta, Bar No. 36915
            Motta Law Firm, LLC
            3632 Canal Street
            New Orleans, LA 70119
            Telephone: (504) 500-7246
            Facsimile: (504) 513-3122

    b.    **Counsel for Defendants, Knight Transportation, Inc. and Jamie Maurice**

        i.    Guy D. Perrier #20323
            Nathan Gaudet #30514
            Perrier & Lacoste, LLC
            365 Canal Street., Ste. 2550
            New Orleans, LA 70130
            Telephone: (504) 212-8820

3. **Summary of Parties**

   a. **Plaintiffs**

   i. Reginald Robert ("Mr. Robert" or "Plaintiff Robert"), is of the age of majority; driver of the 2014 Toyota Tundra on the date of the collision;

   b. **Defendants**

   ii. Defendant, Jamie Maurice, is an individual of the age of majority. Defendant, Knight Transportation, Inc., is a self-insured entity who employed Mr. Maurice on the date and at the time in question.

   There are no counterclaims, third-party claims, cross-claims, etc. in this case.

4. **Jurisdiction**

   **Joint Statement**

   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Complete diversity exists in this case because Plaintiff, Reginald Robert is domiciled in Louisiana. Defendant, Jamie Maurice, is domiciled in and a citizen of Mississippi. Defendant, Knight Transportation, Inc., is a corporation domiciled in and with its principal place of business in Arizona. There are no pending jurisdictional questions. Plaintiff stipulates the amount in controversy is more than $75,000.00, excluding interest and costs. There are no pending jurisdictional questions.

5. Pending Motions

   a. **Currently, the Pending Motions are:**

   i. **Filed by Plaintiffs:**

   (1) Motion for Leave to File peremptory Exception of Prescription to Dismiss Defendants' Affirmative Defense of Staging or Intentional Acts (Doc. 194).

      **ii.**      **Filed by Defendants:**

            (1)    Motion *in Limine* to Exclude Evidence, Testimony or Reference to Jamie Maurice's Alleged Criminal History (Doc. 191).

**b.  The Special Issues and Contemplated Motions**

    i.      **Plaintiffs**

Plaintiff has filed all of the Pre-Trial Motions.   Plaintiff anticipates there will be issues during the trial concerning Defendant's efforts to improperly introduce unauthenticated and hearsay documents into evidence before the jury.  Given the litigation history of this case, it is anticipated that Defendants may improperly attempt to introduce testimony from a public defender, attorney Claude Kelly, concerning inadmissible, privileged, hearsay or irrelevant and/or prejudicial information having nothing to do with the instant case, as Defendant has listed Claude Kelly, an attorney for an individual, Garrison, who was not a witness to this case and has no connection to the parties in this matter.  Defendants simply intend to attempt to introduce this evidence to support a frivolous Affirmative Defense that this matter was staged or intentional without a scintilla of supporting proof.

Plaintiff will also object to (a) the exclusion of references to allegedly similar accidents; (b) any investigators and the admissibility of their testimony including but not limited to their background search and reports; (c) any reference to other individuals that may or may not be associated with plaintiff; (d) any reference or documents in regards to Mr. Robert's prior employments (e) any reference of cases that Plaintiff counsel has represented any individual(s), prior or current; (f) any reference to any possible federal, state or local investigation – as Plaintiff has never been a subject or target of any investigation, nor has ever been contacted by any local,

state or federal authority that any such investigation exists; (g) Plaintiff's prior claims over 4 years ago and was asymptomatic for years; and (h) any reference to Cornelius Garrison.

    ii.    **Defendants**

At this time Defendants do not contemplate filing additional motions at this time but do not waive the right to file any additional, timely motions.

**6. Joint Summary of Material Facts**

This case stems from an automobile collision occurring on November 28, 2017, near the exit of O'Keefe and USB 90 in New Orleans, Louisiana between Defendant, Jamie Maurice, who was operating a 2015 Volvo TR semi-truck and trailer, and Plaintiff, Reginald Robert, who was driving a 2014 Toyota Tundra, which Plaintiff owned, and was traveling on USB 90. Defendant was merging on to USB 90, and a collision occurred. The claims of the passengers were settled. Plaintiff was allegedly injured.

**7.    Single Listing of Uncontested Material Facts**

**Joint listing**

    a. Defendant Maurice was the driver of the Volvo tractor-trailer involved in the subject incident;
    b. At the time of the subject incident, Knight Transportation was self-insured;
    c. The tractor trailer Maurice was driving was owned/leased by Knight Transportation;
    d. Maurice was working within the course and scope of his employment with Knight Transportation at the time of the subject incident;
    e. Officer Reginald Landry of the New Orleans Police Department investigated this subject incident;
    f. Mr. Reginald Robert underwent chiropractic treatment with Total Body Chiropractic Clinic, MRIs at Diagnostic Imaging Services, and medical treatment under the care of Dr. John Logan, Orthopedic Surgeon at Dietze & Logan, and Dr. Eric Lonseth, of Lonseth Interventional Pain Center; and

g. Plaintiff was driving a vehicle he owned.

8. **Single Listing of Contested Material Facts**

a. Whether Defendant admitted that he was changing lanes to enter the interstate so he would not to be forced to exit;

b. Whether Defendant Maurice negligently changed lanes prior to the alleged accident and caused the alleged accident in question;

c. Whether Defendant was in violation of the Federal Motor Carrier Safety Regulations in relation to the subject incident;

d. Whether Defendant Maurice was in violation under Company Policy with Knight Transportation Inc., when texting, calling and using the cell phone while driving;

e. Whether Defendant Maurice *was actually on his cell phone at the time of the accident* which caused him to be distracted when he attempted to change lanes into the right lane entrance of the interstate, he was close to missing;

f. Whether Defendant Maurice was operating his tractor-trailer in reasonably safe and prudent manner at the time of the alleged incident;

g. Whether Defendant's employer, Knight Transportation, Inc., through their internal investigation found Defendant Jamie Maurice at fault in causing the accident;

h. Whether Plaintiff should be awarded the following special damages:

  1. <u>Robert:</u>

     | | |
     |---|---|
     | Total Body Chiropractic, Inc. | $ 4,834.00 |
     | Diagnostic Imaging Services | $ 2,600.00 |
     | Dr. John Logan, Orthopedic Surgeon | $ 1,750.00 |
     | Lonseth Interventional Pain Center | $ 80,900.00 |

i. Whether, on November 28, 2017, a vehicle driven by Plaintiff came into contact with a trailer being hauled by a tractor being driven by Mr. Maurice.

j. Whether, at various times following the alleged accident, Mr. Robert treated with doctors referred to him by his attorney.

k. Whether the intentional actions or, in the alternative, negligence of Plaintiff proximately caused the November 28, 2017 collision.

l. Whether Plaintiff and Cornelius Garrison, III discussed how to cause the collision.

    m. Whether Plaintiff, with the help and instruction of Mr. Garrison, intentionally caused the collision sued upon.

    n. Whether Plaintiff moved from another lane as Mr. Maurice moved and intentionally caused the collision.

    o. Whether Plaintiff accurately testified about his multiple other alleged side-swipe accidents and accidents involving injury to his neck and lower back.

    p. Whether Plaintiff was actually injured in the alleged accident made the basis of this litigation.

    q. Whether, if any injury did occur, Plaintiff's injuries would be classified as soft tissue injuries.

    r. Whether Plaintiff failed to mitigate his damages as evidenced by multiple gaps in treatment.

    s. Whether Plaintiff's past medical expenses were significantly in excess of the reasonable and customary value of medical treatment in the New Orleans area.

**9.**    **Single List of Contested Issues of Law**

The pending and anticipated motions referenced above in Section 5a, if any, and

    a. Whether Knight Transportation found Mr. Maurice caused the alleged accident.

    b. Whether Mr. Maurice caused the alleged accident.

    c. Whether Plaintiff is entitled to recover any damages.

    d. Whether the intentional or negligent actions of Plaintiff caused the alleged accident.

    e. Whether Defendants misrepresentations and/or suppression of the truth on his employment application to obtain employment with Defendant Knight Transportation, allows Plaintiff to introduce other citations Maurice did not disclose and issues surrounding the veracity and truthfulness of Defendant Maurice

**10.**   **Listing of Exhibits Admitted Without Objection**

The parties agree to the relevance and authenticity of the following, which will be entered as joint exhibits:

**List of Exhibits and Objection Status**

  a.    **Exhibits Admitted Without Objection**

1) Property damage estimate report of the 2014 Toyota Tundra, in connection to the collision in this case;

2) Photographs of Plaintiff's vehicle produced by Defendants in connection with a property damage claim asserted by Plaintiff after the alleged accident in question;

3) Certified copy of the Body Camera of the investigating police officer Landry during the day of the subject incident;

4) 911 call audio re: the subject incident;

5) Dash Camera Video of Defendant's tractor trailer in relation to the subject incident;

6) Written Statements of Defendant Maurice at the scene of the incident given to the investigating officer;

7) Written Statements of Plaintiff Robert at the scene of the incident given to the investigating officer;

8) Jamie Maurice's Driver Logs for the week of the subject incident and in connection to the weekly hours allowed under FMCSA;

9) Knight Transportation, Inc. Bill of Lading/ Trip Documents in connection to the date of the accident, November 28, 2017;

10) Inspection and maintenance documents concerning the tractor trailer in question;

11) Photographs taken by Mr. Maurice at the scene of the collision provided in discovery;

12) Trailer Title

13) Certified copy of the insurance policy in effect covering Mr. Maurice at the time in question.

b.  **Exhibits Subject to Objection-** As to any exhibits to which the parties cannot agree, memoranda briefing the issues, including citations of relevant authorities, shall be electronically filed on or before seven full working days prior to trial. Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be included for use at trial.

***Plaintiffs Object to the Following Exhibits Submitted by Defendants:***

1. Cell phone records of Plaintiff, Reginald Robert; **Hearsay, immaterial, prejudicial, relevance, authenticity**

2. Records including audio of Plaintiff's prior insurers, including but not limited to State Farm, Progressive, Geico and Farm Bureau; **Hearsay, immaterial, prejudicial, relevance, authenticity**

3. Records of any of Plaintiff's past employers, including but not limited to Petrin, Zachary Construction, Bywater Drilling and Worley Parsons; **Immaterial, prejudicial, relevance, authenticity, Plaintiff is not filing a loss wage claim and there is a stipulation above confirming**

4. Documentation showing proper costs of medical expenses; **Hearsay, immaterial, prejudicial, relevance, authenticity**

5. May 20, 2013 police report concerning past accident of Plaintiff; **Hearsay, immaterial, prejudicial, relevance, authenticity**

6. March 6, 2014, police report concerning past accident of Plaintiff; **Hearsay, immaterial, prejudicial, relevance, authenticity**

7. Certified copy of Petition for Damages in no. 14-1728, First City Court for the City of New Orleans; **Hearsay, immaterial, prejudicial, relevance, authenticity**

8. Certified copy of Petition for Damages in no. 15-1363, Civil District Court for the Parish of Orleans; **Hearsay, immaterial, prejudicial, relevance, authenticity**

9. Certified records of criminal history of Plaintiff. **Hearsay, immaterial, prejudicial, relevance, authenticity, over ten years ago, not associated with truth or honesty.**

10. Admissible portions of the police report not showing any opinion statement of the investigating officer (unless the officer is called to testify); **Hearsay, immaterial, prejudicial, relevance, authenticity**

11. Medical records of Westbank Physicians Rehab concerning Plaintiff; **Hearsay, immaterial, prejudicial, relevance, authenticity**

***Defendants Object to the Following Exhibits Submitted by Plaintiffs*:**

Defendants object to the introduction of medical bills, in total, for treatment allegedly related to the alleged accident.

Defendants object to the introduction of the complete employment file with Knight Transportation, Inc. of Jamie Maurice because it is not relevant. Defendants have stipulated Mr. Maurice was employed by Knight Transportation at the time of the collision.

Defendants object to the introduction of the Knight Transportation claim file. This objection includes the screenshot of the incident report Knight Transportation filled out when speaking to Mr. Maurice.

Defendants object to the introduction of Internal Reports or lack thereof by Knight Transportation Inc., Company in the past 24 months concerning accidents involving their fleet of vehicles in Louisiana because they are irrelevant, and Plaintiff has not laid the proper foundation to support their alleged relevance.

Defendants object to the introduction of Knight Transportation training materials including but not limited to policies and procedures because they are irrelevant as Knight Transportation admitted it employed Mr. Maurice who was in the course and scope of his employment at the time in question.

Defendants object to the introduction of Statistical information on the number of accidents Knight Transportation Trucking Company was involved in 2018, 2017, 2016, 2015 because they are irrelevant, and Plaintiff has not laid the proper foundation to support their alleged relevance.

Defendants object to the introduction of Federal Motor Carrier Safety Act State Reported Crashes Statistical Information in a 24-month period because they are irrelevant, and Plaintiff has not laid the proper foundation to support their alleged relevance.

Defendants object to the introduction of telephone Records from the cell phone of Jamie Maurice used to show Mr. Maurice was using the telephone or searching the web while driving the commercial vehicle because they do not show this information.

Defendants object to the introduction of any and all FMCSA Rules and Regulations which are applicable in this matter because they are not relevant.

Defendants object to the introduction of Rules and Regulations of the USDOT and reporting requirements because they are not relevant.

Defendants object to the introduction of Rules and Regulations of Mississippi Driver's License CDL requirements because they are not relevant.

Defendant objects to the introduction of copies of police reports of Jamie Maurice from other accident(s) he was involved as a driver of commercial vehicles because none was provided in discovery and on the grounds of relevance, foundation and authenticity.

Defendant objects to the introduction of copies from third party(ies) insurance company claims file of any accidents involving Jamie Maurice and/or Knight Transportation because none was provided in discovery and on the grounds of relevance, foundation and authenticity.

Defendant objects to the introduction of "Safety/Violations from DOT" because they have not been provided in discovery and on the grounds of relevance, foundation and authenticity.

    **b. Exhibits for Impeachment Purposes**

Plaintiffs and Defendants will contact court for ex-parte conference and/or in camera inspection of any impeachment documents.

    **c. Exhibits Subject to Trade Secrets or Privileges**

Not applicable

### d. Bench Book

The parties will comply with this requirement by delivering bench books to the court **seven** working days before trial.

### e. Final List of Exhibits:

Each counsel shall bring to Court on the day of trial a final list of exhibits properly marked for identification, which he or she desires to use at trial.

### f. Electronic Display of Exhibits

If Counsels are using the Electronic Evidence Presentation Cart, then Counsels are instructed to schedule a brief training session on the use of this equipment during the week immediately prior to trial.

**11. Deposition Testimony Offered for Evidence**

**Joint Summary**

Defendants plan to introduce the deposition testimony of Cornelius Garrison, III. Otherwise, Defendants will use deposition testimony for cross-examination and/or impeachment purposes only. Plaintiff will offer 30(b)(6) corporate deposition testimony of Knight Transportation, Inc. Plaintiff will use deposition testimony of Defendant Maurice for cross-examination and/or impeachment purposes only.

The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit. As to all objections to the testimony that cannot be amicably resolved, unless otherwise ordered by the Court, the parties shall electronically file, not less than **five** full working days prior to trial, a statement identifying

the portions objected to and the grounds therefor. Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

**12.    List or brief description of any charts, graphs, models, schematic diagrams and similar objects which, although not offered into evidence, to use in opening or closing statements**

    **a. Plaintiffs' Listing:**

        a.  Dash Camera of the accident from Defendant Maurice's camera;

        b.  Blowups of imaging from MRI studies of plaintiff;

        c.  Video re-creation of accident to be used as a demonstrative aid;

        d.  Timeline of accidents and medical treatment of plaintiff;

        e.  Chart of medical providers, dates of treatment, amounts billed and customary and reasonable charges for such services for plaintiff, Reginald Robert;

        f.  A timeline of statements provided by Jamie Maurice and the inconsistency of each one;

        g.  Blowup of the Accident Report Intake from Knight Transportation, Inc.;

        h.  Blowups of Mr. Maurice's violation in regards to the subject incident;

        i.  Blowups of Safety Procedures with Knight Transportation, in which, Mr. Maurice did not follow in relation to the subject incident

        j.  A blowup diagram and/or photograph depiction of the scene of the collision.

        k.  Finding by Defendant Knight Transportation of Defendant Maurice committing a preventable accident and the subsequent reprimand;

    **Defendants' Listing:**

1.  Defendants may use a diagram and/or photograph/Google Earth depiction of the scene of the collision.

**b. Objections**

Defendants object to Plaintiff's listing as follows:

12

   a. Defendants object to the use of the dash camera in opening because the mechanics of the accident are in dispute;

   b. Defendants object to the use of these blowup images in opening due to lack of foundation;

   c. Defendants object due to lack of proper foundation and prejudice. Further, the mechanics of the accident are in dispute;

   d. Defendants object to any attempt to show such a timeline to the jury in opening prior to sufficient foundation being laid;

   e. Defendants object to the use of such chart in opening due to lack of foundation;

   f. Defendants object to this proposed timeline being used in opening due to lack of foundation;

   g. Defendants object to use of the accident report intake until such time as a proper foundation is laid;

   h. Defendants object to the use of the alleged violation because the Court has ruled on this matter and excluded this evidence; and

   i. Defendants object to the use of these "blowups" because they are irrelevant, inadmissible and because they lack foundation.

   j. Defendants do not object to a blow up of the scene of the alleged accident.

   k. Defendants object to this exhibit because it is irrelevant, and the Court has already ruled that subsequent discipline is not admissible.

Consistent with the Court's orders, Defendants will submit any other objects to be used by Defendants at least five full working days prior to trial. If Defendants receive additional objects from Plaintiff, Defendants will submit any resulting dispute to the Court at least three full working days prior to trial.

Plaintiff has no objection to the Defendant's listing. Consistent with the Court's orders, Plaintiff will submit an objection to be used by Defendants at least five full working days prior to

trial, if Plaintiff receives additional objects from Defendant, Plaintiff will submit any resulting dispute to the Court at least three full working days prior to trial.

**13.    Witnesses**

    **a.    Plaintiffs' Will Call Witnesses**

1. Jamie Maurice (will call as hostile witness)- Defendant Mr. Maurice was the driver of the tractor trailer under Knight Transportation, Inc. involved in the crash. He will testify about his recollection of the subject crash, how he was cited by the NOPD, and that he chose to pled guilty and pay the citation he received following the crash with the knowledge and consent of his employer, Knight Transportation. He will also testify about Knight Transportation, Inc. policies and procedures or lack thereof as well as FMCSA rules and regulations.
2. Corporate Representative of Knight Transportation, Inc.- Defendant- through undersigned counsel to be served, (will call as a hostile witness) He will testify about Knight Transportation's policies and procedures or lack thereof, FMCSA rules and regulations and how Mr. Maurice was reprimanded following the crash for his negligence.
3. Officer Reginald Landry (NOPD) (will call)—NOPD Compliance Bureau, 715 South Broad Street, New Orleans, LA 70119.  Officer Landry will testify about his investigation at the accident scene.
4. Reginald Robert (will call)—Plaintiff- 324 Homer Street New Orleans, LA, 70114. Mr. Robert will testify concerning how the subject crash occurred and his injuries relating to the subject incident.
5. Derrick Benn, witness 6101 Tullis Dr., Apt 414G New Orleans, LA 70131. Mr. Benn was a passenger in the vehicle and will testify how the subject crash occurred.
6. Dr. Tony Giang, D.C. Total Body Chiropractic- Dr. Tony Giang will testify concerning the treatment Mr. Robert sustained in the subject crash to his neck and back as well as medical causation of those injuries.
7. Dr. John Logan, MD (will call)- Dr. John Logan will testify as a board-certified Orthopedic Surgeon concerning the treatment and referrals provided to Mr. Robert,

as a result of the injuries he sustained in the subject crash as well as medical causation of those injuries.

8. Dr. Eric Lonseth, MD (will call)—4213 Teuton St, Metairie, LA 70006. Dr. Eric Lonseth will testify as a board-certified interventional pain specialist concerning the treatment and procedures he performed on Mr. Robert as a result of the injuries they sustained in the subject crash. He will also provide testimony regarding future medical needs for Mr. Robert as a result of the injuries they sustained in the subject crash.

9. A representative of DIS (may of necessary to confirm date of actual MRI if the parties cannot reach a stipulation);

10. A representative of Lonseth Pain Interventional (in regards to billing if the parties cannot reach a stipulation);

11. A representative of Dietze & Logan (in regards to billing if the parties cannot reach a stipulation);

12. Any witness needed for impeachment or rebuttal purposes;

13. Any witness listed, called, offered or proffered by any other party to this litigation;

14. Any person identified pursuant to ongoing discovery; and

15. Any and all witnesses needed to authenticate evidence.

Plaintiffs submit that the aforementioned list of witnesses was filed in accordance with the Federal Rules of Civil Procedure and in accordance with the prior Orders of this Honorable Court.

b. **Defendants' Will Call Witnesses**

Defendants anticipate calling as witnesses:

a. Plaintiff, Reginald Robert (on cross-examination), 324 Homer St., New Orleans, LA 70114, concerning facts related to the alleged accident and his alleged injuries and damages;

b. Cornelius Garrison, III, via deposition, concerning facts related to the alleged accident and Mr. Garrison's involvement and assistance in the collision;

c. Claude Kelly, 500 Poydras Street, Suite 318, New Orleans, LA 70130, concerning his representation of Mr. Garrison;

d. Representative(s) of any insurer of plaintiff for authentication purposes;

  e. Representative(s) of Sprint for authentication purposes if necessary; and

  f. Theresa Henry, 2118 Clio St., New Orleans, LA 70113, concerning facts related to the alleged accident and specifics concerning how it happened.

 The witness lists were filed in accordance with the Federal Rules of Civil Procedure and prior Court Orders.

**14. Jury Case**

 This is a jury case.

  a. The jury trial is applicable to all aspects of the case.
Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than **seven** working days prior to the trial date, unless specific leave to the contrary is granted by this Court.

  b. Not applicable because this a jury case.

  c. In a jury case, trial memoranda are required, unless the Court enters an order that such is not required. The memoranda should address any anticipated evidentiary problems which require briefing and jury instructions and special jury interrogatories that require explanation beyond mere citation to authority. Same are to be electronically filed not less than **seven** full working days prior to trial.

**15. Separateness of Liability and Quantum**

 The issue of liability **will not** be tried separately from that of quantum.

**16. Matters That May Expedite Disposition**

 Plaintiffs and Defendants are not aware of any matters that may affect disposition of case other than resolution of pending motions and other pre-trial motions other than the decision of this court ruling on the Exception of Prescription on Defendants allegations contained in their Affirmative Defenses.

## 17. Statement of Trial

### As to plaintiffs and defendants

Plaintiff- Trial shall commence on February 22, 2022 at 9:00 a.m. Trial is realistically estimated to last three days.

Defendant- Trial shall commence on February 22, 2022 at 9:00 a.m. Trial is realistically estimated to last four days.

## 18. Required Statement

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

## 19. Possibility of Settlement

### Plaintiff's Position

Possibility of settlement of this case was considered.

### Defendants Position

Possibility of settlement of this case was considered.

Respectfully Submitted,

| /s/ *Vanessa Motta* | /s/ *Nathan M. Gaudet* |
|---|---|
| VANESSA MOTTA, #36915 | GUY D. PERRIER, #20323 |
| vanessa@mottalaw.com | gperrier@perrierlacoste.com |
| Motta Law, LLC | NATHAN M. GAUDET, #30514 |
| 3632 Canal Street | ngaudet@perrierlacoste.com |
| New Orleans, LA 70119 | Perrier & Lacoste, LLC |
| Telephone: (504) 500-7246 | 365 Canal Street, Suite 2550 |
| Facsimile: (504) 513-3122 | New Orleans, LA 70130 |
| | Telephone: (504) 212-8820 |
| | Facsimile: (504) 212-8825 |

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, e-mail, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 28th day of January, 2022, at their last known address of record.

s/ *Vanessa Motta*
Vanessa Motta