UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE, et al.** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff Reginald Robert's ("Plaintiff") "Motion for Leave of Court to File Peremptory Exception of Prescription to Dismiss Defendants' Affirmative Defense of Staging or Intentional Acts."[1] In the motion, Plaintiff seeks leave to file the attached untimely motion asking the Court to dismiss Defendants' affirmative defense that Plaintiff intentionally caused the accident as prescribed.[2] For the following reasons, the Court grants the motion for leave to file, but denies the motion seeking dismissal of Defendants' affirmative defense on the merits.

## I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc. (collectively, "Defendants") in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[3] According to the Complaint, on November 28, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[4] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and

---

[1] Rec. Doc. 194.

[2] *Id.*

[3] Rec. Doc. 1.

[4] *Id.* at 3.

1

abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[5] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[6] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[7]

On January 1, 2019, Knight Transportation answered the Complaint,[8] and on March 1, 2019 Maurice answered the Complaint.[9] On September 9, 2019, Defendants were granted leave of Court to file an Amended Answer.[10] In the Amended Answer, Defendants assert that "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginald Robert."[11]

On September 26, 2019, this Court granted Defendants' motion for partial summary judgment.[12] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, and negligent training and supervision was dismissed with prejudice.[13] The Court's order did not affect Plaintiff's remaining causes of action against Maurice for negligence and Knight Transportation for vicarious liability

---

[5] *Id.*

[6] *Id*.

[7] *Id.* at 5.

[8] Rec. Doc. 7.

[9] Rec. Doc. 9.

[10] Rec. Doc. 22.

[11] Rec. Doc. 23 at 5.

[12] Rec. Doc. 26.

[13] *Id.*

for the alleged actions of Maurice.[14] On May 14, 2021, the Court denied Plaintiff's motion for partial summary judgment on medical causation.[15] On May 17, 2021, the Court denied Plaintiff's motion to strike Defendant's "intentional acts" defense.[16] Due to the COVID-19 pandemic, the Court has continued the trial in this matter several times. Trial is now set for February 22, 2022.[17]

The Court's April 18, 2019 Scheduling Order requires that all non-evidentiary pretrial motions be filed with sufficient time to permit hearing on them by February 12, 2020.[18] Although the trial date in this matter has been continued several times due to COVID-19, the Scheduling Order's deadline for pretrial motions has not been reset. Thus, on January 5, 2022, Plaintiff filed the instant "Motion for Leave of Court to File Peremptory Exception of Prescription to Dismiss Defendants' Affirmative Defense of Staging or Intentional Acts."[19] On January 14, 2022, Defendants filed an opposition to the instant motion.[20]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that there is good cause to file this untimely motion.[21] Plaintiff contends that Defendants' intentional act defense "has no merit and is prescribed," and thus the instant motion is "necessary to avoid any jury confusion."[22] Plaintiff further contends that permitting the

---

[14] *Id.*

[15] Rec. Doc. 175.

[16] Rec. Doc. 176.

[17] Rec. Doc. 185.

[18] Rec. Doc. 12.

[19] Rec. Doc. 194.

[20] Rec. Doc. 197.

[21] Rec. Doc. 104–1 at 2.

[22] *Id.*

motion would avoid Plaintiff's need to move for a directed verdict on this issue.[23] Plaintiff argues that Defendants will not be prejudiced by permitting the motion because "they are aware of all of the arguments."[24] Lastly, Plaintiff contends that a continuance of the trial date would not be necessary.[25]

In the attached "Peremptory Exception of Prescription to Dismiss Defendants' Affirmative Defense of Staging or Intentional Acts," Plaintiff argues that Defendants' intentional acts defense has prescribed.[26] Plaintiff contends that the defense is subject to a one-year prescriptive period under Louisiana Civil Code article 3492.[27] Plaintiff asserts that this period begins to run when a party has actual or constructive knowledge of the facts necessary to assert a claim.[28] Plaintiff argues that Defendants knew of the basis for their intentional acts defense twenty-two months before they asserted it in the Amended Answer, and thus the one-year prescriptive period lapsed.[29] As a result, Plaintiff argues that the Court should dismiss Defendants' affirmative defense because it has prescribed.[30]

### B.   *Defendants' Arguments in Opposition to the Motion*

In opposition, Defendants first argue that the Court should deny Plaintiff leave to file the motion.[31] Defendants contend that Plaintiff's "exception" is not a procedural vehicle recognized

---

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 194–4 at 1.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 6.

[30] *Id.* at 8.

[31] Rec. Doc. 197 at 2.

in federal court, and that Plaintiff must instead proceed with a Rule 12(b)(6) motion to dismiss or a motion for summary judgment under Rule 56.[32] Defendants also argue that Plaintiff has not established good cause because (1) Plaintiff has not explained why he could not timely file this motion; (2) Plaintiff failed to file this motion at numerous other stages of the litigation; and (3) Defendants would be prejudiced if the Court excluded their affirmative defense.[33]

Defendants also argue that an affirmative defense does not prescribe under Louisiana law.[34] Defendants contend that although Louisiana law requires affirmative defenses to be filed in the answer, it "does not specify whether this means only in the original answer or in some later filed answer."[35] Defendants explain that although an affirmative defense can be "'untimely' if it fails to provide fair notice of the nature of the defense or creates a last-minute surprise to the plaintiff," an affirmative defense cannot prescribe.[36] Lastly, Defendants note that only causes of action are subject to prescription, and that this Court already ruled that the intentional acts defense is not a cause of action for fraud.[37]

### III. Law & Analysis

Federal district courts have the inherent power to enforce their scheduling orders,[38] and

---

[32] *Id.*

[33] *Id.* at 5–6.

[34] *Id.*

[35] *Id.* at 6.

[36] *Id.*

[37] *Id.*

[38] *See Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have, this power."); *Edwards v. Cass Cnty.,* 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

5

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[39] Plaintiff has not established good cause to file the instant motion out of time. Nevertheless, because the issue has been fully briefed, the Court will consider Plaintiff's motion on the merits.

As an initial matter, Defendants correctly argue that an "exception" is not a procedural vehicle recognized in federal court.[40] Nevertheless, even construing Plaintiff's motion as a Rule 56 motion for summary judgment, the motion is meritless.

In the motion, Plaintiff argues that Defendants' affirmative defense is subject to a one-year prescriptive period pursuant to Louisiana Civil Code article 3492.[41] Plaintiff asserts that this period begins to run when a party has actual or constructive knowledge of the facts necessary to assert a claim.[42] Plaintiff argues that Defendants knew of the basis for their intentional acts defense twenty-two months before they asserted it in the Amended Answer, and thus the one-year prescriptive period lapsed.[43] Plaintiff's motion is entirely without merit.

Louisiana Civil Code article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year."[44] "A delictual action is a tort action or an action seeking damages for injury cause by the act of another."[45] However, the allegation that Plaintiff staged the accident is not itself a cause of action, it is an affirmative defense. In the instant motion, Plaintiff

---

[39] Fed. R. Civ. P. 16(b)(4).

[40] Rec. Doc. 197 at 2–3.

[41] Rec. Doc. 194–4 at 1.

[42] *Id.*

[43] *Id.* at 2.

[44] La. Civ. Code art. 2492.

[45] *Cosse v. Orihuela*, 12-456 (La. App. 5 Cir. 1/30/13); 109 So. 3d 950, 953 (internal quotations omitted) (quoting *Langlois v. Allied Chem. Corp.*, 249 So. 2d 133, 136 (1971)).

acknowledges this repeatedly, referring to Defendants' "affirmative defense" of intentional acts no fewer than twenty times.[46] Defendants' Amended Answer states that "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff."[47] Nowhere in the Amended Answer do Defendants purport to assert a counterclaim against Plaintiff.[48] Indeed, as the Court explained in its May 17, 2021 Order and Reasons, "[a]n 'intentional acts' defense is not an allegation of fraud, but instead 'simply a defense to Plaintiff's negligence claim' that is 'akin to illegality and contributory negligence.'"[49]

Plaintiff cites no authority, and the Court can find none, for the proposition that an affirmative defense is subject to prescription. Indeed, Louisiana courts have stated the opposite, explaining that "[i]t is axiomatic that an affirmative defense is imprescriptable."[50] The only case that Plaintiff cites in support of his argument is the Louisiana Fourth Circuit Court of Appeal's decision in *2802 Magazine Street, LLC v. Eggspressions of North America, LLC*.[51] There, the appellate court affirmed a district court order dismissing the defendant's *reconventional demand* because it was not filed within the one-year prescriptive period.[52] A reconventional demand is the

---

[46] Rec. Doc. 194–4. Even the title of Plaintiff's motion notes that Plaintiff is seeking to file a "peremptory exception of prescription to dismiss Defendant's *affirmative defense* of staging or intentional acts." *Id.* at 1.

[47] Rec. Doc. 23 at 5.

[48] *Id.*

[49] Rec. Doc. 176 at 6.

[50] *Mayard v. Mayard*, 44,465 (La.App. 2 Cir. 7/1/09); 16 So.3d 466, 469.

[51] *2802 Magazine St., LLC v. Eggspressions of N. Am., LLC*, 19-85 (La. App. 4 Cir. 5/22/19); 274 So. 3d 1279.

[52] *Id.* at 1281.

Louisiana law term for a counterclaim.[53] That case is plainly irrelevant to this instant motion, as Defendants have not asserted a counterclaim. Therefore, because affirmative defenses are not subject to prescription under Louisiana law, the Court must deny the motion.

### IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file, but denies the motion seeking dismissal of Defendants' affirmative defense on the merits. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File[54] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Peremptory Exception of Prescription to Dismiss Defendants' Affirmative Defense of Staging or Intentional Acts"[55] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __31st__ day of January, 2022.

                                                            **NANNETTE JOLIVETTE BROWN**
                                                            **CHIEF JUDGE**
                                                            **UNITED STATES DISTRICT COURT**

---

[53] *Id.*

[54] Rec. Doc. 194.

[55] Rec. Doc. 194–4.