UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINALD ROBERT**                                                              **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 18-11632**

**JAMIE MAURICE, et al.**                                                           **SECTION: "G"**

**ORDER AND REASONS**

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion in Limine to Exclude Evidence, Testimony or Reference to Jamie Maurice's Alleged Criminal History."[1] In the motion, Defendants move the Court to issue an order excluding any reference to Maurice's alleged criminal history.[2] Plaintiff Reginald Robert ("Plaintiff") opposes the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

**I. Background**

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[4] According to the Complaint, on November 28, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice

---

[1] Rec. Doc. 191.

[2] *Id.*

[3] Rec. Doc. 196.

[4] Rec. Doc. 1.

1

was attempting to merge onto US 90 from the onramp.[5] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[6] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[7] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[8]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[9] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[10] The Court's order did not affect Plaintiff's remaining cause of action against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[11] On May 14, 2021, the Court denied Plaintiff's motion for partial summary judgment on medical causation.[12] On May 17, 2021, the Court denied Plaintiff's motion to strike Defendants' "intentional acts" defense.[13] Due to the COVID-19 pandemic, the Court

---

[5] *Id*. at 3.

[6] *Id.*

[7] *Id*.

[8] *Id.* at 5.

[9] Rec. Doc. 26.

[10] *Id*.

[11] *Id*.

[12] Rec. Doc. 175.

[13] Rec. Doc. 176

continued the trial to February 22, 2022.[14]

On December 28, 2021, Defendants filed the instant "Motion in Limine to Exclude Evidence, Testimony, or Reference to Jamie Maurice's Alleged Criminal History."[15] On January 11, 2022, Plaintiff filed an opposition to the instant motion.[16] On January 27, 2022, with leave of Court, Defendants filed a reply.[17]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion*

Defendants move the Court to exclude the introduction of or reference to Maurice's charges for drug-related crimes that were dismissed, and Maurice's guilty plea to unlawful possession of a weapon.[18]

Defendants argue that this evidence should be excluded under Federal Rule of Evidence 404, which relates to evidence concerning crimes, wrongs, or other acts.[19] Defendants contend that none of the permitted uses under Rule 404(b) apply to Maurice's drug charges or guilty plea.[20]

Next, Defendants argue that Rule 609 does not permit the use of this evidence for various reasons.[21] First, Defendants argue that Rule 609 applies only to convictions, and thus Maurice's

---

[14] Rec. Doc. 185.

[15] Rec. Doc. 191.

[16] Rec. Doc. 196.

[17] Rec. Doc. 200.

[18] Rec. Doc. 191–2 at 2.

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.*

3

drug charges that were dismissed are inadmissible under this rule.[22] Second, Defendants argue that the guilty plea does not fall within Rule 609(a)(2) because the crime of unlawful possession of a weapon does not require proof of a dishonest act or false statement.[23]

Lastly, Defendants note that Rule 609 is limited by Rule 403, and Rule 403 bars the admission of Maurice's guilty plea.[24] Defendants note that the Fifth Circuit instructs courts to consider the following five factors in conducting the Rule 403 balancing test: (1) the nature of the crime; (2) the time of conviction; (3) the similarity between the past crime and the charged crime; (4) the importance of the testimony; and (5) the centrality of the credibility testimony.[25]

Defendants argue that these factors favor exclusion. Defendants argue that the guilty plea has "no impeachment value," because Maurice has never denied the offense, and Defendants brought it to the attention of the Court.[26] Furthermore, Defendants highlight that the guilty plea occurred on October 11, 2010, which was more than eleven years prior to trial in this matter.[27] Additionally, Defendants argue that there is no similarity between this case and Maurice's guilty plea.[28]

Lastly, Defendants argue that the use of the guilty plea is further limited by Rule

---

[22] *Id.*

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.* at 5.

[26] *Id.*

[27] *Id.* Defendants note that Maurice was sentenced to six months' incarceration, which was suspended to six months' probation, and that Maurice paid fines on or about December 9, 2010.

[28] *Id.*

609(b)(2).[29] Defendants argue that the guilty plea is inadmissible under this rule because it lacks probative value, and because Plaintiff failed to give Defendants reasonable notice of his intent to use the guilty plea.[30]

## B.     *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff first argues that the instant Motion is untimely and should be "automatically dismissed" because Defendants did not request leave of Court to file it, nor establish "good cause."[31]

Alternatively, Plaintiff argues that the guilty plea for unlawful possession of a weapon is admissible to show that Maurice lied on his employment application with Knight Transportation.[32] Plaintiff notes that on the April 18, 2016 application, Maurice responded "no" to the question asking whether he has ever been convicted of a crime.[33] Plaintiff argues that, under Rule 608 "Maurice's veracity in his employment application of an offense which had occurred five years earlier is something that Plaintiff is allowed to explore."[34] Plaintiff cites to *McGraw v. United Tugs, Inc.*, decided by another Judge in the Eastern District of Louisiana, which Plaintiff asserts supports his use of the guilty plea.[35]

Furthermore, Plaintiff contends that Maurice's guilty plea should not be considered more

---

[29] *Id.* at 7.

[30] *Id.*

[31] Rec. Doc. 196 at 2.

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.*

[35] *Id.* (citing *McGraw v. United Tugs, Inc.* 15-394, 2017 WL 11535972 (E.D. La. Oct. 18. 2017) (Zainey, J.))

than ten years old.[36] First, Plaintiff argues that the guilty plea "was within 10 years [of] when Defendant lied on this employment application."[37] Furthermore, Plaintiff argues that the guilty plea occurred "within 10 years of the date of this accident when Defendant made statements which put his veracity in question."[38] Plaintiff also contends that the Rule "does not run from the date of the plea . . . but from the date the Defendant is released from his conviction."[39] Lastly, Plaintiff argues that the guilty plea should not be excluded given that the it would have been within ten years of the trial had the trial not been delayed due to the COVID-19 pandemic.[40]

C. *Defendants' Arguments in Further Support of the Motion*

In reply, Defendants first argue that the motion is timely.[41] Defendants note that the scheduling order states that "[a]ll other motions *in limine* and trial memoranda shall be filed seven working days before trial."[42] Because the motion was filed more than seven days before trial, Defendants contend that the motion is timely.[43] Next, Defendants contend that their argument that the guilty plea is more than ten years old is "uncontrovertibly correct."[44] Because Maurice's conviction is more than ten years old, Defendants argue that it cannot be introduced as

---

[36] *Id.* at 4.

[37] *Id.* at 4–5.

[38] *Id.* at 5.

[39] *Id.*

[40] *Id.*

[41] Rec. Doc. 200 at 2.

[42] *Id.* at 2.

[43] *Id.*

[44] *Id.*

6

impeachment evidence under Rule 609(b).[45]

Defendants argue that the guilty plea should not be admitted under Rule 608 because it has no probative value and is unfairly prejudicial.[46] According to Defendants, "[w]hile Mr. Maurice technically and in a legal sense pleaded guilty to the weapons charge, he did not understand he was doing so."[47] Defendants contend that because Maurice is "not an attorney," "did not pay a fine, [] did not go to jail," and "the charge was not a felony," Maurice did not know that his plea was a "conviction."[48] Thus, Defendants contend that Maurice answered "no" when asked on the employment application whether he had been convicted of a crime because "[t]o him, he had never been convicted of any crime."[49]

For these reasons, Defendants argue that the guilty plea is not probative of Maurice's character for truthfulness under Rule 608.[50] Defendants contend that the rule only applies to "instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery and embezzlement."[51] Defendants argue that the evidence is not probative of his character for truthfulness, but rather "is probative of his character of not understanding the legal system and signing where he was told to sign so he could be on his way."[52] Thus, Defendants contend that the guilt plea is not admissible under Rule 608(b).

---

[45] *Id.*

[46] *Id.* at 3.

[47] *Id.*

[48] *Id.* at 4.

[49] *Id.*

[50] *Id.*

[51] *Id.* at 5.

[52] *Id.*

7

Defendants also contend that the guilty plea should be excluded under Rule 403 for similar reasons.[53] Defendants argue that because "Maurice's actions are properly understood as mere mistakes, the evidence clearly lacks probative value."[54] Defendants argue that the guilty plea is unfairly prejudicial because "Plaintiff will attempt to paint Mr. Maurice as an untrustworthy criminal when he simply misunderstood what he was doing" by pleading guilty.[55] Lastly, Defendants argue that this evidence will "confuse the issues" because Maurice's "confusion about the 'conviction' has nothing to do with what did or did not happen" on the day of the collision.[56]

### III. Law & Analysis

Rules 608 and 609 of the Federal Rules of Evidence govern the admission of evidence of a criminal conviction or guilty plea for impeachment purposes. Rule 609(a) provides that "for a crime that … was punishable by death or by imprisonment for more than one year, the evidence … must be admitted, subject to Rule 403, in a civil case."[57] Rule 609(b) provides the following limitation:

> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>   **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>   **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.[58]

---

[53] *Id.* at 5–6.

[54] *Id.*

[55] *Id.* at 6.

[56] *Id.*

[57] Fed. R. Evid. 609.

[58] *Id.*

Rule 608(b) provides that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> **(1)** the witness; or
>
> **(2)** another witness whose character the witness being cross-examined has testified about.[59]

Plaintiff does not dispute that Maurice's drug charges are inadmissible. Because those charges were dismissed, the Court agrees that they must be excluded. However, Plaintiff does dispute Defendants' arguments regarding the exclusion of Maurice's guilty plea. Plaintiff makes three arguments in opposition to the instant motion. First, Plaintiff argues that the motion is untimely. Second, Plaintiff argues that the guilty plea is not excludable under Rule 609(b). Third, Plaintiff argues that the guilty plea is admissible under Rule 608. The Court will address each argument in turn.

## A.    *Timeliness of the Instant Motion*

Plaintiff first argues that the instant motion is untimely and thus should be "automatic[ally] dismiss[ed]."[60] Plaintiff is simply mistaken. The Court's April 18, 2019 Scheduling Order provides that "other motions in limine and trial memoranda shall be filed seven working days before trial and responses thereto shall be filed two working days before trial."[61] Although the trial date in this matter has been continued several times, the Scheduling Order's

---

[59] Fed. R. Evid. 608.

[60] Rec. Doc. 196 at 2.

[61] Rec. Doc. 12 at 2.

deadline for motions in limine has not changed. Accordingly, the instant motion is timely.

**B.     *Admissibility Under Rule 609***

In opposition to Defendants' arguments that the guilty plea must be excluded under Rule 609, Plaintiff appears to argue only that the plea is not, in fact, more than ten years old for purposes of the Rule. Plaintiff contends that the "conviction occurred within 10 years of the date of this accident."[62] Plaintiff also argues that the "conviction does not run from the date of the plea … but from the date Defendant is released from his conviction."[63] Lastly, Plaintiff appears to suggest that the guilty plea should not be excluded because it would have been within ten years of the trial had the trial not been continued due to COVID-19.[64]

Rule 609 applies "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."[65] Maurice plead guilty to "unlawful possession of a weapon" on October 11, 2010, and was sentenced to a term of six months in the county jail.[66] However, the term of incarceration was suspended and Maurice was placed on probation for a term of six months.[67] Because Maurice was not confined, the ten-year period began to run from the date of Maurice's plea—October 11, 2020.[68] Although Plaintiff argues that the *accident* occurred within ten years of that date, and that the trial *would have* occurred within ten years of that date had it not been continued due to COVID-19, Rule 609 applies where the

---

[62] Rec. Doc. 196 at 4–5.

[63] *Id.* at 5.

[64] *Id.*

[65] Fed. R. Evid. 609(b).

[66] Rec. Doc. 191–3.

[67] *Id.*

[68] *United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992).

conviction or plea occurred more than ten years *before trial*.[69] Plaintiff cites no authority to the contrary. The trial in this matter is set for February 22, 2022,[70] which is more than ten years after Maurice's October 11, 2010 guilty plea. Accordingly, Rule 609 applies.

As discussed above, if a guilty plea is more than ten years old, evidence of that guilty plea is admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.[71] The Fifth Circuit has "read Rule 609(b) to say that the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect."[72] "The general rule is inadmissibility."[73] Plaintiff has not attempted to demonstrate that the probative value "substantially outweighs" its prejudicial effect. Accordingly, the guilty plea is not admissible under Rule 609.

### C.     *Admissibility Under Rule 608*

Lastly, Plaintiff argues that whether the plea should be excluded under 609(b) is irrelevant because the plea is independently admissible under Rule 608.[74] Plaintiff argues that the plea is admissible on cross examination because Maurice "lied on his employment application with Defendant Knight Transportation" by answering "no" when asked whether he had ever been

---

[69] *Mattiaccio v. DHA Group, Inc.*, 12-1249, 2019 WL 6498865 at *11 (D.D.C. Dec. 3, 2019); *Trindle v. Sonat Marine, Inc.*, 697 F. Supp. 879, 881 (E.D. Pa. 1988) (collecting cases).

[70] Rec. Doc. 185.

[71] Fed. R. Evid. 609(b).

[72] *United States v. Hamilton*, 48 F.3d 149, 154 (5th Cir. 1995).

[73] *Id.* (quoting *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993)).

[74] Rec. Doc. 196 at 2.

convicted of a crime.[75]

Rule 608 permits a party to attack a witness's credibility with reputation or opinion testimony about the witness's character for truthfulness.[76] However, unless a guilty plea is admissible under Rule 609, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack … the witness's character for truthfulness."[77] Nevertheless, the court "may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of … the witness."[78] A false statement on an employment application is probative of a witness's character for truthfulness.[79]

Defendants appear to make two related arguments against admissibility under Rule 608 and 403. First, Defendants contend that Rule 608 applies only to "instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery and embezzlement."[80] Second, Defendants argue that the probative value outweighs the danger of unfair prejudice because Maurice did not intend to lie on the employment application, but rather did not understand that he had been convicted of a crime.[81]

The Court finds both arguments unpersuasive. Rule 608 is not so limited as Defendants

---

[75] *Id.* at 3.

[76] Fed. R. Evid. 608(a).

[77] Fed. R. Evid. 609(b).

[78] Fed. R. Evid. 608(a).

[79] *Martin v. Fab-Con, Inc.*, 21-3005, 2014 WL 1154273 at *1 (E.D. La. March 21, 2014) (Vance, J.); *Brossette v. Swift Transp. Co.*, 07-0888, 2008 WL 4809411 at *9 (W.D. La. Oct. 29, 2008) (collecting cases).

[80] Rec. Doc. 198–2 (citing *Waterman v. McKinney Indep. Sch. Dist.*, 642 Fed. App'x 363, 370 (5th Cir. 2016)).

[81] *Id.* at 4-5.

suggest. Although the crime of unlawful possession of a weapon is not itself probative of a witness's character for untruthfulness, making a false statement on an employment application is.[82] As to whether Maurice intended to lie when asked if he had ever been convicted of a crime, that is a question of credibility for the jury to determine. Of course, if asked about the employment application, Maurice is free to explain why he answered "no" on the application. The jury is then free to assign whatever weight it deems appropriate to Maurice's explanation.

Because the evidence regarding Maurice's employment application is probative of his character for truthfulness, if Maurice denies lying on the application, Plaintiff may "inquire[] into" the guilty plea on cross-examination. Given the judgment noting Maurice's guilty plea that is attached to the instant motion,[83] the Court does not expect that Maurice will deny the inaccuracy on the employment application, making it unlikely that this issue arises at trial. If he does so, however, Plaintiff may "inquire[] into" the plea in a limited manner on cross-examination. Plaintiff may then inquire as to the name of the crime that Maurice pled guilty to, the date and jurisdiction of the plea, and the sentence rendered. However, extrinsic evidence of the guilty plea will not be admitted. Nor will Plaintiff be permitted to produce evidence of the details of the underlying criminal act.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion in limine in part and denies it in part. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion in Limine to Exclude Evidence,

---

[82] *See Martin*, 2014 WL at *1; *Brossette*, 2008 WL at *9.

[83] Rec. Doc. 191–3.

Testimony or Reference to Jamie Maurice's Alleged Criminal History"[84] is **GRANTED IN PART** to the extent it seeks to exclude the following categories of evidence: (1) any reference to the drug charges that were dismissed; (2) extrinsic evidence of Maurice's guilty plea for the unlawful possession of a weapon; (3) any reference to the details of the underlying criminal act related to the guilty plea. The motion is **DENIED IN PART** to the extent that the guilty plea may be admissible under Federal Rule of Evidence 608(b). If Maurice denies lying on his employment application, Plaintiff may inquire as to the name of the crime that Maurice pled guilty to, the date and jurisdiction of the plea, and the sentence rendered.

      **NEW ORLEANS, LOUISIANA**, this  31st  day of January, 2022.

                                          *Nannette Jolivette Brown*
                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[84] Rec. Doc. 191.