# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion to Exclude Certain Trial Exhibits."[1] Plaintiff Reginald Robert ("Plaintiff") opposes the motion.[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[3] According to the Complaint, on November 28, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[4] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the

---

[1] Rec. Doc. 250.

[2] Rec. Doc. 252.

[3] Rec. Doc. 1.

[4] *Id*. at 3.

1

Plaintiff was traveling, causing a collision between the two vehicles.[5] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[6] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[7]

On January 11, 2019, Defendant Knight Transportation answered the Complaint.[8] On March 1, 2019, Defendant Jamie Maurice answered the Complaint.[9] With leave of Court granted on September 9, 2019, Defendants filed an Amended Answer.[10] In the Amended Answer, Defendants assert "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert."[11]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[12] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[13] The Court's order did not affect Plaintiff's remaining cause of action against Maurice for negligence and Knight Transportation for vicarious liability for the

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 5.

[8] Rec. Doc. 7.

[9] Rec. Doc. 9.

[10] Rec. Docs. 22, 23.

[11] Rec. Doc. 23 at 5.

[12] Rec. Doc. 26.

[13] *Id.*

alleged actions of Maurice.[14] On May 14, 2021, the Court denied Plaintiff's motion for partial summary judgment on medical causation.[15] On May 17, 2021, the Court denied Plaintiff's motion to strike Defendants' "intentional acts" defense.[16] The trial has been continued several times and is set for March 21, 2022.[17]

On March 15, 2022, with leave of Court, Defendants filed the instant "Motion to Exclude Certain Trial Exhibits."[18] On March 16, 2022, Plaintiff opposed the motion.[19] On March 17, 2022, Defendants filed a reply.[20]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion*

Defendants request an order excluding the following exhibits: (1) a copy of a court ruling in *Ashton v. Knight Transportation*; (2) a document from the Federal Motor Carriers Safety Administration purportedly showing the number of accidents that Knight Transportation has been involved in; (3) Defendants' amended answer, (4) Defendants' interrogatory responses; and (5) Defendants' "Objections to Production of Claim Notes."[21]

Defendants first argue that the Court should exclude the copy of *Ashton v. Knight Transportation, Inc.*, and a "company snapshot" from the Federal Motor Carriers Safety

---

[14] *Id.*

[15] Rec. Doc. 175.

[16] Rec. Doc. 176

[17] Rec. Doc. 217.

[18] Rec. Doc. 250.

[19] Rec. Doc. 252.

[20] Rec. Doc. 255

[21] Rec. Doc. 250-1.

Administration ("FMCSA") purportedly showing the number of accidents that Knight Transportation has been involved in.[22] Defendants argue that these exhibits are untimely, as they were not provided in Plaintiff's March 2020 production of discovery.[23] Defendants further argue that these exhibits are "irrelevant, lacking in probative value, confusing, and unfairly prejudicial."[24]

With respect to the *Ashton* case, Defendants argue that Plaintiff has cited it several times "while baselessly accusing Defendants and counsel for Defendants of 'discovery abuses.'"[25] Defendants further argue that *Ashton* involved "findings of a different court, involving a different case, different facts, a different Knight Transportation driver, different law firms, different claims and a ruling of sanctions for reasons completely absent from this matter," and therefore is irrelevant.[26] Defendants further argue that a copy of the court ruling in *Ashton* should not be admitted as evidence because, given that it is "completely different from this case," it is likely to confuse the issues and mislead the jury.[27]

With respect to the FMCSA "snapshot," Defendants argue that this exhibit is similarly not relevant.[28] Defendants argue that in order to introduce evidence of other accidents, Plaintiff must establish a substantial similarity between the accidents.[29] Defendants contend that the "print-out

---

[22] Rec. Doc. 250-1 at 2–3.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.*

[28] *Id* at 5.

[29] *Id.*

listing 'accidents' does not satisfy" this burden.[30]

Next, Defendants argue that the Court should exclude evidence of Defendants' amended answer and objections to production of claim notes.[31] Defendants contend that "Plaintiff is free to ask Defendants about those allegations but having them as evidence makes no sense."[32]

Lastly, Defendants argue that the Court should exclude Defendants' unsworn discovery responses.[33] Defendants contend that they are hearsay. [34]

**B.      *Plaintiff's Arguments in Opposition to the Motion***

Plaintiff argues that the Court should not exclude evidence of the *Ashton* case because it is "directly relevant" to discovery abuses committed by Defendants in this case.[35] Plaintiff appears to point to three main supposed discovery abuses. First, Plaintiff contends that Defendants misrepresented to the Court and Plaintiff that they were not aware of a statement from Maurice other than the one he gave to the police.[36] Second, Plaintiff appears to argue that it was improper for Defendants to state that their affirmative defense was based on Maurice's "first hand impressions" and then later state that they did not have enough information to assert the defense prior to receiving Plaintiff's discovery responses.[37] Lastly, Plaintiff argues that Defendants

---

[30] *Id.*

[31] *Id.*at 5–6.

[32] *Id.* at 6.

[33] *Id*.

[34] *Id.*

[35] Rec. Doc. 252 at 2.

[36] *Id.* at 3.

[37] *Id.* at 5–7.

"failed to disclose that they did surveillance on the plaintiff."[38] Plaintiff argues that, when asked to produce evidence related to surveillance conducted of Plaintiff, Defendants stated that "all such information was produced by Defendant."[39] However, Plaintiff contends that Defendant did not provide any surveillance information.[40]

Given these alleged discovery abuses, Plaintiff argues that "Plaintiff is allowed to show the jury that Defendant has a history of findings that their actions have been adjudicated as untrustworthy."[41] Thus, Plaintiff argues that he should be allowed to use the *Ashton* case to demonstrate that Knight Transportation has a history of discovery abuses and "has an adverse finding against [it] for spoilation of evidence as found in the *Ashton* case."[42]

Plaintiff argues that Defendants' pleadings and discovery responses in this case are not hearsay, because they constitute "opposing party statements" under Federal Rule of Evidence 801(d)(2).[43]

## C.     *Defendants' Arguments in Further Support of the Motion*

Defendants do not respond to many of the arguments made in Plaintiff's opposition. However, Defendants do assert that they committed no discovery abuses with respect to performing surveillance on Plaintiff.[44] Defendants contend that Plaintiff's discovery request

---

[38] *Id.* at 9.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 12.

[42] *Id.* at 15.

[43] *Id.* at 16.

[44] Rec. Doc. 255 at 1.

asked only for any *video* surveillance of Plaintiff, and thus their response was accurate.[45]

### III. Law & Analysis

Defendants move to exclude the following: (1) a copy of a court ruling in *Ashton v. Knight Transportation*; (2) an exhibit containing a document from the Federal Motor Carriers Safety Administration purportedly showing the number of accidents that Knight Transportation has been involved; (3) Defendants' amended answer, (4) Defendants' interrogatory responses, and (5) Defendants' "Objections to Production of Claim Notes."[46] In opposition, Plaintiff argues that much of the evidence is related to discovery abuses committed by Knight Transportation in this case.

As the Court explained to Plaintiff's counsel in the March 11, 2022 Order denying Plaintiff's motion to exclude cellphone records, it is not appropriate to make allegations about discovery abuses in motions on the eve of trial that could have been brought earlier.[47] Plaintiff's opposition raises issues that occurred nearly two years ago. Furthermore, to the extent that Plaintiff argues that Defendants engaged in misconduct with respect to any statements made by Maurice or "duping" the Court into allowing them to file an amended answer, the Court already considered and rejected these arguments.[48] The Court will not address these claims again. Because the Court has already ruled on these alleged incidents of misconduct, the Court will prohibit the introduction of Defendants' amended answer and objections to claim notes.

---

[45] *Id*. at 2.

[46] Rec. Doc. 250-1.

[47] Rec. Doc. 245 at 18–19.

[48] *Id.*

Defendants concede that "Plaintiff is free to ask Defendants about those [materials],"[49] so the Court will permit Plaintiff to question Defendants about them, if relevant at trial. However, allowing these *pleadings* to be presented as evidence would be confusing and could mislead the jury. Accordingly, the Court excludes this evidence under Federal Rule of Evidence 403.

In addition, Plaintiff raises one new basis for Defendants' alleged misconduct. Plaintiff appears to suggest that Defendants engaged in misconduct by failing to disclose evidence of surveillance conducted of Plaintiff.[50] Plaintiff relies on the following interrogatories:

**Request for Production No. 21**:

Please produce any and all video surveillance taken of plaintiff by defendant or any of its representatives or independent contractors

**Response to request for Production No. 21**:

Defendant objects to this Request because it is premature. Subject to and without waiving this objection, Defendant is not in possession of the requested information at this time.[51]

Plaintiff argues that he has discovered evidence that Defendants did conduct surveillance of Plaintiff, and thus Defendants' response was inaccurate.[52] To demonstrate this inaccuracy, Plaintiff attaches a document that purportedly reflects an email from "I/A Marshall" stating as follows:

* NO VEHICLES ASSOCIATED WITH SUBJECT AT RESIDENCE
* HIS COUSIN[] IS NOW LISTED ON THE LEASE AND RESPONSIBLE FOR PAYMENT
* DYNAMIC IND[U]STRIES WOULD NOT CONFIRM HIS EMPLOYMENT
* A MALE FITTING THE SUBJECT'S DESCRIPTION ARRIVED IN

---

[49] Rec. Doc. 250-1.

[50] Rec. Doc. 252 at 9.

[51] *Id.*

[52] *Id.*

A WHITE LEXUS AS A PASSENGER
        *   HE AND THE DRIVER EXITED AND APPEARED TO BE
FIGHTING
        *   THEY CARRIED GROCERIES UPSTAIRS AND THEN THE
DRIVER LEFT.[53]

However, it does not appear that this email is inconsistent with Defendants' response to the request for production. Plaintiff's request for production asked for "any and all *video* surveillance" of Plaintiff.[54] The email Plaintiff relies on does not suggest that Defendants were in possession of any *video* surveillance of Plaintiff.[55] Defendants maintain that they are not.[56] Plaintiff has not established that Defendants engaged in any misconduct. Therefore, Plaintiff has not shown that this discovery response is relevant. Additionally, any limited probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Accordingly, the Court excludes the discovery response under Federal Rule of Evidence 403.

Plaintiff also seeks to introduce a copy of the court's opinion in *Ashton v. Knight Transportation*, *Inc.*, which is a ruling on a motion for sanctions decided by a district judge in the Northern District of Texas in 2011. In that case, the court sanctioned Knight Transportation for spoliating evidence.[57] The Court will exclude this evidence for several reasons. First, Plaintiff does not identify a permissible use of this evidence at trial. Plaintiff appears to seek to introduce the *Ashton* case because the conduct for which Knight Transportation was sanctioned in that case

---

[53] Rec. Doc. 252-3 at 2.

[54] Rec. Doc. 252 at 9.

[55] Rec. Doc. 252-3 at 2.

[56] Rec. Doc. 255-2.

[57] *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 805–06 (N.D. Tex. 2011).

goes to its "credibility and veracity."[58] However, Plaintiff does not cite any authority for the proposition that a corporate representative of a defendant-corporation can be impeached with character evidence, let alone by prior, unrelated misconduct of the corporation.

Second, even if a corporate representative could be "impeached" in this way, Federal Rule of Evidence 608 prevents Plaintiff from attempting to impeach the corporate representative in this manner. Under Rule 608, a witness's credibility may be attacked only by "testimony about the witness's reputation for having a character for . . . untruthfulness," or by testimony "in the form of an opinion about that character."[59] "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."[60] On cross-examination, a court may allow specific instances of conduct "to be inquired into if they are probative of the character for truthfulness or untruthfulness if: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."[61]

A copy of the *Ashton* decision is extrinsic evidence and thus is not admissible to impeach Knight Transportation's corporate representative. Therefore, the conduct discussed in *Ashton* case can only be "inquired into" on cross examination if it is probative of the character of Knight Transportation or its corporate representative. Based on the information before the Court, it appears that the conduct that Plaintiff relies on has nothing to do with Knight Transportation's corporate representative–Bradley Hart–himself. Furthermore, as to whether the conduct in *Ashton*

---

[58] Rec. Doc. 252 at 18.

[59] Fed. R. Evid. 608.

[60] Fed. R. Evid. 608(b).

[61] Fed. R. Evid. 608(b)(1)-(2).

relates to Knight Transportation's "character," the Court finds that any probative value is substantially outweighed by the danger of unfair prejudice. The *Ashton* opinion sanctioning Knight Transportation was decided in 2011 by a different court and involved a different plaintiff, different attorneys, and different claims. It is of little, if any, relevance and is highly prejudicial. Therefore, Plaintiff may not introduce nor mention the *Ashton* decision at trial.

Lastly, Defendants seek to exclude the "FMCSA print-out" purportedly showing the number of accidents Knight Transportation was involved in over the course of several years. Defendants argue that it should be excluded because it was not timely provided and it is "irrelevant, lacking in probative value, confusing, and unfairly prejudicial."[62] Plaintiff makes no argument in opposition, and thus appears to concede the point. Moreover, it appears this document was not timely provided to Defendants, as they represent they first received it on March 10, 2022 at 11:53 PM.[63] Therefore, this evidence is excluded.

---

[62] Rec. Doc. 250-1

[63] Rec. Doc. 246.

**IV. Conclusion**

For the foregoing reasons, the Court grants the motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Exclude Certain Trial Exhibits"[64] is **GRANTED**. The following exhibits are excluded from evidence at trial: (1) a copy of a court ruling in *Ashton v. Knight Transportation*; (2) an exhibit containing a document from the Federal Motor Carriers Safety Administration purportedly showing the number of accidents that Knight Transportation has been involved; (3) Defendants' amended answer, (4) Defendants' interrogatory responses, and (5) Defendants' "Objections to Production of Claim Notes."[65]

**NEW ORLEANS, LOUISIANA**, this  20th  day of March, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[64] Rec. Doc. 250.

[65] Rec. Doc. 250-1.