UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ROBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11632** |
| **JAMIE MAURICE, et al.** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Plaintiff Reginald Robert's ("Plaintiff") "Motion for Leave to File Ex Parte Motion to Substitute Under Federal Rule of Procedure 16(B) Michael Bosillo of T-Mobile Communications as a Rebuttal Witness."[1] Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc. ("Knight Transportation") (collectively, "Defendants") oppose the motion.[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion for leave to file and denies the motion to substitute on the merits.

### I. Background

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[3] According to the Complaint, on November 28, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice

---

[1] Rec. Doc. 253.

[2] Rec. Doc. 256.

[3] Rec. Doc. 1.

1

was attempting to merge onto US 90 from the onramp.[4] Plaintiff alleges that Maurice negligently failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[5] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[6] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[7]

On January 11, 2019, Defendant Knight Transportation answered the Complaint.[8] On March 1, 2019, Defendant Jamie Maurice answered the Complaint.[9] With leave of Court granted on September 9, 2019, Defendants filed an Amended Answer.[10] In the Amended Answer, Defendants assert "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert."[11]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[12] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision

---

[4] *Id*. at 3.

[5] *Id.*

[6] *Id*.

[7] *Id.* at 5.

[8] Rec. Doc. 7.

[9] Rec. Doc. 9.

[10] Rec. Docs. 22, 23.

[11] Rec. Doc. 23 at 5.

[12] Rec. Doc. 26.

was dismissed, with prejudice.[13] The Court's order did not affect Plaintiff's remaining cause of action against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[14] On May 14, 2021, the Court denied Plaintiff's motion for partial summary judgment on medical causation.[15] On May 17, 2021, the Court denied Plaintiff's motion to strike Defendants' "intentional acts" defense.[16] The trial has been continued several times and is set for March 21, 2022.[17]

On March 16, 2022, Plaintiff filed the instant Motion to Substitute.[18] On March 17, 2022, Defendants opposed the motion.[19]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion*

In the motion, Plaintiff asks the Court to allow "the substitution of Michael Bosillo of T-Mobile to testify in this matter" under Federal Rule of Civil Procedure 16(b).[20] Plaintiff seeks for Bosillo to testify as a "rebuttal witness" to rebut evidence that Plaintiff was in contact with Mr. Garrison.[21] Plaintiff contends that Bosillo will testify "to codes which Sprint/T-Mobile has on

---

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 175.

[16] Rec. Doc. 176

[17] Rec. Doc. 217.

[18] Rec. Doc. 253

[19] Rec. Doc. 256.

[20] Rec. Doc. 253-2 at 1.

[21] *Id.* at 4.

each call which state that the calls are voice calls, text messages, or went directly to voicemail."[22] Plaintiff notes that Defendants listed that they intended to call a representative of Sprint/T-Mobile in the pre-trial order, but "in a strategic move, has abandoned" calling this witness.[23] Thus, Plaintiff seeks to call Bosillo as a rebuttal witness.[24]

    Plaintiff asserts that there is good cause to amend the scheduling order to permit this. First, Plaintiff contends that the failure to identify the witness is not Plaintiff's fault because Plaintiff's counsel received an email from Sprint/T-Mobile designating Bosillo as the representative on March 11, 2022, but did not read the email until March 13, 2022, after which she informed defense counsel immediately.[25] Furthermore, Plaintiff argues that the evidence is important because it will "directly impeach anticipated allegations" regarding the November 20, 2017 phone call.[26] Third, Plaintiff argues that there is no prejudice to Defendants because they have "been aware for quite some time that Plaintiff has alleged that no communication ever occurred between Robert and Garrison."[27] Further, Plaintiff notes that the Court ordered that the original email from Peggy Shelley indicating that this call went to voicemail be unsealed, and Plaintiff provided the information to Defendants.[28] Thus, Plaintiff argues that Defendants are aware of this evidence, and Bosillo's testimony is not a surprise.[29] Lastly, Plaintiff notes that a continuance is not

---

[22] *Id*. at 5.

[23] *Id.*

[24] *Id*.

[25] *Id.*

[26] *Id.* at 6.

[27] *Id.*

[28] *Id.* at 8.

[29] *Id.*

necessary.[30] Therefore, Plaintiff argues that there is good cause to amend the scheduling order to permit Bosillo to testify in rebuttal at trial.[31]

B.   *Defendants' Arguments in Opposition to the Motion*

In opposition, Defendants argue that the motion should be denied because the Court has already excluded a Sprint/T-Mobile representative.[32] Defendants argue that there is not good cause to amend the scheduling order to permit Bosillo to testify.[33] Defendants contend that Plaintiff has known "for even longer than two years [that] Defendants believed the phone records supported their affirmative defense."[34] Furthermore, Defendants argue that this evidence is "not purely used for impeachment, nor is it rebuttal evidence."[35] Because Plaintiff "knew the use Defendants would make of the cell phone records and cannot seriously argue Defendants' use of these records is a surprise," Defendants contend that the this "is not rebuttal evidence, by definition."[36]

### III. Law & Analysis

As an initial matter, the Court notes that the instant motion is stylized as a "Motion for Leave to File Ex Parte Motion to Substitute Under Federal Rule of Procedure 16(B) Michael Bosillo of T-Mobile Communications as a Rebuttal Witness."[37] Considering that Defendants have

---

[30] *Id.*

[31] *Id.* at 9.

[32] Rec. Doc. 256 at 1.

[33] *Id.* at 2.

[34] *Id*.

[35] *Id.*

[36] *Id*.

[37] Rec. Doc. 253.

already opposed the motion to substitute on the merits, the Court grants the motion for leave to file and considers the motion to substitute on the merits.

On March 14, 2022, the Court granted Defendants' motion in limine to exclude testimony of Peggy Shelley, a Sprint/T-Mobile representative that Plaintiff sought to have testify at trial to demonstrate that the phone call between Plaintiff and Mr. Garrison went to voicemail.[38] The Court reasoned that because Plaintiff did not list Peggy Shelley or some other T-Mobile/Sprint representative as a witness in the pretrial order, Plaintiff would need to demonstrate good cause in order to "call Peggy Shelley or another Sprint/T-Mobile representative."[39] The Court determined that Plaintiff had not demonstrated good cause to modify the Scheduling Order deadlines and allow Plaintiff to add Peggy Shelley or another Sprint/T-Mobile representative as a witness at this late date. In the instant motion, Plaintiff makes the same request of the Court, *again* seeking permission to call a Sprint/T-Mobile representative that she did not list as a witness in the Pre-Trial Order. Plaintiff *again* raises arguments that the Court has already rejected, this time under the guise of calling the Sprint/T-Mobile representative a "rebuttal witness."[40]

Federal district courts have the inherent power to enforce their scheduling orders,[41] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[42] Pursuant to the Scheduling Order, witness lists

---

[38] Rec. Doc. 247.

[39] *Id.* at 7–8.

[40] Rec. Doc. 253 at 1.

[41] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[42] Fed. R. Civ. P. 16(b)(4).

were due on January 10, 2020.[43] Therefore, allowing Plaintiff to call Peggy Shelley or another Sprint/T-Mobile representative would require an amendment to the witness list and pretrial order after the deadlines set forth in the Scheduling Order. The Fifth Circuit considers the following four factors in determining whether a district judge abuses her discretion in denying a motion to amend a witness list: (1) the explanation for the failure to timely move to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[44]

As the Court explained in its March 14, 2022 Order and Reasons, Plaintiff cannot demonstrate good cause to modify the scheduling order to permit this witness. Although Plaintiff argues that the late motion to modify the scheduling order is not his fault, as his counsel only received the name of the Sprint/T-Mobile representative from the company on March 11, 2022, Plaintiff's explanation is misguided. Plaintiff does not have an adequate explanation for why he failed to list a Sprint/T-Mobile representative as a witness or move for leave to amend prior to the week before trial. Plaintiff has known about evidence that the phone calls in question allegedly went to voicemail for nearly two years. The Court granted Defendants' motion to unseal evidence that the phone records went to voicemail on January 28, 2021, ruling that the evidence would not be offered solely for impeachment purposes and should be disclosed to Defendants prior to trial.[45] Nevertheless, until last week, Plaintiff never moved for leave to amend the witness list. Furthermore, Defendants would be prejudiced if the Court permitted Bosillo's testimony on the eve of trial. Therefore, Plaintiff has not demonstrated good cause.

---

[43] Rec. Doc. 12 at 3.

[44] *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

[45] Rec. Doc. 165.

In any event, neither Michael Bosillo nor any other Sprint/T-Mobile representative can be classified as rebuttal witness. "Rebuttal witnesses are a recognized exception to all witness disclosure requirements."[46] However, "[r]ebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief."[47] However, a witness "whose purpose is to contradict an expected and anticipated portion" of a party's case "can never be considered a 'rebuttal witness,' or anything analogous to one."[48] Plaintiff has known for several years that Defendants intended to introduce evidence of the phone calls between Plaintiff and Mr. Garrison. Moreover, it isn't even clear that Defendants dispute that the call went to voicemail. Therefore, Plaintiff can testify that the call went to voicemail, if in fact that is true. Thus, Bosillo cannot be considered a rebuttal witness.

### IV. Conclusion

For the foregoing reasons, the Court grants the motion for leave to file and denies the motion to substitute on the merits. Bosillo may not testify at trial. The Court notes that this does not preclude Plaintiff from putting this evidence in front of the jury all together. Plaintiff himself may testify as to whether the phone call in question connected or went to voicemail. Accordingly,

---

[46] *Stumbaugh v. American Commercial Lines, LLC*, 2009 WL 2922312 (E.D. La. September 9, 2009) (Vance, J.) (quoting *United States v. Windham*, 489 F.2d 554, 555-56 (5th Cir. 1979)).

[47] *Morgan v. Commercial Union Assur. Co.*, 606 F.2d 554, 554 (5th Cir 1979).

[48] *Morgan*, 606 F.2d at 556.

**IT IS HEREBY ORDERED** that Plaintiff Reginald Robert's "Motion for Leave to File Ex Parte Motion to Substitute Under Federal Rule of Procedure 16(B) Michael Bosillo of T-Mobile Communications as a Rebuttal Witness"[49] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Substitute is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 20th day of March, 2022.

        **NANNETTE JOLIVETTE BROWN**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**

---

[49] Rec. Doc. 253