UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINALD ROBERT**                                              **CIVIL ACTION**

**VERSUS**                                                                   **NO. 18-11632**

**JAMIE MAURICE et al.**                                       **SECTION: "G"**

**ORDER AND REASONS**

Before the Court is Defendants Jamie Maurice ("Maurice") and Knight Transportation, Inc.'s ("Knight Transportation") (collectively, "Defendants") "Motion for Leave to File Motion to Strike Unredacted Claim Notes Exhibit."[1] Plaintiff Reginald Robert ("Plaintiff") opposes the motion.[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion for leave to file but denies the motion to strike on the merits.

**I. Background**

On November 27, 2018, Plaintiff filed a complaint against Defendants Maurice and Knight Transportation in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[3] According to the Complaint, on November 28, 2017, Plaintiff was allegedly operating a vehicle on US 90 while an 18-wheeler driven by Maurice was attempting to merge onto US 90 from the onramp.[4] Plaintiff alleges that Maurice negligently

---

[1] Rec. Doc. 257.

[2] Rec. Doc. 258.

[3] Rec. Doc. 1.

[4] *Id*. at 3.

1

failed to keep a proper lookout and abruptly merged into the third lane of US 90 where the Plaintiff was traveling, causing a collision between the two vehicles.[5] Plaintiff alleges that the vehicle being driven by Maurice was owned by Knight Transportation, and that Maurice was within the course and scope of his employment with Knight Transportation when he collided with Plaintiff's vehicle.[6] Accordingly, Plaintiff brings a negligence claim against Maurice and Knight Transportation, under the doctrine of respondeat superior.[7]

On January 11, 2019, Defendant Knight Transportation answered the Complaint.[8] On March 1, 2019, Defendant Jamie Maurice answered the Complaint.[9] With leave of Court granted on September 9, 2019, Defendants filed an Amended Answer.[10] In the Amended Answer, Defendants assert "[a]ll alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the intentional acts of and/or negligence of Plaintiff, Reginal Robert."[11]

On September 26, 2019, this Court granted Defendants' Motion for Partial Summary Judgment.[12] As a result, Plaintiff's cause of action alleging the direct negligence of Knight Transportation in the form of negligent entrustment, negligent hiring, training and supervision was dismissed, with prejudice.[13] The Court's order did not affect Plaintiff's remaining cause of

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 5.

[8] Rec. Doc. 7.

[9] Rec. Doc. 9.

[10] Rec. Docs. 22, 23.

[11] Rec. Doc. 23 at 5.

[12] Rec. Doc. 26.

[13] *Id.*

action against Maurice for negligence and Knight Transportation for vicarious liability for the alleged actions of Maurice.[14] On May 14, 2021, the Court denied Plaintiff's motion for partial summary judgment on medical causation.[15] On May 17, 2021, the Court denied Plaintiff's motion to strike Defendants' "intentional acts" defense.[16] The trial has been continued several times and is set for March 21, 2022.[17]

On March 17, 2022, Defendants filed the "Motion for Leave to File Motion to Strike Unredacted Claim Notes Exhibit."[18] That same day, Plaintiff opposed the motion.[19]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion*

Defendants move the Court to strike Plaintiff's claim notes exhibit.[20] Defendants argue that the claim notes exhibit should be excluded because Plaintiff did not timely provide Defendants a copy of this exhibit in his production of trial exhibits.[21] When Plaintiff did submit the exhibit to Defendants and the Court, Defendants argue that the exhibit was not properly redacted pursuant to the Court's July 17, 2020 order requiring that reference to settlements with other passengers in Plaintiff's vehicle be redacted.[22] Defendants contend that they will be

---

[14] *Id.*

[15] Rec. Doc. 175.

[16] Rec. Doc. 176

[17] Rec. Doc. 217.

[18] Rec. Doc. 257.

[19] Rec. Doc. 258.

[20] Rec. Doc. 257-1.

[21] *Id.* at 1–3.

[22] *Id.*

3

prejudiced if the exhibit is admitted into evidence because it "forces Defendants, on the eve of trial, to do work Plaintiff is supposed to have done."[23]

### B.   *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff argues that the Court should not exclude the exhibit because Defendants have long been aware of the exhibit.[24] Plaintiff notes that the exhibit was listed in the exhibit list and the pre-trial order.[25] Plaintiff contends that his counsel's assistant removed the claims notes associated with Exhibit 6 in order to redact information.[26] Plaintiff further contends that the failure to redact settlement information was a mistake, and can be easily corrected.[27] Lastly, Plaintiff argues that because this exhibit consists of documents received from Defendants during discovery, "any arguments of surprise [are] simply meritless."[28]

### III. Law & Analysis

As an initial matter, the Court notes that the instant motion is stylized as "Motion for Leave to File Motion to Strike Unredacted Claim Notes Exhibit."[29] Considering that Plaintiff already opposed the motion to strike on the merits, the Court grants the motion for leave to file and considers the motion to strike on the merits.

The parties dispute whether this exhibit was timely produced to Defendants. However, Plaintiff has since provided the exhibit with the redactions that were missing in the original

---

[23] *Id.*

[24] Rec. Doc. 258 at 1.

[25] *Id.* at 1.

[26] *Id.* at 2.

[27] *Id.* at 2. Plaintiff's counsel has since emailed the Court and Defendants with the redacted exhibit.

[28] *Id.*

[29] Rec. Doc. 257.

production. To the extent that Defendants seek to exclude this exhibit as untimely produced despite Plaintiff's subsequent correction, the Court will deny the motion. The claims note exhibit was listed in the exhibit list and pretrial order and was originally produced by Defendants during discovery. The Court will allow the exhibit if properly redacted.

### IV. Conclusion

For the foregoing reasons, the Court grants the motion for leave to file and denies the motion to strike. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Motion to Strike Unredacted Claim Notes Exhibit"[30] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Strike Unredacted Claim Notes Exhibit is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __20th__ day of March, 2022.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[30] Rec. Doc. 257.